UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

DAVID EDMOND, CAROL EDMOND and
TOM EDMOND

                                                         **DOCKET NO.:** 2:16-cv-2871

                 Plaintiffs

          - against -
                                                         **COMPLAINT**

LONGWOOD CENTRAL SCHOOL DISTRICT,
SUFFOLK COUNTY, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK COUNTY
POLICE OFFICER EDWARD ZIMMERMAN, in
his individual and official capacities,
, in his individual and official capacities,
SUFFOLK COUNTY POLICE OFFICER SGT
ISNARDI, in his individual and official capacities,      **JURY TRIAL DEMANDED**
SUFFOLK COUNTY POLICE OFFICERS "JOHN
AND  JANE DOES 1-10," in their individual and
official capacities, LONGWOOD
SUPERINTENDANT MICHAEL R. LONERGAN, in
his individual and official capacity, PRINCIPAL
MARIA CASTRO in her individual and official
capacity, LONGWOOD ASSISTANT PRINCIPAL
SCOTT REESE, in his individual and official
capacity, LONGWOOD SECURITY GUARD  SCOTT,
in his individual and official capacity, LONGWOOD
SECURITY GUARDS "JOHN   AND  JANE DOES
1-10," in their individual and official capacities and
JOHN AND JANE DOE # 1- 10, in their individual
and official capacities

                 Defendants
————————————————————X

**PLAINTIFFS, David Edmond, Carol Edmond** and **Tom Edmond**, by and through

his attorneys the LAW OFFICES OF CORY H. MORRIS, Cory H. Morris, P.C., as and for

their *Complaint* against the Defendants herein, states and alleges as follows:

## PRELIMINARY STATEMENT

1)      This is a civil action seeking monetary relief, a declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiffs' rights, abuse of process, assault, battery, excessive force, negligent and/or intentional infliction of emotional distress, and negligence, brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, 42 U.S.C. § 2000d, the 4th, 5th and 14th Amendment to the United States Constitution and New York State Law.

2)      Specifically, the Plaintiffs, DAVID EDMOND, CAROL EDMOND and TOM EDMOND allege that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive them of their Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York.

3)      Plaintiffs allege that Defendants (collectively and individually), their agents, employees and servants employed unreasonable deadly force, falsely detained, unlawfully harassed, summarily punished, physically battered, assaulted, and used excessive force against Plaintiff, DAVID EDMOND.

4)      Plaintiffs allege that the Defendants (collectively and individually) used unreasonable and excessive force against Plaintiff DAVID EDMOND and were grossly negligent in physically abusing, confining and the subsequent detainment of Plaintiff DAVID EDMOND and negligent, while in custody, in their failure to provide medical assistance to the Plaintiff DAVID EDMOND and failing to contact the SUFFOLK COUNTY POLICE DEPARTMENT and failing to investigate, remedy and/or prosecute

the illegal actions of the Defendants as described herein.

5)    Defendants were grossly negligent and/or intentionally and recklessly breached their duties of care and duties to intervene with respect to their interactions with and treatment of Plaintiff DAVID EDMOND as further described below and, subsequent to the summary punishment of DAVID EDMOND on the basis of race, color and/or national origin, to Plaintiffs David Edmond, Carol Edmond and Tom Edmond in failing to appropriately investigate, reprimand and/or arrest Defendant SECURITY GUARD SCOTT and Defendant SECURITY GUARDS JOHN AND JANE DOES # 1-10, as further described herein, for their employment of unreasonable force and deadly force against Plaintiff DAVID EDMOND.

6)    Plaintiff further alleges that Defendants LONGWOOD CENTRAL SCHOOL DISTRICT, SUFFOLK COUNTY (collectively and individually) and SUFFOLK COUNTY POLICE DEPARTMENT were negligent in training, hiring and supervising its LONGWOOD CENTRAL SCHOOL DISTRICT, employees, representatives, and/or agents. Specifically, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT failed to investigate, arrest and act upon the utilization of unreasonable and deadly violence employed against DAVID EDMOND and as reported by family members TOM EDMOND and CAROL EDMOND

7)    Moreover, Plaintiff alleges that Defendants LONGWOOD CENTRAL SCHOOL DISTRICT, SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT (collectively and individually) were deliberately indifferent to the need to train Officers, Security Guards, Staff and Agents in its employ. Accordingly, Defendants

3

are liable to the Plaintiffs for abuse of process, false imprisonment, malicious prosecution, use of excessive force, assault, battery, and for conspiring to condone and encourage such civil rights violations by failing to properly provide medical attention to Plaintiff, for conspiring to violate Plaintiff's Civil Rights, and for maliciously failing to investigate, reprimand and/or punish the actions of the individual Defendants.

8)      As a result of the Defendants' actions (or lack thereof), Plaintiff DAVID EDMOND suffered physical pain, emotional scarring and suffering, was caused to undergo medical treatment for serious physical injuries that he sustained at the hands of Defendants as a result of their use of excessive force, potentially deadly force, and failure to provide medical attention to Plaintiff. Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees, medical bills, loss of liberty, loss of good name and standing in the community, serious physical injuries, emotional distress and other cost/expenses.

9)      While Plaintiff DAVID EDMOND was in the custody of Defendant LONGWOOD CENTRAL SCHOOL DISTRICT, no attempt or allowance was made to remedy the persisting injuries and offenses visited upon the person of DAVID EDMOND, in deliberate indifference to his health, safety and well-being. Further, above protests from both Plaintiff DAVID EDMOND and Plaintiff's family, Mother CAROL EDMOND and Father TOM EDMOND, Plaintiff DAVID EDMOND was denied appropriate medical care and was led to believe by Defendants that police intervention and investigation was to occur due to Defendants' wrongdoings but no such intervention and/or investigation occurred.

4

10) Upon Plaintiffs collective reporting of the above mentioned wrongdoings to Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER EDWARD ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI and SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, said Defendants did fail to investigate, remediate, punish, charge and/or arrest the aforementioned Defendants that employed unreasonable and deadly force upon DAVID EDMOND and to which Plaintiffs TOM EDMOND and CAROL EDMOND reported and asked that an investigate be made, an arrest be made and appropriate remedial actions be taken including but not limited to an Order of Protection be issued, an arrest be made, charges for physical abuse and/or assault be brought and the removal of Defendant SECURITY GUARD SCOTT from Defendant LONGWOOD SCHOOL DISTRIC.

11) The Plaintiff further alleges that the Defendants LONGWOOD CENTRAL SCHOOL DISTRICT, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT had a duty to train, supervise and discipline LONGWOOD CENTRAL SCHOOL DISTRICT EMPLOYEES, including but not limited to Defendant LONGWOOD ASSISTANT  PRINCIPAL SCOTT REESE and LONGWOOD SECURITY GUARD SCOTT AND SECURITY GUARD "JOHN AND JANE DOES 1-10", and were negligent in failing to properly hire, supervise and discipline the Defendant OFFICERS for their unlawful actions as described above.

## JURISDICTION AND VENUE

12) The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

13) This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. §1367.

14) Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in Suffolk County, New York.

## ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

15) On or about August 31, 2015, Plaintiff timely and properly served notice of claim on the Municipal Defendants in accordance with the General Municipal Law § 50-e. Defendants conducted a hearing pursuant to General Municipal Law § 50-h on or about November 24, 2015 of Plaintiffs David, Tom and Carol Edmond.

16) Well over ninety (90) days have elapsed since the claim was presented and Defendants failed to adjust or make payment on the claim.

17) This action has been commenced within the three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 as well as within the applicable statute of limitations for the pendant state law claims.

## PARTIES

18) Plaintiff, DAVID EDMOND is an eighteen year old African American male who currently residing in Suffolk County, New York. Plaintiff DAVID EDMOND was a

6

student within the high school operated by LONGWOOD CENTRAL SCHOOL DISTRICT .

19) Plaintiff, CAROL EDMOND is the parent and guardian of DAVID EDMOND. CAROL EDMOND is an African American female who currently residing in Suffolk County, New York. Her children, including but not limited to DAVID EDMOND were enrolled in Defendant LONGWOOD CENTRAL SCHOOL DISTRICT.

20) Plaintiff, TOM EDMOND is the parent and guardian of DAVID EDMOND. He is an African American male who is currently residing in Suffolk County, New York. TOM EDMOND's children, including but not limited to DAVID EDMOND were enrolled in Defendant LONGWOOD CENTRAL SCHOOL DISTRICT.

21) Plaintiff's collectively bring this action and are referred to herein as "PLAINTIFF" and/or "EDMOND."

22) At all times relevant in this Complaint, and upon information and belief, DEFENDANT LONGWOOD CENTRAL SCHOOL DISTRICT, is a recipient of federal funding and was a recipient of federal funding at the time of the events complained of herein. DEFENDANT LONGWOOD CENTRAL SCHOOL DISTRICT is located within Suffolk County, New York. LONGWOOD CENTRAL SCHOOL DISTRICT (referred to hereinafter as "LONGWOOD" or "LONGWOOD SCHOOL DISTRICT") is responsible for the employment, training and supervision of several of the Defendants named herein.

23) At all times relevant in this Complaint, and upon information and belief, DEFENDANT SUFFOLK COUNTY, is a municipality within New York State in receipt of federal funding and was a recipient of federal funding at the time of the events

7

complained of herein. Upon information and belief, Defendant SUFFOLK COUNTY was responsible for the municipal entity SUFFOLK COUNTY POLICE DEPARTMENT and its agents, assigns and employees.

