**SILVERMAN & ASSOCIATES | ATTORNEYS AT LAW**

September 6, 2016

**VIA ELECTRONIC FILING**
Honorable Anne Y. Shields
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *David Edmond, et al v. Longwood Cent. Sch. Dist., et al*
               16-CV-2871 (JFB)(AYS)

Dear Judge Shields:

      We represent the defendants, Longwood Central School District, Michael Lonergan, Maria Castro, Scott Reese, and Scott Partlow (*sued herein as "Longwood Security Guard Scott"*) ("the District defendants"). We are writing in opposition to the plaintiffs' August 26, 2016 motion to compel, or in the alternative, seeking a pre-motion conference.

      The plaintiffs' application is inaccurate and misleading. We have reviewed the minute entry for the August 1, 2016 conference and the audio recording of the conference, and neither seems to contain an Order that the District defendants produce all the discussed documents and the video footage by August 15, 2016. Rather, it is our understanding that the parties were to begin immediately compiling and producing the documents discussed during the conference and the other Phase 1 discovery items and that if the District defendants determined a motion was necessary to address the confidentiality issues related to the video footage, they should propose a briefing schedule with the September 16, 2016 status letter. We have advised plaintiffs' counsel of our position regarding the directives issued at the August 1, 2016 conference numerous times.

      As we advised during the August 1, 2016 conference before your Honor and as we have discussed with plaintiffs' counsel since the conference, we are not seeking to withhold production of the video footage in the District's possession. However, the footage contains images of numerous uninvolved, non-party District students, and thus, we have legitimate concerns regarding the privacy and FERPA rights of these students. If the plaintiffs would enter into a confidentiality agreement to protect the privacy of the uninvolved, non-party students, we would release the video footage upon execution of such agreement, but the plaintiffs will not agree to any such protection. Accordingly, a motion on this issue appears necessary and we proposed a briefing schedule to plaintiffs' counsel. Plaintiffs' counsel did not responded to the proposed briefing schedule, and rather, filed the instant motion. At this time, we request that the District defendants' motion regarding the confidentiality issues related to the video footage be filed by September 19, 2016.

In addition, the plaintiffs' counsel fails to advise the Court that the District defendants did in fact serve their Rule 26 Automatic Disclosure on August 22, 2016, pursuant to the Court-ordered deadline. The District defendants also served a Supplemental Rule 26 Automatic Disclosure on August 23, 2016. The District defendants are working to compile the remaining documents discussed during the August 1, 2016 conference and others to be produced in Phase 1 discovery, and we expect to begin producing these documents on a rolling basis shortly as it will be easier to locate and obtain such documents now that the District is back in session.

It is worth mentioning that, contrary to the plaintiffs' counsel's representation, the plaintiffs have not fully complied with the Court's Order and have not satisfied their production obligations. Of note, the Court ordered the plaintiffs to produce executed authorizations related to damages within one week of the conference. To date, we have not received any properly executed authorizations. Although plaintiffs produced authorizations for two doctors on or about August 15, 2016, these authorizations were not properly executed and did not identify what records were authorized for release. The plaintiffs have not produced authorizations to allow the defendants to obtain the records from any treating mental health providers or for employment records, which was discussed during the August 1, 2016 conference. We have followed up with plaintiffs' counsel regarding these authorizations in a good faith effort to avoid Court intervention and it is our hope that we will obtain the necessary authorizations shortly and without needing to burden the Court with motion practice on the issue.

Finally, plaintiffs' application does not appear to comply with Rule VI(C) of your Honor's Individual Rules of Practice.

For all the foregoing reasons, the plaintiffs' application is premature and without any basis in law or fact. We have advised plaintiffs' counsel of our position that there is no basis for the motion and we have requested that it be withdrawn. In the event the plaintiffs do not withdraw their application, we respectfully request that the application be denied in its entirety.

We greatly appreciate the Court's time and attention to this matter.

Respectfully submitted,

SILVERMAN & ASSOCIATES

By: *Caroline B. Lineen*
Lewis R. Silverman (LS 9723)
Caroline B. Lineen (CL 0630)
Attorneys for District Defendants
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510



TO: **Via ECF**
Law Offices of Cory H. Morris
Attn: Cory H. Morris, Esq.
Attorneys for Plaintiffs

Suffolk County Attorney's Office
Attn: Arlene Zwilling, Esq.
Attorneys for County Defendants

SILVERMAN & ASSOCIATES | ATTORNEYS AT LAW