

## Via Electronic Case Filing Only

September 16, 2016

Hon. Judge Anne Y. Shields
100 Federal Plaza
P.O. Box 830
Central Islip, New York 11722
Courtroom 830

      Re:    Status Letter as per Hon. Judge Anne Y. Shields' August 1, 2016
             Order - Edmond v. Longwood Central School District et al, 2:16-cv-2871;

Dear Judge Shields:

      As you records will reflect, this office represents the Plaintiffs in the above named action. In accordance with Your Honor's Case Management and August 1, 2016 Order we write to apprise the Court of the status of discovery and other preliminary matters. Defense counsel, Caroline Lineen, wished to submit a letter independent of Plaintiffs and we have yet to have any communication with the Suffolk County Attorney's Office though its attorney Arlene Zwilling regarding this case.

      As Your Honor may recall, Plaintiffs in this action assert claims for, *inter alia*, civil rights violations, conspiracy, false arrest and excessive force pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 against Suffolk County, Suffolk County Police Department and Longwood Central School District Defendants. Plaintiffs' claims are based on David Edmond's being targeted for punishment on the basis of his race, color and/or national origin by Longwood Central School District employees. Plaintiff David Edmond was grabbed, slammed, battered and choked by a Longwood Highschool Security Guard and then subjected to summary punishment on the same illegal basis. Suffolk County and Suffolk County Police Officers' involvement extends, *inter alia*, to the conspiracy between state actors to violate the Plaintiffs' constitutional rights and a failure to intervene to prevent the violation of Plaintiffs' constitutional rights as more fully detailed in Plaintiffs' complaint.

Plaintiffs complied with this Court's Order by providing Defendants, *inter alia*, video, documentation and Plaintiffs' Initial Disclosures where Defendants failed to comply with this Court's Order and the Federal Rules of Civil Procedure by failing to provide Plaintiffs relevant documentation, video, a privilege log and failing to describe material Defendants wish to withhold on the basis of privilege and/or confidentiality. *See, e.g.,* Fed. R. Civ. P. 33(b)(2) and 34(b)(2). Suffolk County/Suffolk County Police Department Defendants did not provide Plaintiffs its initial disclosures or any documentation while, albeit incomplete, Longwood Central School District has provided its initial disclosures.

On August 1, 2016 both Suffolk County ("County") and Longwood Central School District ("Longwood") Defendants were Ordered by the Court to produce documentation including but not limited to school video, all witnesses with relevant information to Plaintiffs' complaint, Defendants' guidelines, rules and/or procedures on the use of force, training, formal and informal complaints, communications with Defendants Suffolk County Police Department and Longwood Central School District, various notes and documentation relevant to Plaintiffs' complaint. While it is clear that such documentation exists, Defendants have failed to either disclose or identify such documentation to Plaintiffs. Specifically, to address Longwood Defendants' contentions, Plaintiffs reviewed the August 1, 2016 Court minutes and believe that Court Ordered the Longwood Defendants to produce the Longwood High School security video detailing the assault and choking of Plaintiff David Edmond by security guard Scott Paltrow or to file a motion on or before August 15, 2016 opposing its release. Longwood Defendants failed to do either.

On or about August 9, 2016, Plaintiffs did forward the Court, Defendants Longwood and the County Defendants a compact-disc providing, *inter alia,* all video (including Longwood High School security camera footage) obtained through the Plaintiffs' Freedom of Information Law Requests, a preservation/spoilation letter and pictures detailing the injuries suffered by Plaintiff David Edmond. On or about August 15, 2016, Plaintiffs sent Defendants Longwood and the County Defendants Plaintiffs' initial disclosures providing over forty (40) witnesses and over four-hundred (400) pages of documentation to Defendants. Plaintiffs provided defense counsel, on August 15, 2016 and 8:28 this morning, medical authorizations and releases to which defense counsel, Caroline Lineen, insists there is a problem which continues to persist but for which a resolution remains unknown.

To date, the Suffolk County Defendants have not responded to this Court's Order or any of Plaintiffs' letters and/or electronic mailings. Contrary to Ms. Lineen's letter, Plaintiffs never received Suffolk County demands for interrogatories and/or document requests. However, both by phone and by letter, Plaintiffs' counsel demanded from Longwood Defendants the release of, *inter alia*, relevant school video, security guidelines, use of force guidelines and other documentation. Plaintiffs' position on the public school video has remained the same and was made clear to Defendants, collectively, on August 1, 2016 before this Honorable Court. Longwood Defendants continue to rebuff Plaintiffs' demand by withholding relevant evidence. This prompted

2

Plaintiffs' August 26, 2016 [D.E. 21] pre-motion letter request for a pre-motion conference to compel compliance with the Court's August 1, 2016 Order.

Defendants Longwood withhold, upon information and belief, video and other documentation without describing what documentation is being withheld and on what legal ground(s). Federal Rule of Civil Procedure 26(b)(5)(A) requires that a party withholding discovery on the basis that the requested information is privileged or subject to work product protection must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Defendants Longwood fail to do so and continue to imply that student privacy rights are somehow implicated by a public school security camera system that, by the nature of it being open to the world and public property, bear no reasonable expectation of privacy.

Longwood and County Defendants fail to either provide a privilege log or assert a privilege pursuant to the Federal Rules of Civil Procedure. Local Civil Rule 26.2(b) "commands, inter alia, that when documents sought ... are withheld on the ground of privilege, [a privilege log] shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court." 7 FG Hemisphere Assocs., L.L.C. v. Republique Du Congo, No. 01 CV 8700, 2005 WL 545218, at *5 (S.D.N.Y. Mar. 8, 2005). Longwood and County Defendants are withholding documentation clearly relevant and sought by Plaintiffs. The school video, for instance, was to be produced or a motion was to be filed by Longwood Defendants on or before August 15, 2016 to which Defendants failed to comply.

Longwood Defendants continue to delay and now ask this Court for additional time to respond to discovery without any basis in law or fact. In this regard, Plaintiffs respectfully request that this Court Order Defendants to produce relevant documentation without an order of confidentiality and comply with discovery guidelines or, alternatively, allow the Plaintiffs leave to file a motion to compel discovery as both Longwood and County Defendants refuse to provide relevant and unprivileged documentation to Plaintiffs.

We thank the Court for its kind consideration.

Respectfully Submitted,

CORY H. MORRIS, ESQ.

CM