24)   At all times relevant in this Complaint, and upon information and belief, DEFENDANT SUFFOLK COUNTY POLICE DEPARTMENT, is a municipal entity within New York State, Suffolk County in recipient of federal funding and was a recipient of federal funding at the time of the events complained of herein. Upon information and belief, Defendant SUFFOLK COUNTY POLICE DEPARTMENT was responsible for the its agents, assigns and employees including but not limited to Defendant SUFFOLK COUNTY POLICE OFFICER EDWARD ZIMMERMAN and SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10,

25)   At all times relevant in this Complaint, and upon information and belief, SUFFOLK COUNTY POLICE OFFICER EDWARD ZIMMERMAN was employed by SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT throughout the events complained of herein. SUFFOLK COUNTY POLICE OFFICER EDWARD ZIMMERMAN (referred to hereinafter as "ZIMMERMAN") is being sued in his individual and official capacities.

26)   At all times relevant in this Complaint, and upon information and belief, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH (referred to hereinafter as "ULLRICH"), was employed by SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT throughout the events complained of herein. Upon information and belief, LT ULLRICH was responsible for, *inter alia,* supervision of ZIMMERMAN.

8

SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH is being sued in his individual and official capacities.

27) At all times relevant in this Complaint, and upon information and belief, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI (referred to hereinafter as "ISNARDI" or "SGT ISNARDI"), was employed by SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT throughout the events complained of herein. Upon information and belief, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI was/is responsible for, *inter alia,* supervision of SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH and/or ZIMMERMAN. SGT ISNARDI is being sued in his individual and official capacities.

28) At all times relevant in this Complaint, and upon information and belief, SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 were employed by SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT throughout the events complained of herein. SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 are being sued in their individual and official capacities.

29) At all times relevant in this Complaint, and upon information and belief, DEFENDANT LONGWOOD SUPERINTENDENT OF SCHOOLS MICHAEL R. LONERGAN, DSW, is a member of the LONGWOOD CENTRAL SCHOOL DISTRICT and is employed by the LONGWOOD CENTRAL SCHOOL DISTRICT. DEFENDANT MICHAEL R. LONERGAN (referred to hereinafter as "LONGERGAN" and/or "LONGWOOD SUPERINTENDENT OF SCHOOLS") is being sued in his official and individual capacities.

9

30) At all times relevant in this Complaint, and upon information and belief, DEFENDANT LONGWOOD PRINCIPAL OF LONGWOOD HIGH SCHOOL MARIA CASTRO is a member of the LONGWOOD CENTRAL SCHOOL DISTRICT and is employed by the LONGWOOD CENTRAL SCHOOL DISTRICT. DEFENDANT MARIA CASTRO (referred to hereinafter as "CASTRO," "Dr. CASTRO" and/or "LONGWOOD PRINCIPAL CASTRO") is being sued in her official and individual capacities.

31) At all times relevant in this Complaint, and upon information and belief, DEFENDANT LONGWOOD ASSISTANT PRINCIPAL REESE (first name presently unknown) is a member of the LONGWOOD CENTRAL SCHOOL DISTRICT and is employed by the LONGWOOD CENTRAL SCHOOL DISTRICT. DEFENDANT LONGWOOD ASSISTANT PRINCIPAL REESE (referred to hereinafter as "REESE" and/or "LONGWOOD ASSISTANT PRINCIPAL REESE") is being sued in his official and individual capacities.

32) At all times relevant in this Complaint, and upon information and belief, LONGWOOD SECURITY GUARD SCOTT (first name unknown), is a member of the LONGWOOD CENTRAL SCHOOL DISTRICT and is employed by the LONGWOOD CENTRAL SCHOOL DISTRICT. LONGWOOD SECURITY GUARD SCOTT (referred to hereinafter as "SCOTT") is a Caucasian male and is being sued in his official and individual capacities.

33) At all times relevant in this Complaint, and upon information and belief, Defendant LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1-10 (referred to hereinafter as "SECURITY GUARDS JOHN AND JANE DOE # 1-10") are members

of the LONGWOOD CENTRAL SCHOOL DISTRICT and is employed by the LONGWOOD CENTRAL SCHOOL DISTRICT. Defendants SECURITY GUARDS JOHN AND JANE DOE # 1- 10 are being sued herein in their official and individual capacities.

34)    At all times relevant in this Complaint, and upon information and belief, Defendant JOHN AND JANE DOE # 1-10 are members, employees or worked of the LONGWOOD CENTRAL SCHOOL DISTRICT and, upon information and belief, may be employed by the LONGWOOD CENTRAL SCHOOL DISTRICT. Said Defendants are believed to be involved in the summary punishment of Plaintiff DAVID EDMOND and to have conspired, condoned or failed to intervene to prevent the violation of EDMOND's constitutional rights. Defendants JOHN AND JANE DOE # 1- 10 are being sued herein in their official and individual capacities.

## FACTUAL ALLEGATIONS

35)    On June 4, 2015, Plaintiff David Edmond was lawfully present and enrolled at Longwood High School (part of LONGWOOD CENTRAL SCHOOL DISTRICT) in Suffolk County, New York on June 4, 2015.

36) On or about June 4, 2015 students from Longwood High School, engaged in a trade/custom of a senior prank on the exterior property on Longwood High School.

37) Shortly after this senior prank, a large congregation of Longwood High School students started to form around the hallway where both students and teachers were present.

38) The students from Longwood High School started to chant the word "Assh*le" over and over again.

39) Plaintiff DAVID EDMOND was lawfully present in the hallway with a friend, Clarence, at the time this chant began but did not engage in the chanting of the aforementioned word "Assh*le."

40) Upon information and belief, Defendant ASSISTANT PRINCIPAL RESSE alerted security and began to approach the crowd of students in the hallway.

41) Shortly after Defendant REESE's approach, Plaintiff DAVID EDMOND was seized, being grabbed, by Defendant ASSISTANT PRINCIPAL RESSE.

42) Defendant ASSISTANT PRINCIPAL REESE walked towards Plaintiff DAVID EDMOND grabbed him by his shirt collar, pulling him to the side of the hall in an aggressive manner, and pushed David Edmond's back up against the wall.

43) At no time were Defendant ASSISTANT PRINCIPAL REESE's actions justified and Plaintiff DAVID EDMOND was not doing anything to provoke Defendant REESE's actions.

44) Plaintiff DAVID EDMOND attempted to remove ASSISTANT PRINCIPAL REESE's  hand from his collar and told ASSISTANT PRINCIPAL REESE that he could not grab Plaintiff DAVID EDMOND in such a manner.

45) DEFENDANT ASSISTANT PRINCIPAL REESE responded to Plaintiff DAVID EDMOND by saying "Yes I can. What are you going to do about it?"

46) REESE's actions did place Plaintiff DAVID EDMOND in fear and apprehension of being touched, harmed, assaulted and/or battered.

47) Plaintiff DVID EDMOND did not authorize or otherwise provide consent to Defendant REESE's action(s).

12

48)  Plaintiff DAVID EDMOND did protest Defendant REESE's actions telling him he could not engage Plaintiff DAVID EDMOND physically.

49) Defendant Security Guard SCOTT, upon seeing REESE's action(s) toward the Plaintiff David Edmond did batter, seize and start to block the passage of air of Plaintiff DAVID EDMOND by placing DAVID EDMOND in a chokehold.

50) Defendant SCOTT did place Plaintiff David Edmond in a choke hold with his arm locked around Plaintiff David Edmond's neck.

51) Defendant SCOTT, did physically drag Plaintiff DAVID EDMOND to the other side of the hallway whilst which he choked and blocked the passage of air to Plaintiff DAVID EDMOND.

52)  Defendant SCOTT then picked Plaintiff David Edmond off the ground and up into the air by his neck and proceeded to bring him back down to the earth, slamming David Edmond's body into the ground.

53) Plaintiff David Edmond protested to both Defendants SCOTT and REESE during this time, pleading that he was unable to breath and that he was in pain.

54) Plaintiff DAVID EDMOND 's pleas and protests went unanswered by both Defendants SCOTT and REESE.

55) Plaintiff DAVID EDMOND's pleas and protests were heard and later addressed, either by verbal and/or physical intervention, by students and teachers of the LONGWOOD CENTRAL SCHOOL DISTRICT, Longwood High School.

56) Several Longwood High School students and teachers witnessed Defendants SCOTT and REESE's actions and, also, spoke out and pled with Defendants SCOTT

and REESE to stop battering, assaulting, choking and/or harming the Plaintiff, DAVID EDMOND.

57) Student Clarence Fenner witnessed the entire event. Student Clarence Fenner did speak out against the actions of Defendant SCOTT and REESE, demanding that they release Plaintiff DAVID EDMOND immediately.

58)  The following students/former students (initials are utilized because of the potential that such students are/were infants) witnessed the event and gave the following accounts:

- M.G.S.: "David Edmond was held down in a chokehold and unable to breath by the security guard Scott. Scott continued to hold him down and force all of his eight on David even after repeated pleas from him and others to stop."

- N.D.: "On June 4th...During that time the Assistant Principle [sic] Mr. Reese grabbed David Edmond aggressively, then David turned towards Mr. Reese and told him not to touch him like that. When that happened the Security guard grabbed David and choked him to the ground and continued to keep David choked on the ground until a teacher got him off."

- J.T.: "On June 4th 2015, David Edmond was held down in a chokehold and was unable to breath by the security guard Scott. Scott continued to hold him down and forced an his weight on David, even after repeated please [sic] from him and others to stop."

- J.T.: "On June 4th students at Longwood high school got punished and hurt from a senior prank. Students David Edmond, Clarence Fenner and Brandon Wynter got punished and hurt for no reason. The Assistant principle [sic] Reese aggressivly [sic] grabbed student David Edmond's jacket and raised his hand as if he was threatening David. Security guard Scott put David into a choke hold to the ground to the point were [sic] the student could not breath and Scott was told by many teachers to get off of the student and would not listen smashing his face to the ground. It was all uncalled for and the students do not deserve it."

- D.B.W.: "...a student was basically chocked [sic] by staff and security. There needs to be something done because this isn't right...this isn't the first time something like this happened because it happened to me and another security guard. I had nothing to do with the fight I was just helping a friend and I was

14

grabbed up by security. The principal was e-mailed by my parent and she didn't do nothing about it even after she said she would have a meeting with me. What does that say about our safety in this school. Nothing is being done in the school and it needs to change. This is my last my last year and I don't want my brother to have to come here next and not feel safe because of the reactions that comes from staff and principals. The fact that a student was choked yesterday and could barely breath is horrible. We as students/seniors look out for each other so yes most of us are angry and upset about what went on...."

- T.W.: "On 6/4/15 David Edmond was thrown down by the security guard, Scott. David couldn't breath [sic] and was gasping for air. Scott was putting all of his weight on David while he was on the ground. Scott was continuously told to get off of David by several people including several teachers and David Edmond himself, but still refused."

- L.H.: "Yesterday, June 4, 2015, I witnessed one of my classmates get slammed and choked to the floor by one of our school security guards. David and Assistant principle [sic] Mr. Reese had an altercation in the middle of the hallway after our attempted senior prank. Right after I saw him slammed to the floor and held down by several security guards. There was also a few teachers holding him down on the floor as he was in a chokehold. He was unable to defend himself. I would appreciate if something would be done about this because I now do not feel safe in this school Teachers and security guards should not have the authority to act so aggressively towards an innocent person."

- B.C.: "On Thursday June 4th, 2015 David Edmond was brought to the ground by a security guard and assistant principle [sic]. While on the ground I could hear him saying 'I cant [sic] breath" but the security guard continued to have his arm around Davids [sic] neck. Many teachers were telling the security guard and assistant principle [sic] that they can handle the situation but they would not stop."

59) Defendant SCOTT, refused to let go of Plaintiff DAVID EDMOND's neck irrespective of the pleas of onlookers including Longwood High School students, teachers, faculty, and administration.

60) All of this was recorded by Defendant LONGWOOD CENTRAL SCHOOL DISTRICT's security cameras (to which a certified mailing was delivered to Defendants on or about June 29, 2015 demanding preservation of the same) and, upon information

15

and belief, provided to Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI and SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOES # 1-10.

61) Upon information and belief the video recorded by and held by Defendants LONGWOOD CENTRAL SCHOOL DISTRICT's security cameras have been withheld, redacted, destroyed and/or overridden.

62) Plaintiff DAVID EDMOND was thrown to the ground, his face coming into contact with the floor and causing injury, choked, battered and bruised by the actions of Defendants REESE, SCOTT and SECURITY GUARDS JOHN AND JANE DOES # 1-10.

63) Plaintiff DAVID EDMOND was dragged, falsely imprisoned, humiliated and physically violated by the actions of Defendants REESE, SCOTT and SECURITY GUARDS JOHN AND JANE DOES # 1-10.

64) Plaintiff DAVID EDMOND, while on the ground, was physically mounted and suffered injury by the pressure of Defendants SCOTT and other SECURITY GUARDS JOHN AND JANE DOES # 1-10 bodies on top of him.

65) While being physically choked, Plaintiff DAVID EDMOND was physically mounted by Defendant SCOTT in a cross-side position where Defendant SCOTT did proceed to punch DAVID EDMOND in the face while simultaneously blocking off DAVID EDMOND's passage of air.

66) While being physically choked and held down by Defendant SCOTT, student and teacher onlookers did attempt to remove Defendant SCOTT from the cross-side position where Defendant SCOTT was punching and simultaneously choking DAVID EDMOND.

67) Plaintiff DAVID EDMOND, significantly physically smaller than Defendant SCOTT, was unable to move and began to fear for his life as he was unable to breath.

68) Plaintiff DAVID EDMOND, was unable to move or breath as the pressure of Defendant SCOTT was joined by Defendants SECURITY GUARDS JOHN AND JANE DOES # 1-10.

69) Plaintiff DAVID EDMOND, was battered by, *inter alia*, fists, feet and knees under the pressure of Defendant SCOTT and as joined by Defendants SECURITY GUARDS JOHN AND JANE DOES # 1-10.

70) Defendants SCOTT and Defendants SECURITY GUARDS JOHN AND JANE DOES # 1-10 employed deadly force, utilizing a chokehold and beating Plaintiff DAVID EDMOND into the ground.

71) As a result, Plaintiff DAVID EDMOND was wrongfully targeted, assaulted, battered, choked, humiliated, summarily punished, subjected to excessive and unreasonable force, including but not limited to deadly physical force, without legal justification, by the abovementioned Defendants including but not limited to its agents SECURITY GUARD SCOTT, REESE and SECURITY GUARDS John and Jane Does 1-10.

17

72) Upon information and belief, Mr. Elrich Bowlay-Williams, a teacher employed at Defendant LONGWOOD, Longwood High School at the time of the above incident.

73) Plaintiff DAVID EDMOND did cry out to Mr. Elrich Bowlay-Williams to help Plaintiff remove the chokehold that DEFENDANT SCOTT had over Plaintiff DAVID EDMOND.

74) Mr. Elrich Bowlay-Williams told the Defendants REESE, SCOTT and SECURITY GUARDS JOHN AND JANE DOES 1-10 that they must release the chokehold over Plaintiff DAVID EDMOND and Mr. Elrich Bowlay-Williams did attempt to physically intervene and prevent the choking of DAVID EDMOND.

75) Upon information and belief, another teacher employed by Defendant LONGWOOD, Longwood High School teacher Mr. Castiglione (first name unknown) witnessed the aforementioned acts and yelled at Defendants REESE, SCOTT and SECURITY GUARDS JOHN AND JANE DOES 1-10 to "get the F*** off of him," referring to the release of DAVID EDMOND.

76) It took several interveners, including but not limited to teachers employed by the LONGWOOD CENTRAL SCHOOL DISTRICT, to remove Defendants SCOTT and SECURITY GUARDS JANE AND JOHN DOES # 1-10 from Plaintiff. Plaintiff DAVID EDMOND did fear for his life and was eventually removed from the chokehold.

77) Plaintiff DAVID EDMOND was then taken to the Athletic Office and accompanied by Mr. Elrich Bowlay-Williams. Upon information and belief, at this time the Longwood High School students, faculty and security guards cleared the halls.

78) Mr. Elrich Bowlay-Williams did then bring Plaintiff DAVID EDMOND to the LONGWOOD High School nurse's office who, upon seeing Plaintiff DAVID EDMOND, had DAVID EDMOND escorted to an Assistant Principal office rather than evaluate Plaintiff DAVID EDMOND for physical injury.

79) Defendants LONGWOOD, REESE, SCOTT and SECURITY GUARDS JANE AND JOHN DOE # 1-10 knew and had reason to know that DAVID EDMOND required immediate medical care yet Defendants did deprive DAVID EDMOND of the same.

80) Plaintiff DAVID EDMOND, throughout this time, was suffering physical injury to his neck, back, spine, throat, face and throughout his body.

81) Plaintiff DAVID EDMOND, instead of receiving medical care, was brought to an Assistant Principal's office by one of the Defendant SECURITY GUARDS JOHN AND JANE DOE # 1-10

82) Plaintiff DAVID EDMOND did not receive any medical treatment by Defendants, including but not limited to Defendant LONGWOOD CENTRAL SCHOOL DISTRICT, although Defendants knew or had reason to know that DAVID EDMOND asked and required medical assistance and treatment at the time he was in the abovementioned nurse's office.

83) Rather than inquire or see that he get medical care, LONGWOOD CENTRAL SCHOOL DISTRICT vis-à-vis an assistant principal attempted to obtain a statement from Plaintiff DAVID EDMOND about the incident that occurred that day, June 4, 2015. In response, still obviously injured, Plaintiff DAVID EDMOND request his parents be notified.

84)   Such inquiry and failure to provide medical assistance caused Plaintiff DAVID EDMOND emotional discomfort and agony coupled with the physical agony he suffered earlier at the hands of the abovementioned Defendants.

85)   Rather than address Plaintiff DAVID EDMOND's physical injuries and the employment of deadly force by LONGWOOD CENTRAL SCHOOL DISTRICT, LONGWOOD CENTRAL SCHOOL DISTRICT, its agents and employees (including but not limited to Defendants REESE, SCOTT and SECURITY GUARDS JANE AND JOHN DOES # 1-10) LONGWOOD CENTRAL SCHOOL DISTRICT did begin to act together to conspire, cover-up and obtain statements about the conduct of LONGWOOD's agents, employees and/or assigns to later use against Plaintiff DAVID EDMOND as opposed to remediate the illegal actions taken by Defendants REESE, SCOTT and SECURITY GUARDS JANE AND JOHN DOES # 1-10.

86) At some point on June 4, 2015 after the aforementioned events, Plaintiff DAVID EDMOND was met by his parents, TOM EDMOND and CAROL EDMOND, at the LONGWOOD high school.

87) Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND were told by Defendants LONGWOOD and its agents and employs, specifically Assistant Principal Ms. Colin, that PLAINTIFFs were required to give a statement to Defendant LONGWOOD.

88) Only after Plaintiff DAVID EDMOND gave a statement to Defendants LONGWOOD and its agents, employs and assigns, specifically Assistant Principal Ms. Colin, only then was LONGWOOD nurse's office called and DAVID EDMOND given ice

20

and bandages for various cuts Plaintiff DAVID EDMOND suffered including but not limited to those on his face and torso. This occurred within LONGWOOD Assistant Principal Colin's office.

89)   After demanding a statement be given by Plaintiffs, LONGWOOD vis-à-vis its agents Assistant Principal Colin and Principal Dr. CASTRO did being to tell Plaintiffs, collectively, that Plaintiff DAVID EDMOND was wrong and should be punished.

90)   Immediately, summarily and without any due process, Plaintiffs were told by Defendants LONGWOOD, by Dr. CASTRO, that Plaintiff DAVID EDMOND would not be allowed to attend the High School Prom or his High School Graduation.

91)   Upon information and belief, Defendants LONGWOOD, by Dr. CASTRO, that did summarily and disproportionately punish other African American/black students to which community members complained.

92)   Furthermore, upon information and belief, as stated above, Defendants LONGWOOD, did fail to remedy previous uses of excessive force by Defendant SECURITY GUARDS by utilizing suspension and/or summary punishment of African American/black instead of remedying the force and excessive force by Defendant SECURITY GUARDS.

93)   Upon information and belief, Defendants LONGWOOD, by Dr. CASTRO, specifically did summarily and disproportionately punish an African American/black victim and not the aggressor of an after school fight with a month of suspension. This summary punishment was issued without due process was issued by the same Dr. CASTRO to which the LONGWOOD Defendants did condone, tolerate and failed to

21

intervene as excessive and based on the student's race, color and/or national origin.

94) Rather than review the video or the use of deadly force by its agents and employees DEFENDANTs SECURITY GUARDS JANE AND JOHN DOE # 1-10 and SCOTT, Defendants Dr. CASTRO, LONGWOOD, its employees, agents and/or assigns did summarily punish DAVID EDMOND on the basis of his race, color and/or national origin.

95) Plaintiffs, collectively, did protest to Defendants LONGWOOD, its agents, employees and assigns and specifically Dr. CASTRO, that Plaintiff DAVID EDMOND was subject to unreasonable and/or deadly force without cause.

96) Defendants LONGWOOD, its agents, employees and assigns and specifically Dr. CASTRO knew or had reason to know that Plaintiff DAVID EDMOND was subject to unreasonable and/or deadly force without cause.

97) Defendants LONGWOOD, its agents, employees and assigns and specifically Dr. CASTRO did conspire and work together to punish Plaintiff DAVID EDMOND on the basis of his race, color and/or national origin insofar as that Defendant SCOTT and REESE targeted Plaintiff DAVID EDMOND on the basis of his race, color and/or national origin.

98) Although several students were in the hall, several students were chanting "Assh*le" and several Caucasian students did participate in a senior prank, immediately Defendants LONGWOOD, its agents, employees and assigns did conspire and work together to punish Plaintiff DAVID EDMOND and other students on the basis of their race, color and/or national origin. This started with Defendants SCOTT and REESE

22

targeting Plaintiff DAVID EDMOND and other students on the basis of their race, color and/or national origin rather than approach, assault and/or physically intimidate Caucasian students present in the hallway.

99) Indeed, several Caucasian onlookers including but not limited to were present in the hall at the same time as Plaintiff DAVID EDMOND and some were chanting "Assh*le" yet Caucasian students received no reprimand and were not met with the unreasonable and deadly force that Plaintiff DAVID EDMOND was forced to suffer and endure.

100) As a result of the aforementioned discussion with Defendants LONGWOOD, its agents, employees and assigns and specifically Dr. CASTRO, Plaintiff DAVID EDMOND was subject to summary punishment, in that the above senior privileges were denied to him and that Plaintiff DAVID EDMOND was suspended from school until further notice be given to him.

101) Plaintiff DAVID EDMOND was subject to a suspension from school until further notice be given to him on the basis of race, color and/or national origin.

102) Plaintiff DAVID EDMOND was subject to summary punishment and was unable to obtain school work and/or participate in LONGWOOD activities as a result of the actions of Defendants. Plaintiff DAVID EDMOND attempted to obtain the school work vis-à-vis a friend to which he was unable to receive as a result of the summary punishment served by DEFENDANTs and DEFENDANTs continued punishment and discrimination on the basis of Plaintiff DAVID EDMOND's race, color and/or national origin.

103) Additionally, Plaintiff DAVID EDMOND was threatened with criminal charges should he return to LONGWOOD or any of its facilities.

104) Further, Plaintiff DAVID EDMOND was threatened with criminal charges on the basis of his race, color and/or national origin. Indeed, any such charges and/or punishment initiated by LONGWOOD was to cover up the excessive and deadly force employed by LONGWOOD's agents, assigns and employees (including but not limited to SCOTT) and to silence the Plaintiffs about speaking out against the pattern and practice of disparately treating African American students differently than Caucasian students.

105) At some point, Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND were told by Defendants LONGWOOD and its agents and employs, specifically Assistant Principal Ms. Colin and Dr. CASTRO, that the SUFFOLK COUNTY POLICE DEPARTMENT were called.

106) Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND asked LONGWOOD and its agents and employs, specifically Assistant Principal Ms. Colin and Dr. CASTRO to speak to the SUFFOLK COUNTY POLICE DEPARTMENT yet were denied by the same Dr. CASTRO.

107) Additionally, Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND were told by LONGWOOD and its agents and employs, specifically Assistant Principal Ms. Colin and Dr. CASTRO that a school video tape (recorded by school security cameras and hereinafter referred to as "video tape") existed detailing the events that occurred at LONGWOOD high school on or about June 4, 2015.

24

108) In response to the above, Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND demanded to LONGWOOD and its agents and employs, specifically Dr. CASTRO to review the above video tape and speak to the SUFFOLK COUNTY POLICE DEPARTMENT, Dr. CASTRO told the Plaintiffs that the Superintendent, Defendant MICHAEL R. LONERGAN viewed the video tape already decided what was to be done to certain students, including but not limited to DAVID EDMOND.

109) Upon information and belief, Defendants LONGWOOD and MICHAEL R. LONERGAN made the decision to punish certain students, including but not limited to DAVID EDMOND, and not others on the basis of race, color and/or national origin.

110) Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND protested Plaintiff DAVID EDMOND's innocence of any wrongdoing and made complaints about LONGWOOD's utilization of a chokehold, physical force including but not limited to deadly force by Defendants LONGWOOD, REESE, SCOTT and SECURITY GUARDS JANE AND JOHN DOE # 1-10 to  LONGWOOD and its agents and employs, specifically Assistant Principal Ms. Colin and Dr. CASTRO, yet LONGWOOD refused to investigate and summarily punished Plaintiff DAVID EDMOND on the basis of the aforementioned video tape.

111) Further Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND asked LONGWOOD and its agents and employs, specifically Assistant Principal Ms. Colin and Dr. CASTRO that Plaintiffs receive a copy of the school security camera videotape detailing the events that occurred on or about June 4, 2015 but were denied the same.

112) Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND were lulled into a false sense of security by Defendants LONGWOOD and its agents and employs, specifically Assistant Principal Ms. Colin and Dr. CASTRO that the SUFFOLK COUNTY POLICE DEPARTMENT would address what happened to Plaintiff DAVID EDMOND however, upon information and belief, the SUFFOLK COUNTY POLICE DEPARTMENT was never called or notified by the aforementioned Defendants.

113) Immediately after the meeting with Dr. CASTRO and Assistant Principal Ms. Colin, Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND attempted to speak to Defendant MICHAEL R. LONERGAN who was unavailable at the time.

114) Plaintiffs TOM EDMOND and CAROL EDMOND did, after leaving the school, bring DAVID EDMOND to a hospital emergency room for medical care.

115) Plaintiff DAVID EDMOND suffered from physical injuries as a result of the above assault, including but not limited to physical injury to the lumbar and cervical region of his neck and back, and injury to his, face, body and knee. DAVID EDMOND was suffering internal injuries including but not limited to a multiple sprains, bruising and further suffered emotional and psychological injuries that persist to this day as a result of said unlawful acts.

116) Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND were later contacted via telephone on or about June 4, 2015 by Defendant MICHAEL R. LONERGAN who stated to Plaintiffs that he did not know what happened on to the Plaintiff DAVID EDMOND on June 4, 2015 and did not have conversations concerning DAVID EDMOND on June 4, 2015.

26

117) Indeed, in that same conversation Plaintiff CAROL EDMOND told Defendant MICHAEL R. LONERGAN that Plaintiff DAVID EDMOND was summarily punished and was unable to walk during his High School Graduation and could not attend his High School prom as a result of the conversation that Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND had with Defendants LONGWOOD, its agents, employees and assigns, specifically Dr. CASTRO.

118) Defendant MICHAEL R. LONERGAN stated to Plaintiff CAROL EDMOND that he was concerned for Plaintiff DAVID EDMOND and for Plaintiffs to contact LONERGAN and let him know how Plaintiff DAVID EDMOND was doing yet Defendant LONERGAN did not have any further conversation with Plaintiffs.

119) Plaintiffs did later contact Defendant SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENTS (both the Sixth and Seventh Precinct) in an attempt to address the use of force, including but not limited the use of deadly force, by Defendants LONGWOOD, REESE, SCOTT and SECURITY GUARDS JANE AND JOHN DOE # 1-10.

120) Plaintiffs did learn that Defendants LONGWOOD, its agents, assigns and employees, including but not limited to MICHAEL R. LONERGAN did not notify SUFFOLK COUNTY and never called the SUFFOLK COUNTY POLICE DEPARTMENT to report the use of force, including but not limited the use of deadly force, by Defendants LONGWOOD, REESE, SCOTT and SECURITY GUARDS JANE AND JOHN DOE # 1-10.

121) After reporting the incident to SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT and learning that Defendants LONGWOOD did not contact the SUFFOLK COUNTY POLICE DEPARTMENT, Plaintiffs were contacted by Defendant SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT by SUFFOLK COUNTY POLICE DEPARTMENT OFFICER ZIMMERMAN.

122) Upon information and belief, Defendant SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT by SUFFOLK COUNTY POLICE DEPARTMENT OFFICER ZIMMERMAN did conduct several interviews and obtain several sworn statements but did fail to arrest, charge and/or prosecute and of the aforementioned Defendants for their use of physical force, including but not limited to deadly physical force, and for summarily punishing, falsely imprisoning, assaulting and/or battering Plaintiff DAVID EDMOND.

## SUMMARY DISCIPLINE AND SUSPENSION ON THE BASIS OF RACE, COLOR AND/OR NATIONAL ORIGIN

123) Resulting from this altercation that occurred on or about June 4, 2015, Plaintiff DAVID EDMOND was suspended from school pending the results of a Superintendent's Hearing.

124) In addition to the above summary punishment, Plaintiff DAVID EDMOND's initial reprimand was that Plaintiff DAVID EDMOND was suspended from school for a period of five (5) days and was told he would be unable to partake in traditional senior activities, including senior prom and graduation. The process was initiated on the basis of, *inter alia*, DAVID EDMOND's race, national origin and/or color.

125) As a result of the initiation of such charges, the Plaintiff DAVID EDMOND was subjected to a period of suspension beyond five (5) days and was not to be admitted to his senior prom pending a superintendent's hearing. This was a further summary punishment on the basis of DAVID EDMOND's race, national origin and/or color.

126) In addition to Plaintiff David Edmond, the following students were suspended pending a superintendent's hearing as a result of their race, color and/or national origin:

- CLARENCE FENNER, who is an African American male student. Upon information and belief, CLARENCE FENNER was subject to such punishment on or about June 4, 2015 on the basis of his race, color and/or national origin.

- BRANDON WINTER, who is an African American male student. Upon information and belief, BRANDON WINTER was subject to such punishment on or about June 4, 2015 on the basis of his race, color and/or national origin.

127) Although many students, including Caucasian students, participated in the high school senior prank, Defendants REESE, SCOTT and SECURITY GUARDS JOHN AND JANE DOES # 1-10 targeted Plaintiff DAVID EDMOND on this basis of his race, color and/or national origin.

128) As mentioned above, Plaintiffs are aware of incidents on several occasions where students of color, national origin and/or race were summarily and disproportionately punished as compared to Caucasian students.

29

129) SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, its agents, assigns and employees refuse to prosecute the Caucasian SECURITY GUARDS in the aforementioned instances and occurrences just as in the case that occurred regarding Plaintiff DAVID EDMOND.

130) The foregoing students, including but not limited to Plaintiff DAVID EDMOND, were targeted based on their race, national origin and/or color insofar as the following students were subject to summary discipline while others were not.

109) Rather than remedy the disproportionate suspension and punishment of the abovementioned students on the basis of their race, color and/or national origin, Defendants LONGWOOD, LONGERGAN, and SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10 did act together to act or fail to act or intervene to deprive these students of their constitutional rights.

131) Plaintiff, DAVID EDMOND, was subjected to summary discipline and physical harm while other students were not. Specifically, rather than punish students who engaged in the high school prank or chanted "assh*le," Plaintiff DAVID EDMOND was subjected to physical force, including but not limited to deadly force, false imprisonment, assault, abuse of process and deprivations of his ability to receive an education and participate in his education on the basis of his race, color and/or national origin.

132) Indeed, Plaintiff, DAVID EDMOND was wrongfully targeted, assaulted, battered, choked, humiliated, summarily punished, subjected to excessive and unreasonable force, including but not limited to deadly physical force, without legal justification, by the abovementioned Defendants including but not limited to LONGWOOD, its agents SECURITY GUARD SCOTT, REESE and SECURITY GUARDS JOHN AND JANE DOES # 1-10.

133) Plaintiffs, DAVID EDMOND, TOM EDMOND and CAROL EDMOND were told by Defendants LONGWOOD its agents, employees and assigns that DAVID EDMOND could be subjected to a mark on his permanent educational record and expulsion from LONGWOOD High School.

134) Plaintiffs, DAVID EDMOND, TOM EDMOND and CAROL EDMOND were told by Defendants LONGWOOD its agents, employees and assigns were threatened that their son DAVID EDMOND could not participate in any high school activities and suffer potential criminal charges as a result of the abovementioned suspension should he continue to protest his innocence.

135) Plaintiffs, DAVID EDMOND, TOM EDMOND and CAROL EDMOND were told by Defendants LONGWOOD its agents, employees and assigns were threatened that their son DAVID EDMOND may be permanently disadvantage as a result of abovementioned suspension should he continue to a superintendent's hearing.

136) As a result of this, DAVID EDMOND, TOM EDMOND and CAROL EDMOND did seek out and employ an attorney, expending resources to defend their son DAVID EDMOND.

31

137) Throughout the process DAVID EDMOND, TOM EDMOND and CAROL EDMOND protested to Defendants LONGWOOD, LONGERGAN, SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT about the summary punishment and physical force of which Plaintiff DAVID EDMOND suffered.

138) Rather than investigate the charges or Plaintiff's protests, Defendants LONGWOOD, LONGERGAN, SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT did continue with the summary punishment of Plaintiff DAVID EDMOND and threaten the above named students with summary expulsion on the basis of their race, color and/or national origin.

139) Defendants LONGWOOD, LONGERGAN, and SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10 did act in concert to prevent the arrest of any of DEFENDANT SECURITY GUARDS, including but not limited to SCOTT, and to prevent the above mentioned students from speaking out against the illegal actions taken by Defendant LONGWOOD.

140) Defendants LONGWOOD, LONGERGAN, SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI and SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10 did act in concert to punish Plaintiffs on an impermissible basis, that being race, color and/or national origin.

141) Defendants LONGWOOD, CASTRO and LONGERGAN vis-à-vis counsel did offer Plaintiffs a stipulation to which the Plaintiff, DAVID EDMOND, could alleviate any concerns about DAVID EDMOND's permanent record, specifically to prospective colleges or other educational institutions that may see a suspension and, possibly, an expulsion on DAVID EDMOND's record.

142) Defendants LONGWOOD, CASTRO and LONGERGAN knew and had reason to know that there was no basis in law or fact to summarily punish, suspend and threaten expulsion of DAVID EDMOND yet continued to proceed in disciplining DAVID EDMOND because of the abovementioned events.

143) Upon information and belief, Defendants LONGWOOD, CASTRO and LONGERGAN knew and had reason to know that DAVID EDMOND would not be able to receive certain evidence, including but not limited to video evidence, at a superintendent's hearing because of the lack of due process afforded to him as someone accused of violating the school code.

144) Upon information and belief, Defendants LONGWOOD, CASTRO and LONGERGAN knew and had reason to know that the evidentiary standards and the process to challenge a school suspension via an attorney are extremely costly and the stakes very high if a student were to challenge and lose such superintendent's hearing.

145) Upon information and belief, Defendants LONGWOOD, CASTRO and LONGERGAN did continue in pursuing a superintendent's hearing to force Plaintiffs, collectively, into silence regarding the abovementioned acts and omissions of Defendants, collectively.

33

146) Being informed of the above by counsel, Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND did enter into a stipulation to resolve the charges brought by Defendants LONGWOOD and LONGERGAN.

147) By entering into the stipulation, Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND did not agree to waive their right to bring a lawsuit in state or federal court to challenge, *inter alia*, discrimination, disparate treatment violations of state and federal law by state actors and the injuries suffered by Plaintiff DAVID EDMOND

148) By entering into the aforementioned stipulation, Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND did not agree to waive their right to bring a lawsuit in state or federal court to challenge the disparate treatment received by DAVID EDMOND, TOM EDMOND and CAROL EDMOND on this basis of their race, color and/or national origin.

149) By entering into the aforementioned stipulation, Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND did not agree to waive their right to access the abovementioned video tape as recorded and allegedly utilized as the basis for, *inter alia*, summary punishment of their son, DAVID EDMOND.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE**

150)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through  150 of this *Complaint* with the same force and effect as though fully set forth herein.

151)    Plaintiff was lawfully present and did not present a danger to anyone at LONGWOOD on June 4, 2015.

152)    Defendants LONGWOOD, REESE, SCOTT and SECURITY OFFICERS JOHN AND JANE DOE # 1 – 10, wrongful conduct was illustrated the Defendants' predisposition to abuse, improperly handle, ignore pleas otherwise to batter and assault the Plaintiff, causing serious and permanent injury.

153)    The physical handling, battery and continued mistreatment of Plaintiff by Defendants REESE, SCOTT and SECURITY OFFICERS JOHN AND JANE DOE # 1 – 10 constituted unreasonable and excessive force by state actors and/or actors employed by the state. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiff to violent and abusive actions, but failed to prevent same and breached their duty. This summary punishment was in violation of the rights promised to Plaintiff under the 4th, 5th, and 14th Amendments to the United States Constitution.

154)    In doing so, the Defendants violated clearly established law and the rights to which DAVID EDMOND was entitled and did so with recklessness, callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

155)    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff DAVID EDMOND was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation,

35

degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

156)    That by reason of the foregoing, Plaintiff DAVID EDMOND suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SECOND COUNT
## 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

157)    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 156 of this *Complaint* with the same force and effect as though fully set forth herein.

158)    Prior to June 4, 2015 and since, Defendants LONGWOOD, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT have permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of authority, beatings, and summary punishment by Police Officers of the SUFFOLK COUNTY, New York and LONGWOOD's agents, employees and assigns including but not limited to Defendant REESE, SCOTT and SECURITY GUARDS JOHN AND JANE DOE # 1-10. Although such beatings, false detainments, abuse of authority, illegal use of force, summary punishment, and use of illegal chokeholds were improper, the officers and/or LONGWOOD employees involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings, use of force, and uses of chokeholds were justified and proper. As a result, SUFFOLK COUNTY police officers and LONGWOOD's agents,

36

employees and assigns within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force and/or illegal restraint, and that such abuse and false detainments and summary punishment would in fact be permitted by the SUFFOLK COUNTY POLICE DEPARTMENT.

159)    In addition to permitting a pattern and practice of improper punishment, physical punishment, false detainment and abuses in SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT have failed to maintain a proper system of investigation of all incidents of unjustified beatings, unjustified use of force and deadly force, unjustified summary punishment, including but not limited to school suspension, school charges, criminal charges and threats of the same stemming from LONGWOOD, false imprisonments, abuses of authority, improper use of process, and excessive use of force by LONGWOOD Defendants.

160) The SUFFOLK COUNTY POLICE DEPARTMENT and SUFFOLK COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers and LONGWOOD agents, namely Defendant SCOTT and Defendant SECURITY GUARDS JOHN AND JANE DOE # 1-10, who wrongfully, beat, choke, abuse authority, use excessive force, falsely detain, and abuse students, and the SUFFOLK COUNTY POLICE DEPARTMENT has failed to find that civilian complaints made against LONGWOOD and police officers are founded or valid in anyway, therefore the SUFFOLK COUNTY POLICE DEPARTMENT is liable under 42 U.S.C. § 1983 because SUFFOLK COUNTY has had actual and/or constructive knowledge of

the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the United State Constitution, and because of the SUFFOLK COUNTY POLICE DEPARTMENT and SUFFOLK COUNTY's un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant SUFFOLK COUNTY POLICE OFFICERS and LONGWOOD relied upon that flawed policy to continue their indifference and patterns of their abusive authority, physical abuse, excessive force, and false imprisonments, all in violation of the Plaintiff's rights.

161) The SUFFOLK COUNTY POLICE DEPARTMENT, LONGWOOD and SUFFOLK COUNTY have maintained a system of review of unjustified punishment, seizures, beatings, and excessive use of force by LONGWOOD agents, assigns and employees and Defendant SUFFOLK COUNTY POLICE OFFICERS that have failed to identify the improper abuses of authority, summary punishment, brutality by Defendant school security guards and failed to subject those officers and guards who abused, choke, beat and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of the SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY, to tolerate the improper abuses of authority, beatings, illegal detainments and other wrongful actions by LONGWOOD security guards and SUFFOLK COUNTY POLICE DEPARTMENT police officers.

162) Further, the SUFFOLK COUNTY POLICE DEPARTMENT and SUFFOLK COUNTY who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers and LONGWOOD agents, assigns and/or employees. The SUFFOLK COUNTY

38

POLICE DEPARTMENT and SUFFOLK COUNTY also refused and failed to prosecute the Defendants, LONGWOOD, REESE, SCOTT and Defendant LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1-10 thereby improperly and in violation of the Plaintiffs' rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Suffolk for presentation to the Grand Jury.

163) Upon information and belief, specific systemic flaws in the SUFFOLK COUNTY POLICE DEPARTMENT and School Security Guard use of force/brutality review process include, but are not limited to, the following:

a. Preparing reports regarding investigations of beatings, false arrests, summary punishment, chokings and abuse incidents as routine point-by-point justifications of LONGWOOD school security guard actions, regardless of whether such actions are justified;

b. Police officers investigating false imprisonment(s), summary judgment, and excessive force systemically fail to credit testimony by non-police officer or non-school district (LONGWOOD) witnesses, and uncritically rely on reports by police officers and/or school district employees involved in the incident;

c. Police officers investigating false imprisonment(s), summary punishment, and excessive force fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers and/or school district (LONGWOOD) witnesses involved;

d. Supervisory police officers at times issue public statements exonerating police officers or school district (LONGWOOD) employees for excessive use of force, improper detentions, false imprisonment, summary punishment and use of unnecessary and excessive force before the investigation of

the incident by the police department and/or school district has been completed;

e.   Reports in excessive force cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

f.   Racially disproportionate reporting and prosecution of serious school violations leading to long, disproportionate and unreasonable suspensions and expulsions from SUFFOLK COUNTY school districts on the basis of race, color and/or national origin without a basis, just cause or a fair process to evaluate and challenge such determinations.

164) The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT caused the Defendant LONGWOOD, REESE, SCOTT and SECURITY GUARDS JOHN AND JANE DOE # 1-10 and SUFFOLK COUNTY POLICE DEPARTMENT to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers and school district (LONGWOOD) agents, employees and assigns are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

165) As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff DAVID EDMOND was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the

40

Defendants.

166)    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiffs TOM and CAROL EDMOND were subjected to great fear and terror, personal humiliation, degradation, and continued to suffer emotionally and financially because of the damage done to their son, DAVID EDMOND, by the aforesaid unlawful conduct of the Defendants.

167)    That by reason of the foregoing, Plaintiffs suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 - EQUAL PROTECTION

168)    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 167 of this *Complaint* with the same force and effect as though fully set forth herein.

169)    The Defendants LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 lacked probable cause to hold, detain, or physically retain Plaintiff DAVID EDMOND in prolonged physical custody for a period of time and, further, summary punish Plaintiff DAVID EDMOND summarily, deprive him of medical care and inform PLAINTIFFs collectively that summary punishment would issue against Plaintiffs for, *inter alia*, challenging Defendants discriminatory conduct.

41

170) The deliberate indifference, excessive force, manipulation and physical battery of Plaintiff by false imprisonment, choking, detainment and ignorance of his pleas to physically release him, wrongful detention, forced detainment without immediate medical attention or care, denial of right to move freely or receive medical care as he wished, hospitalization and summary punishment against the Plaintiff DAVID EDMOND by the Defendants were committed under color of the law, based on Plaintiff's race, color and/or national origin.

171) Plaintiffs are and continue to be member of a protected class under the Constitution. Plaintiffs' class may not be subjected to adverse discriminatory treatment based simply on membership in or identification with that class.

172)   The Defendants acted under color of law to deny the Plaintiff DAVID EDMOND of his Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, equal protection, and due process by falsely battering, wrongfully detaining, choking, excessive use of force, and falsely labeling Plaintiff, for which there was no evidence or substantiation of any kind, based on his race, color and/or national origin.  In doing so, the Defendants violated clearly established law and the rights to which Plaintiffs were entitled and did so with recklessness, callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

173)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff DAVID EDMOND was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and Plaintiffs, collectively, were subjected to great fear and terror, personal humiliation, degradation, and Plaintiff DAVID EDMOND continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

174)   That by reason of the foregoing, Plaintiffs suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 - FALSE ARREST/FALSE IMPRISONMENT

175) Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 174 of this *Complaint* with the same force and effect as though fully set forth herein.

176) The accusations of wrongful actions leveled against Plaintiff, DAVID EDMOND, were false.

177) The detainment and physical restraint of DAVID EDMOND without probable cause or reason therefor, and other wrongful acts conducted against Plaintiff by Defendants LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 and JOHN AND JANE DOE # 1-10 constituted a violation of Plaintiffs' rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious beatings, chokeholds, false imprisonment and summary punishment and execution, but failed to prevent same and breached their duty. Further, Defendants had a duty to refrain from summary punishment of the Plaintiff on the basis of race, color and/or national origin and to intervene should the such violation(s) occur.

178) As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff DAVID EDMOND was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror and personal humiliation and degradation, and continued to suffer physical pain and mental and emotional distress as

44

a result of the aforesaid unlawful conduct of the aforementioned Defendants.

179)   That by reason of the foregoing, Plaintiff DAVID EDMOND suffers and continue to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A FIFTH COUNT
42 U.S.C. § 1983 and New York Law - ABUSE OF PROCESS

180)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 179 of this *Complaint* with the same force and effect as though fully set forth herein.

181)   The Defendants, LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, and LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 JOHN AND JANE DOE # 1-10 acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiffs, African Americans/black, of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments  and other laws  in violation of 42 U.S.C. § 1983, constituting a conspiracy, because of or on account of Plaintiffs' race, color and/or national origin.

182)   Abuse of process is evidenced by Defendants' refusal, delay, or intentional, deliberate and/or negligent prolonged detention and investigation of the incident surrounding the choking of Plaintiff DAVID EDMOND, subsequent forcible restraint, detainment, hospitalization (and/or failure to call emergency police and/or medical services), initiation of school charges, school suspension, removal of school

45

privileges and subsequent school prosecution of DAVID EDMOND.

183) The Defendants LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, and SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10, JOHN AND JANE DOE # 1-10 had a duty to conduct a prompt, full and fair investigation of the incident surrounding Plaintiff, DAVID EDMOND, being attacked and met with excessive and deadly force by REESE and SCOTT, Plaintiff DAVID EDMOND's false imprisonment, summary punishment and subsequent hospitalization of Plaintiff David EDMOND yet the Defendants failed to properly review and conduct an investigation of the aforementioned LONGWOOD Defendants, agents, and/or employees of SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10, and/or JOHN AND JANE DOE # 1-10 in a timely manner for their unjust and unlawful actions.

184) A lawful criminal process was perverted by Defendants LONGWOOD, LONGERGAN, SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, SUFFOLK COUNTY POLICE

46

OFFICERS JANE AND JOHN DOE # 1-10, JOHN AND JANE DOE # 1-10 in failing to investigate this matter and failing to present this matter to the Office of Civil Rights, the United States Attorney's office, the Suffolk County District Attorney's Office, and/or the Grand Jury for indictment.

185)   Such actions evidence were done in a manner evidencing malice, gross recklessness, intentional and/or indifference without excuse or justification in violation of 42 U.S.C. § 1983.

186)   As a direct and proximate result Plaintiffs suffered emotional damage and/or distress, including but not limited to prolonged stress and anxiety, fear, humiliation, and frustration.

187)   That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SIXTH COUNT
42 U.S.C. § 1981

188)   Plaintiffs repeats and re-alleges each and every allegation contained in paragraph 1 through 187 of this *Complaint* with the same force and effect as though fully set forth herein.

189) The Defendants LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, and SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, LONGWOOD

47

SECURITY GUARDS JOHN AND JANE DOE # 1--10 SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10, JOHN AND JANE DOE # 1-10 acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiffs, black citizens of African American heritage,  of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments  and other laws  in violation of 42 U.S.C. § 1981.

190)   In derogation of their duty, Defendants, having the power to do so,  failed to prevent the commission of, or neglected or refused the prevent same, the restraint, excessive force, physical abuse, summary punishment, and/or false imprisonment of Plaintiff DAVID EDMOND, and therefore are liable to Plaintiff DAVID EDMOND for all direct and proximate results of said acts.

191)   In derogation of their duty, LONGWOOD, LONGERGAN, SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, and SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10 having the power to do so, failed to administrate, investigate, and review the unjust and wrongful detention of DAVID EDMOND by Defendants LONGWOOD, SCOTT, REESE, CASTRO, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 and JOHN AND JANE DOE # 1-10.  Defendants SUFFOLK COUNTY, LONGWOOD and SUFFOLK COUNTY POILCE DEPARTMENT were reckless, careless, intentional, negligent, and/or deliberately indifferent in the training,

hiring, administration and supervision of the Defendants LONGWOOD, SCOTT, REESE, CASTRO, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 and JOHN AND JANE DOE # 1-10, with respect to the excessive use of force and deadly force against DAVID EDMOND.

192)    Said actions by Defendants LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, and SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10, JOHN AND JANE DOE # 1-10 denied the Plaintiffs their Constitutional rights, including but not limited to due process and equal protection under the law.  All of these rights are guaranteed to the Plaintiffs under 42 U.S.C. § 1981. Said acts were motivated by race, national origin and color, and marked by the conduct of Defendants support the motivation.

193)    As a direct and proximate result of said acts, Plaintiff DAVID EDMOND was deprived of his freedom, was seriously and permanently injured, and Plaintiffs were subjected to great fear, terror, personal humiliation and degradation. Plaintiff DAVID EDMOND suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

194)    That by reason of the foregoing, Plaintiffs suffers and continue to suffers irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief

49

this Court may find just and proper.

## AS AND FOR AN SEVENTH COUNT
### 42 U.S.C. §§ 1985 and 1986 - **Conspiracy to Commit Civil Rights Violations and Failure to intervene**

195) Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 194 of this *Complaint* with the same force and effect as though fully set forth herein.

196) Defendants LONGWOOD, SCOTT, REESE, CASTRO, LONGERGAN, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 and JOHN AND JANE DOE # 1-10 did intend and conspire to deprive Plaintiff DAVID EDMOND, a black/African American male, of his 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully detain, falsely imprison, choke, employ force, deadly force and subject Plaintiff DAVID EDMOND to great physical and emotional pain and injury because of or on account of Plaintiff's race and/or color.

197) Defendants LONGWOOD, SCOTT, REESE, CASTRO, LONGERGAN, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 and JOHN AND JANE DOE # 1-10 did intend and conspire to deprive black/African American students of their 4th, 5th, and 14th Amendment rights, by acting in concert to unlawfully detain, falsely imprison, employ force, harass, intimidate, deprive of a constitutionally guaranteed education and subject black/African American students to summary punishment in a pattern, practice, widespread custom or policy of discriminating against students of color in discipline, suspension and/or expulsion from school.

50

198) Further, Defendants LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, and SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10, JOHN AND JANE DOE # 1-10 did intend and conspire to deprive Plaintiff DAVID EDMOND, a black/African American male, of their 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to summarily punish Plaintiff DAVID EDMOND, TOM EDMOND and CAROL EDMOND on behalf of Plaintiffs' race and/or color while not reporting, punishing and/or prosecuting the aforementioned violations visited upon Plaintiff DAVID EDMOND by the aforementioned Defendants and further indifference when Plaintiffs, collectively visited and demanded that charges be brought against the person(s) responsible for the harm done to Plaintiff DAVID EDMOND.

199) Defendants SUFFOLK COUNTY, and SUFFOLK COUNTY POLICE DEPARTMENT did fail to train its agents, employees and assigns including but not limited to ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, and SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10 in reporting, punishing and/or prosecuting the aforementioned violations visited upon Plaintiff DAVID EDMOND by the aforementioned Defendants and other African Americans/black persons who report violations of constitutional rights, harassment, unlawful physical force and other

51

violations of law against minorities and/or on the basis of race, color and/or national origin.

200)    Additionally, SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, LONGWOOD SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10, JOHN AND JANE DOE # 1-10 engaged in a pattern, practice, widespread custom and/or policy of discriminating against students of color, race and/or national origin, in discipline, charging and prosecuting students of color, race and/or national origin and/or failing to intervene, remediate and/or appropriately respond to allegations of racial discrimination by LONGWOOD its agents, employees and assigns against students of color, on the basis of race and/or national origin.

201)    Additionally, LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 and JOHN AND JANE DOE # 1-10 engaged in a pattern, practice, widespread custom and/or policy of discriminating against students of color, race and/or national origin, in discipline, charging and prosecuting students of color, race and/or national origin and/or failing to intervene, remediate and/or appropriately respond to allegations of racial discrimination and excessive force by LONGWOOD its agents, employees and assigns against students of color, on the basis of race and/or national origin.

202)    Upon information and belief, the Defendants further deprived the Plaintiffs of their due process rights; specifically, by conspiring to unlawfully detain, summarily

52

punish, humiliate, and subject Plaintiff DAVID EDMOND to great physical and emotional pain and injury without reason or justification, rule of law, and by further denying the Plaintiffs their 5th Amendment rights via a conspiracy to cover the misconduct of said security guards, officers and officials and to prevent Plaintiffs' redress for Defendants' collective unlawful conduct and unjustified choking of DAVID EDMOND causing the Plaintiffs to suffer and continue to suffer severe physical and emotional harm.

203)    The actions by Defendants denied the Plaintiffs their due process and equal protection under the law.  All of these rights are guaranteed to the Plaintiffs under U.S.C. §§  1983, 1985, and the 4th, 5th, and 14th Amendments to the United States Constitution.

204)    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff DAVID EDMOND was deprived of his freedom, was seriously injured and Plaintiffs, collectively, were subjected to great fear, terror, personal humiliation and degradation. Plaintiff DAVID EDMOND suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

205)    That by reason of the foregoing, Plaintiffs suffered and continue to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR AN EIGHTH  COUNT
42 U.S.C. § 2000d - TITLE VI of CIVIL RIGHTS ACT

206)    Plaintiff repeats and re-alleges each and every allegation contained in

53

paragraph 1 through 205 of this *Complaint* with the same force and effect as though fully set forth herein.

207)    Upon information and belief, the defendants LONGWOOD received federal funding/monetary assistance for the education/tuition of DAVID EDMOND and for the education/tuition of black/African American students attending the defendant LONGWOOD high school and defendant LONGWOOD CENTRAL SCHOOL DISTRICT.

207)    Plaintiffs, DAVID EDMOND, TOM EDMOND and CAROL EDMOND are black/African American persons.

208)    The defendants, LONGWOOD, LONERGAN, CASTRO and REESE created and permitted a racially discriminatory/hostile school environment, by way of maintaining the employment of defendant SCOTT, SECURITY GUARDS JOHN AND JANE DOE # 1-10, and by permitting employees/security guards to target minority students, summarily punish and/or physically assault and choke DAVID EDMOND and, upon information and belief, summarily punish, physically assault, and disparately treat and other students of color and/or based on race and/or national origin.

209)    The aforesaid racially charged/hostile school environment, as created and condoned by the defendants, was sufficiently severe and pervasive enough as to alter the conditions of the DAVID EDMOND's education, and created an abusive educational environment where the threat of violent assault was present, witnessed, permitted and left unremedied.

210)    Defendants LONGWOOD, LONERGAN, CASTRO and REESE, further knew of, condoned and created discriminatory terms and conditions for DAVID EDMOND, by such conduct as set forth in the preceding paragraphs – including but not limited to: selectively and unevenly applying disciplinary rules, with more stringent standards for students of color, based on race, color and/or national origin and for the Plaintiffs, and by denying equal educational opportunities to students of color and/or based on race, color and/or national origin, and to the Plaintiff, DAVID EDMOND.

211)    The defendants further permitted and created a retaliatory educational setting, by removing educational tutoring and instruction, in retaliation for DAVID EDMOND and Plaintiffs' collective opposition to racial discrimination.

212)    As a direct and proximate result of the aforesaid acts by defendants, DAVID EDMOND and others similarly situated did suffer damages, including loss of educational and academic opportunities, emotional and psychological harm, possible stunting of developmental growth, loss of self-esteem, severe anxiety, physical injuries, trauma, depression, loss of academic and future opportunities, public stigma from the aforesaid suspensions, and loss of valuable and priceless educational well-being as a child.    Consequently, DAVID EDMOND and parents TOM EDMOND and CAROL EDMOND are entitled to compensatory damages, miscellaneous court costs, and other awards as seen fit, in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A NINTH COUNT
### NEGLIGENCE
### PENDENT JURISDICTION

213)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through  212 of this *Complaint* with the same force and effect as though fully set forth herein.

214)   Defendants LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, and SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10, JOHN AND JANE DOE # 1-10 acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner that would cause injury and/or harm or the threat of harm to the Plaintiff DAVID EDMOND. Defendants had a duty not to subject Plaintiff DAVID EDMOND to excessive and deadly force, false imprisonment, wrongful institutionalization, summary punishment, school suspension, charges and superintendent's hearings, battery, forced detention at LONGWOOD, denial of right to move freely as he wished, hospitalization, and summary punishment or otherwise abuse Plaintiff DAVID EDMOND. LONGWOOD Defendants had a duty to act as would prudent school officials and/or school security personnel, by not taking actions which would endanger the life of Plaintiff and not using excessive force or otherwise violating the Constitutional and civil rights of Plaintiff. Defendant Officers, in their actions, breached those duties.

215) Defendants LONGWOOD, SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, their agents, employees, and/or servants, violated the Plaintiffs' rights secured under the United States Constitution and 42 U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of Plaintiff DAVID EDMOND by failing to train, supervise, discipline, and investigate the Defendant LONGWOOD agents, assigns and employees, and Defendant Police Officers involved in the instant matter.    Defendants LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, and SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10, JOHN AND JANE DOE # 1-10 knew or should have known of LONGWOOD's employees propensities for the conduct which caused substantial and severe injury to the Plaintiff.

216) In the acts complained of herein, each of the Defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to falsely detain, falsely accuse, charge, prosecute and suspend DAVID EDMOND, use excessive force and deadly physical force or otherwise violate the Constitutional and civil rights of Plaintiffs, and in that they breached said duty.

217)   That by reason of the foregoing, Plaintiffs suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief

57

this Court may find just and proper.

## AS AND FOR AN TENTH COUNT
### ASSAULT & BATTERY
### PENDENT JURISDICTION

218)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 217 of this *Complaint* with the same force and effect as though fully set forth herein.

219)   Defendants LONGWOOD, SCOTT, REESE, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 and JOHN AND JANE DOE # 1-10 having illegally and unlawfully detained Plaintiff DAVID EDMOND, battered, restrained and ignored the pleas for medical necessity of Plaintiff DAVID EDMOND, refused to provide medical care to Plaintiff, continued to violate the rights of DAVID EDMOND as well as the laws of the State of New York when while continuing to deprive the Plaintiff DAVID EDMOND, with medical care and assistance immediately upon restraint. Defendant Officers subjected Plaintiff to additional battery by restraint, arrest and continued detention whereby being pinned to the ground, choked and having the his air passage blocked caused Plaintiff DAVID EDMOND immediate strain, pain, shortness of breath, fear of imminent death and extreme physical and emotional discomfort.

220)   Defendants LONGWOOD, SCOTT, REESE, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 and JOHN AND JANE DOE # 1-10 wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff DAVID EDMOND to endure physical pain and abuse. Plaintiff DAVID EDMOND at no time consented to such abuse or seizure of his person

by Defendant Officers. Said actions were intentional and aimed at injuring and causing Plaintiff harm discomfort, pain and humiliation.

221) Plaintiff DAVID EDMOND was battered, hurt, thrown, choked, violently handled, forcibly restrained, confined and physically abused against his will. After his restraint, Plaintiff's breathing became irregular, he became extremely fearful of his life, he demanded medical attention but was denied the same by LONGWOOD and Defendant CASTRO. Plaintiff DAVID EDMOND was in great physical pain and agony whilst being choked by Defendant SCOTT yet Defendants continued to subject Plaintiff to physical battery, handling, and confinement.

222) Defendants did restrain, use force and abuse Plaintiff DAVID EDMOND, placing him in fear of imminent danger and/or bodily harm, and subjected her to great pain and physical injury by virtue of Defendant LONGWOOD, SCOTT, REESE, CASTRO, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 and JOHN AND JANE DOE # 1-10 conduct including, but not limited to, the unwarranted and unjustified excessive use of force on Plaintiff DAVID EDMOND's body.

223) In the acts complained of herein, each of the Defendants LONGWOOD, SCOTT, REESE, CASTRO, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 and  JOHN AND JANE DOE # 1-10 acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to use excessive force or otherwise violate the Constitutional and civil rights of Plaintiff DAVID EDMOND, and in that they breached said duty.

224) That by reason of the foregoing, Plaintiff DAVID EDMOND suffered and

continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A ELEVENTH COUNT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PENDENT JURISDICTION

225)    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 224 of this *Complaint* with the same force and effect as though fully set forth herein.

226) The Defendants LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, and SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10, JOHN AND JANE DOE # 1-10 through their conduct, acts, and omissions acted outrageously and beyond the bounds of decency for their respective roles in (a) wrongfully restraining, confining, depriving of medical care, and choking Plaintiff, DAVID EDMOND, by a larger group of adult LONGWOOD employees, pinning him to ground causing him great physical agony and (b) concealing, covering up, suspending, summarily and immediately denying graduate ceremonies, summarily punishing and threatening criminal charges, and failing to redress the wrongs done to DAVID EDMOND. As a result, Plaintiffs have suffered great pain, shame, humiliation and anguish.

60

227) The Defendants committed the above stated reprehensible, extreme and outrageous conduct against Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND, with intent and full knowledge that their conduct would cause severe and extreme emotional and physical harm to Plaintiffs, with such extreme emotional harm being intended.

228) The Defendants knew or had reason to know that the excessive force and employment of deadly force against DAVID EDMOND when discussed with DAVID EDMOND's parents, TOM and CAROL EDMOND, would cause Plaintiffs, collectively, great distress. Defendants did fail to investigate, charge or report such employment of lethal force to the appropriate authorities, albeit CASTRO made such representations to Plaintiffs, but, rather, Defendants began to conspire and cover up such transgressions by summarily punishing, suspending, threatening criminal charges and informing Plaintiffs, collectively, that no due process would issue but rather that DAVID EDMOND would not be able to attend his high school prom or walk at graduation after subjecting DAVID EDMOND to physical force, including deadly physical force, and then denying DAVID EDMOND emergency medical care.

229) Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiffs suffered and continues to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, night terrors, sleep disturbances and grief. Plaintiffs further suffer the emotional and physical distress of intense stress, anguish, and psychological trauma, knowing that DAVID EDMOND was debilitated, humiliated, nearly choked to death, cellular phone

61

video of which distributed on broadcast television but school video tape footage denied to Plaintiffs by LONGWOOD, the false report of calling the police to have Plaintiffs find there was no record of such call and caused Plaintiffs to suffer fear for DAVID EDMOND's life, well-being, and anguish by the acts of the Defendants.

230)   That by reason of the foregoing, Plaintiffs suffered and continue to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A TWELFTH COUNT
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PENDENT JURISDICTION

231)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 230 of this *Complaint* with the same force and effect as though fully set forth herein.

232) The Defendants LONGWOOD, SCOTT, REESE, CASTRO LONGERGAN, and SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, ZIMMERMAN, SUFFOLK COUNTY POLICE OFFICER LT RICHARD ULLRICH, SUFFOLK COUNTY POLICE OFFICER SGT ISNARDI, LONGWOOD SECURITY GUARDS JOHN AND JANE DOE # 1--10 SUFFOLK COUNTY POLICE OFFICERS JANE AND JOHN DOE # 1-10, JOHN AND JANE DOE # 1-10 through their conduct, acts, and omissions acted outrageously and beyond the bounds of decency for their respective roles in (a) wrongfully restraining, confining, depriving of medical care, and choking and physically harming Plaintiff DAVID EDMOND to cause him great

62

physical agony and (b) concealing, covering up, and failing to redress the wrongs done to DAVID EDMOND. As a result, Plaintiffs, DAVID EDMOND, TOM EDMOND and CAROL EDMOND suffered great pain, shame, humiliation and anguish.

233) The Defendants committed the above stated reprehensible, extreme and outrageous conduct against Plaintiff DAVID EDMOND, knowing or having reason to know that their conduct would cause severe and extreme emotional and physical harm to Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND, with such extreme emotional harm being the natural and logical consequence of their actions.

234) The Defendants knew or had reason to know that Plaintiff DAVID EDMOND was a young African American male student who was guilty of no wrongdoing. Defendants, individually and collectively, acted knowing or having reason to know in a foreseeable manner that their conduct would cause severe and extreme emotional and physical harm to Plaintiffs DAVID EDMOND, TOM EDMOND and CAROL EDMOND while rehashing the physical trauma done to DAVID EDMOND and during the pendency of school charges and making false representations that the SUFFOLK COUNTY POLICE DEPARTMENT were investigating and would remedy the same acts and omissions by Defendants, Defendants acted to caused Plaintiffs extreme emotional harm.

235) Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiffs, DAVID EDMOND, TOM EDMOND and CAROL EDMOND, personally suffered and continues to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, night

terrors, sleep disturbances and grief. Plaintiffs further suffers the emotional and physical distress of intense stress, anguish, and psychological trauma, knowing that he was debilitated, humiliated, and caused to suffer fear for DAVID EDMOND's life, well-being, and anguish by the acts of the Defendants.

236)    That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**WHEREFORE** Plaintiff demands judgment against Defendants:

a.    on the First Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

b.    on the Second Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

c.    on the Third Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

d.    on the Fourth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

e.    on the Fifth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

f.    on the Sixth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

g.    on the Seventh Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

h.    on the Eighth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

i.      on the Ninth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

j.      on the Tenth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

k.      on the Eleventh Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

l.      on the Twelfth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

m.      Punitive damages in the amount of FIVE MILLION ($5,000,000) DOLLARS;

n.      Award attorney's fees and costs of this action to the Plaintiffs pursuant to 42 U.S.C. § 1988;

o.      Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

p.      Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

q.      The appointment of an independent monitor and/or receiver to regulate and control defendant LONGWOOD to remedy such violations of constitutional rights and to remedy the disparate treatment of black/African American students;

r.      Award such other and further relief as this Court may deem appropriate.

**A JURY TRIAL IS HEREBY DEMANDED**

Dated: Suffolk, New York
      June 3, 2016

Respectfully submitted,

THE LAW OFFICES OF
CORY H. MORRIS

By:     _____**/S/**_____
*Attorney(s) for Plaintiff*
**CORY H. MORRIS, P.C.**
**CORY MORRIS, ESQ. (CM5225)**
**33 WALT WHITMAN RD, SUITE 310**
**DIX HILLS, NEW YORK 11746**