UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————X

DAVID EDMOND, CAROL EDMOND and
TOM EDMOND

**DOCKET NO.:** 2:16-cv-2871 (JFB) (AYS)

Plaintiffs

- against -

LONGWOOD CENTRAL SCHOOL DISTRICT,
SUFFOLK COUNTY, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK COUNTY
POLICE OFFICER EDWARD ZIMMERMAN, in
his individual and official capacities,
, in his individual and official capacities,
SUFFOLK COUNTY POLICE OFFICER SGT
ISNARDI, in his individual and official capacities,
SUFFOLK COUNTY POLICE OFFICERS "JOHN
AND JANE DOES 1-10," in their individual and
official capacities, LONGWOOD
SUPERINTENDANT MICHAEL R. LONERGAN, in
his individual and official capacity, PRINCIPAL
MARIA CASTRO in her individual and official
capacity, LONGWOOD ASSISTANT PRINCIPAL
SCOTT REESE, in his individual and official
capacity, LONGWOOD SECURITY GUARD SCOTT,
in his individual and official capacity, LONGWOOD
SECURITY GUARDS "JOHN AND JANE DOES
1-10," in their individual and official capacities and
JOHN AND JANE DOE # 1- 10, in their individual
and official capacities

Defendants

—————————————————————————X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO LONGWOOD CENTRAL SCHOOL
DISTRICT'S MOTION FOR A PROTECTIVE ORDER**

# TABLE OF CONTENTS

                                                                                    **Page(s)**

TABLE OF AUTHORITIES...................................................................... ii

PRELIMINARY STATEMENT............................................................... 1

STANDARD OF REVIEW.................................................................... 2


ARGUMENT

I.      Defendants' Request for a Blanket Protective Order is
        Inappropriate under the Circumstances.............................. 4

II.     FERPA Does Not Provide a Basis to Withhold School Security
        Video nor Do Public High School Students have a Reasonable
        Expectation of Privacy Within the Hallways of a Public
        School............................................................................ 6

III.    Longwood High School Security Cameras are not School
        Records Under FERPA .................................................... 8

IV.     The Balance of Interests, that being the Safety of Black/African
        American High School Students in Longwood High Schoool,
        outweighs the Privacy Interests of Students who were Present in
        the Hallway at the Time that David Edmond was Choked and
        Physically Assaulted ...................................................... 11


CONCLUSION................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brannum v. Overton County Sch. Bd.*, 516 F3d 489, 496 (6th Cir. 2008) ............... 7

*Bryner v Canyons Sch. Dist.*, 351 P3d 852, 854, 2015 UT App 131 (2015). ........... 8

*Culbert v City of New York*, 254 AD2d 385, 679 NYS2d 148 [2d Dept 1998]) ....... 4

*Davids v. Cedar Falls Cmty. Sch.*, No. C96-2071, 1998 WL 34112767, * 3 (N.D.Iowa Oct. 28, 1998) ................................................................................... 3

*Furey v. Wolfe*, 2011 US Dist LEXIS 16465, at *19 (E.D. Pa. Feb. 18, 2011, No. 10-1820) ......................................................................................................... 3

*Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) ........................ 2

*In re Agent Orange Product Liability Litigation*, 821 F.2d 139, 145 (2d Cir. 1987) 2

*In re Application of National Broadcasting Co. v. Myers*, 635 F.2d 945, 952 (2d Cir. 1980) ....................................................................................................... 12

*Jacques v Adelphi Univ.*, 2011 US Dist LEXIS 78077, at *5 (EDNY July 19, 2011, No. CV 10-3076 (LDW) (AKT)) ..................................................................... 2

*Matter of Rome City Sch. Dist. v. Grifasi*, 10 Misc 3d 1034, 1036-1037 (Sup Ct, Oneida County 2005) ................................................................................ 4, 5, 9

*Nastasia v. New Fairfield Sch. Distr.*, 2006 U.S. Dist. LEXIS 40316, 2006 WL 1699599, *1-2 (D.Conn. June 19, 2006) ........................................................ 3

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978) .................................................................... 11

*N.J. v T. L. O.*, 469 US 325, 348 (1985) ................................................................. 7

*Rios v. Read*, 73 F.R.D. 589, 597 (E.D.N.Y. 1977) ........................................ 2, 4, 5

*Ragusa v. Malverne Union Free Sch. Dist.*, 549 F.Supp.2d 288, 291 (E.D.N.Y. 2008) ...................................................................................................... 2, 3, 5

*Stellwag v Quinnipiac Univ.*, 2010 US Dist LEXIS 122855, at *2-3 (D. Conn Nov. 18, 2010, No. 3:09-CV-1031(AWT) ............................................................... 2, 6

*Tinker v. Des Moines Independent Community School Dist.*, 393 U.S. 503, 506, 21 L. Ed. 2d 731, 89 S. Ct. 733 (1969) ............................................................. 7

*Vernonia Sch. Dist. 47J v. Acton, 515 US 646, 655-656 (1995)* ........................... 7

*United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). ...................... 11-13

*United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995). ......................... 11-12

**Statutes**

Fed.R.Civ.P. 26(c) ...................................................................................... 1, 2, 5, 7

Family Educational Rights and Privacy Act ........................................... 1-6, 8-9, 11

20 U.S.C. § 1232g(b)(2)(B) .................................................................................. 2, 3

20 USC § 1232g (a)(4)(A)(i) ................................................................................... 4

20 USC § 1232g (a)(4)(B)(ii) .................................................................................. 4

34 CFR 99.31(a)(9)(i) .............................................................................................. 3

**Other Authorities**

Conor Friedersdorf, *Eric Garner and the NYPD's History of Deadly Chokeholds*, The Atlantic (Dec. 4, 2014), http://www.theatlantic.com/national/archive/2014/12/context-for-the-punishment-free-killing-of-eric-garner/383413/.; .............................................. 12

Frank LoMonte, *Connecticut Joins Consensus that School Security Videos Are Not Confidential FERPA Records*, Student Press L. Ctr. (Nov. 27, 2014, 12:59 PM), http://www.splc.org/blog/splc/2014/11/connecticut-school-security-video-ruled-exempt-from-ferpa; .............................................................................................. 9

Rosenberg, Sanctions to Effectuate Pretrial Discovery, 58 Col L Rev 480, 492–493 (1958). ...................................................................................................................... 2

U.S. Dep't of Educ., *Balancing Student Privacy and School Safety: A Guide to the Family and Educational Rights and Privacy Act for Elementary and Secondary Schools* (2007), http://www.ed.gov/policy/gen/guid/fpco/brochures/elsec.pdf; . 9

## PRELIMINARY STATEMENT

Longwood Central School District (hereinafter collectively referred to as "Defendants" and/or "Longwood") seek a protective order without any basis in law or fact to withhold a school security video depicting a public school hallway where Plaintiff David Edmond was physically seized, placed into a chokehold and slammed to the earth by Defendant Longwood Security Guard Scott Paltrow on the basis of his race, color and/or national origin. David Edmond furnished Defendants a FERPA waiver. The school security video of Defendants' public school does not meet any of the criteria for a protective order as set forth in Federal Rule of Civil Procedure 26 nor does it fall under the protection of the Family Educational Rights and Privacy Act ("FERPA"), especially in light of this Court's August 1, 2016 Order and directive that such video be produced. Such video is *not* a student record subject to protection under FERPA under New York law and it is well established law that, even if such video was subject to FERPA, this Court could compel production of the video, obviating the need for such motion practice.

Plaintiffs respectfully refer this Court to the Plaintiffs' Complaint for a full resuscitation of facts, as Defendants did not identify whom, by name, Defendants seek this protective order on behalf. Defendants seek a protective order of a school security video depicting the pushing of Plaintiff (a high school student) David Edmond by a Longwood Principal, the seizure, grabbing, choking and subsequent slamming of David Edmond to the ground by District Defendant Scott Paltrow and the continued application of a chokehold to David Edmond. Upon information and belief, the school security video not only depicts the aggressors and precipitating acts relevant to the heart of Plaintiffs' claims, but it also depicts witnesses who came to help David Edmond, including Longwood employees. Lastly, such public school video was utilized in the summary punishment, revocation of senior privileges and suspension of David Edmond by Defendants.

1

## STANDARD OF REVIEW

As stated by Defendants, "[p]ursuant to Rule 26(c), a court may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" (Def. MOL, P. 2) (citing Fed.R.Civ.P. 26(c)) and the movant " 'has the burden of showing that good cause exists for issuance of that order.' " Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004), quoting In re Agent Orange Product Liability Litigation, 821 F.2d 139, 145 (2d Cir. 1987). When a motion for a protective order is made and the court is disposed to deny it, the court may go a step further and issue an order to provide or permit discovery. See Rosenberg, Sanctions to Effectuate Pretrial Discovery, 58 Col L Rev 480, 492–493 (1958). In addition, the court may require the payment of expenses incurred in relation to the motion. USCS Fed Rules Civ Proc R 26, Adv. Com. Notes on 1970 Amendments.

"Courts have recognized that FERPA does not create a privilege against disclosure of student records." Stellwag v Quinnipiac Univ., 2010 US Dist LEXIS 122855, at *2-3 (D. Conn Nov. 18, 2010, No. 3:09-CV-1031(AWT) (citing Rios v. Read, 73 F.R.D. 589 (E.D.N.Y. 1977)). The purpose of FERPA is to "assure parents of students ... access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent." Ragusa v. Malverne Union Free Sch. Dist., 549 F.Supp.2d 288, 291 (E.D.N.Y. 2008) (citing Rios v. Read, 73 F.R.D. 589, 597 (E.D.N.Y. 1977)) (additional citations omitted). "Under provisions of the statute, a school **would not be subject to sanctions** for disclosure of education records covered by FERPA when such disclosure is made pursuant to court order." Furey v. Wolfe, 2011 US Dist LEXIS 16465, at *19 (E.D. Pa. Feb. 18, 2011, No. 10-1820) (emphasis added), see Ragusa, at 291-92 (citing 20 U.S.C. § 1232g(b)(2)(B)). "[F]ederal courts have allowed the disclosure of protected education records in circumstances

2

where the interests of the party seeking the records outweighs the students' privacy interest." Furey v. Wolfe, at * 20 (citing Ragusa, 549 F.Supp.2d at 292 (teacher's need for disclosure in discrimination action outweighed student's privacy interest); see also Nastasia v. New Fairfield Sch. Distr., 2006 U.S. Dist. LEXIS 40316, 2006 WL 1699599, *1-2 (D.Conn. June 19, 2006) (requiring disclosure of records of student(s) who made complaints similar to those of plaintiff).

"FERPA permits Defendants to disclose students' education records to comply with a judicial order." Jacques v Adelphi Univ., 2011 US Dist LEXIS 78077, at *5 (EDNY July 19, 2011, No. CV 10-3076 (LDW) (AKT)) (citing 34 CFR 99.31(a)(9)(i)). Aside from having students/parents sign a release, sanctions will not issue to a school for violating FERPA if such records are subject to disclosure pursuant to Court Order. Ragusa, 549 F.Supp.2d at 291-92; Rios, 73 F.R.D. at 599; see also 20 U.S.C. § 1232g(b)(2)(B). Courts in the Eastern District and in other Circuits released educational records after a determination that the records are clearly relevant to the claims at issue. *See* Ragusa, 549 F.Supp.2d at 293-94; Nastasia v. New Fairfield Sch. Dist., No. 3:04 CV 925(TPS), 2006 U.S. Dist. LEXIS 40316, 2006 WL 1699599, *1-2 (D. Conn. June 19, 2006); and Nastasia v. New Fairfield Sch. Dist., No. 3:04 CV 925 (TPS), 2006 U.S. Dist. LEXIS 40316, 2006 WL 1699599, * 1-2 (D.Conn. June 19, 2006) (issuing judicial order compelling disclosure of (1) the identification of another student who had made complaints similar to the plaintiff's, which was "arguably relevant" to plaintiff's claims and was "in the exclusive control of the defendant," and (2) records of similar complaints when the information was "clearly relevant" to plaintiff's claims and the defendant's burden of production was "minimal"); see also Davids v. Cedar Falls Cmty. Sch., No. C96-2071, 1998 WL 34112767, * 3 (N.D.Iowa Oct. 28, 1998) (finding plaintiff's need for disclosure  of education records, which would help him attempt to prove his allegations that his school "engaged in a practice of

3

disparate discipline of minority and non-minority students," outweighed the students' privacy interests); and <u>Rios</u>, 73 F.R.D. at 598-599 (determining that plaintiff demonstrated sufficient need for students' academic records and test results when it would be "impossible to prove" the alleged Title VI violations without such records).

FERPA does not protect school security video under New York law. Under the provisions of FERPA, "education records" are defined as "records, files, documents, and other material which ... contain information directly related to a student"; and such "education records" do not include "records maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement." See 20 USC § 1232g (a)(4)(A)(i),(B)(ii). Indeed,

> [t]his federal statute is intended to protect records relating to an individual student's performance. **FERPA is not meant to apply to records, such as the videotape in question which was recorded to maintain the physical security and safety of the school building and which does not pertain to the educational performance of the students captured on this tape** (see *Culbert v City of New York*, 254 AD2d 385, 679 NYS2d 148 [2d Dept 1998]). Clearly, the videotape in question is not an "educational record" within the meaning of FERPA.

<u>Matter of Rome City Sch. Dist. v. Grifasi</u>, 10 Misc 3d 1034, 1036-1037 (Sup Ct, Oneida County 2005) (external quotation marks omitted, internal citations preserved and emphasis added).

### <u>Point I: Defendants' Request for a Blanket Protective Order is Inappropriate under the Circumstances</u>

Without justification and contrary to the above caselaw, Defendants seek a Protective Order to withhold the public school security video depicting Plaintiff David Edmond being grabbed from behind, placed in a chokehold and slammed to the ground by Defendant Longwood Security Guard Scott Paltrow. Defendants withhold this video under the ruse of privacy concerns (Def. MOL, P. 1-2) which is not a basis for a protective order pursuant to the

4

Federal Rules.

As stated above, Federal Rule of Civil Procedure 26(c) states that the "court may, for good cause, issue an order **to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense**..." Fed.R.Civ.P. 26 (emphasis added). Defendants are without good cause and fail to identify a single party or a person who may be "annoy[ed], embarrass[ed], oppress[ed] or [bear an] undue burden or expense." *Id.* School security video is not protected under FERPA (Rome City Sch. Dist., 10 Misc 3d at 1036-1037) and privacy is not a concern within the hallways of a public school. See *infra,* Point II. Should the Defendants "only seek to adhere to the protections required by [FERPA]," it would have complied with this Court's August 1, 2016 Order and directive. Def. MOL, P. 1. Indeed, aside from the embarrassment of litigating this lawsuit in public view, the Defendants have no good faith basis to withhold this video on the basis of privacy or to move this Court for a protective order.

As Ordered and directed by this Court, the school security video should have already been produced to Plaintiffs. The standard is clear under FERPA and within the Eastern District of New York:

> Courts have recognized that FERPA does not create a privilege against disclosure of student records. Rios v. Read, 73 F.R.D. 589 (E.D.N.Y. 1977); Ragusa v. Malverne Union Free School District, 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008). Moreover, "[u]nder the provisions of the statute, a school would not be subject to sanctions for disclosure of education records covered by FERPA when such disclosure was made pursuant to a judicial order." Ragusa, 549 F. Supp. 2d at 291-92. Nonetheless, in light of the privacy concerns embodied in FERPA, courts have imposed a higher burden on litigants moving to compel the disclosure of educational records: "before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interest of the students." Rios, 73 F.R.D. at 599. See also Ragusa, 549 F. Supp. 2d at 292.

<u>Stellwag v Quinnipiac Univ.</u>, 2010 US Dist LEXIS 122855, at *2-3 (D. Conn. Nov. 18, 2010, No. 3:09-CV-1031(AWT))(external quotation mark omitted and internal citations preserved).

Under FERPA, Courts can simply order production of school records/redacted school records (see *infra*, Point III) without the demand for confidentiality or protective order pursuant to Federal Rule of Civil Procedure 26. As in *Stellwag*, Plaintiffs established compelling reasons for the release of, *inter alia*, the school security video without an Order of confidentiality:

> To the extent that FERPA applies to the redacted records sought by the plaintiffs the court finds that the plaintiffs have met the higher burden imposed by the statute. Based on the plaintiffs' theory of the case, the disclosure of a limited number of student disciplinary files for comparison purposes is necessary to the plaintiffs' prosecution of the case. The court anticipates that the number of responsive records will not be unduly large, and any privacy concerns are significantly ameliorated by plaintiffs' agreement to redaction of personally identifying information.

*Id.* (external quotation mark omitted and internal citations preserved).

The school security video at issue is an insular event depicting the assault, utilization of force and excessive force, culminating in Plaintiff David Edmond being choked in the public hallway of Longwood School District, Longwood High School. Not only is this relevant to the Plaintiffs' claims, David Edmond signed a disclosure for its release under FERPA. Longstanding law dictates that Defendants must turn over this school security video without a protective order.

### Point II: FERPA Does Not Provide a Basis to Withhold School Security Video nor Do Public High School Students have a Reasonable Expectation of Privacy Within the Hallways of a Public School

To avoid disclosure, Defendants wish for this Court to impute privacy rights of public school students where there is none: in the common hallways of Longwood High School. Rather than provide Plaintiffs or this Court information as to what students witnessed and/or are depicted by the school security video withheld by Defendants, Defendants advise this Court that

based on the "privacy concerns related to the countless non-party students visible in the video," (Def. MOL, P. 1) it seeks a protective order which, as Defendants acknowledge, protect against "annoyance, embarrassment, oppression, or undue burden or expense." Def. MOL, P. 2 (citing Fed.R.Civ.P. 26(c)). Not only is this purported right at odds with longstanding case law, Defendants fail to take any alternate measure in their alleged protection of these students. Defendants simply wish to bind the Plaintiff in confidentiality by any means, including attributing annoyance, embarrassment, oppression or undue burden or expense upon an unknown amount of potential witnesses.

Students' privacy rights and/or Fourth Amendment rights are not implicated when it comes to walking in public hallways. "[W]hile children assuredly do not 'shed their constitutional rights . . . at the schoolhouse gate,' the nature of those rights is what is appropriate for children in school." Vernonia Sch. Dist. 47J v. Acton, 515 US 646, 655-656 (1995) (citing Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 506, 21 L. Ed. 2d 731, 89 S. Ct. 733 (1969)). "[S]tudents within the school environment have a lesser expectation of privacy than members of the population generally." Vernonia, at 656 (citing N.J. v T. L. O., 469 US 325, 348 (1985)). "[T]he reasonableness standard should ensure that the interests of students will be invaded no more than is necessary to achieve the legitimate end of preserving order in the schools." T. L. O., 469 U.S. at 343. Accordingly, "the policy of setting up video surveillance equipment throughout the school was instituted for the sake of increasing security...is an appropriate and common sense purpose and not one subject to our judicial veto." Brannum v. Overton County Sch. Bd., 516 F3d 489, 496 (6th Cir. 2008). It logically follows that the same type of school security video, when allegations of excessive force and other civil rights violations occur within Longwood, would be subject to production without privacy concerns.

7

Contrary to Defendants' assertions, Defendants fail to articulate any basis to issue a protective order and such video is not subject to protections either under FERPA or the Fourth Amendment. Defendants failed to consider alternatives, such as redaction, before moving this Court and did not request *in camera* review. Accordingly, Defendants requested relief should be denied in its entirety and this Court should Order the release of the video at issue, unconditionally, and grant all other relief it deem just and proper.

### Point III: Longwood High School Security Cameras are not School Records Under FERPA

New York law dictates that school security video does not invoke privacy concerns under FERPA. <u>Rome City Sch. Dist.</u>, 10 Misc 3d at 1036-1037. Defendants' misplaced reliance upon *Bryner v. Canyons*, a case hailing from Utah where a father sought records under the Government Records Access and Management Act, highlights the fact that Defendants moved this Court rather than attempt to seek an alternative means of releasing video footage clearly relevant to Plaintiffs' claims. <u>Bryner v Canyons Sch. Dist.</u>, 351 P3d 852, 854, 2015 UT App 131 (2015). In *Bryner*, the School District "prohibited release of the record to [the father] without the consent of the parents of the other students shown in the video." *Id.* Indeed, supporting Plaintiffs' position and contrary to Defendants' position, *Bryner* held that while "FERPA forbids release of the unredacted video, we also agree that the District may produce only a redacted copy" of the school security video. *Id.* at ¶ 2. Indeed, as not mentioned by Defendants, *Bryner* held that

> when an education record contains material or information on more than one student, "the parents of one of such students shall have the right to inspect and review *only such part of such material or document as relates to such student.*" *Id.* (emphasis added). Thus, while Bryner has a right to "inspect and review" the part of the Video relating to his child, he does not "have the right to inspect and review" the portions of the Video in which other students are pictured. See *id.* For Bryner to inspect and review the

8

part of the Video relating to his child, the other students' personally identifying information must be redacted, or the District must obtain "the written consent of [the other students'] parents." See *id.* § 1232g(b)(1).

Bryner, 351 P3d at 859-860, 2015 UT App 131, ¶ 28 (external quotation marks omitted and internal citations preserved).

Plaintiff David Edmond furnished Defendants with a release under FERPA. The inquiry should end there and the school security video should be produced to Plaintiffs. Plaintiffs note that Defendants seek a position contrary to New York state law and one that would greatly hamper parents from public school and government accountability. See Frank LoMonte, *Connecticut Joins Consensus that School Security Videos Are Not Confidential FERPA Records*, Student Press L. Ctr. (Nov. 27, 2014, 12:59 PM), http://www.splc.org/blog/splc/2014/11/connecticut-school-security-video-ruled-exempt-from-ferpa; Rome City Sch. Dist. Disciplinary Hearing v. Grifasi, 806 N.Y.S.2d 381, 383 (N.Y. Sup. Ct. 2005) (establishing that the video was created for security purposes, not for an educational purpose, and thus not covered under FERPA). Parents have the right to know what happens when their children are attendance in their high schools. U.S. Dep't of Educ., *Balancing Student Privacy and School Safety: A Guide to the Family and Educational Rights and Privacy Act for Elementary and Secondary Schools* (2007), http://www.ed.gov/policy/gen/guid/fpco/brochures/elsec.pdf (clarifying that the U.S. Department of Education policy protects student privacy, but allows disclosure of law enforcement unit records, security video, and even education records when they are used to "protect the health or safety of students or other individuals"). Parents have the right to see the school security video that not only depicts their child being grabbed, strangled, slammed to the ground and choked by security until teachers and students intervened but parents should also have the right to see the

9

school security video that was the basis of the punishment of their child, the immediate revocation of their child's right to walk during graduation, the video that resulted in a superintendant's hearing, the school security video that was used to threaten David Edmond with criminal trespass if he should return to school and summarily revoke David Edmond's privilege to attend his senior activities, including but not limited to attending the high school prom.

Defendants incorrectly place the onus on Plaintiffs where Plaintiffs are not required to "demonstrate a significant interest in making public the identities and depictions of any such non-party students." Def. MOL, P. 4. Defendants' assertions that "plaintiffs' only motivation to refuse the application of confidentiality to such information is so that they can in fact release it to the press and/or public," (Def. MOL, P. 5) is without any basis and belies Defendants' failure to provide what students and/or Longwood staff may have witnessed the attack and choking, of Plaintiff David Edmond. Additionally, Defendants fail to justify why, as evidenced by the continued requests for confidentiality, this lawsuit should be litigated under a shroud of secrecy. Contrary to their assertions otherwise, Defendants are not willing to produce the school security video pursuant to Court Order which is why this application for a protective order was made. Lastly, Plaintiffs' allegations carry enormous concern to the public interest: the disparate treatment of black/African American students and the assault, slamming and chokehold applied to David Edmond by a Longwood security guard who still works within the school.

Defendants never engaged in discussing the possibility of redaction with Plaintiffs Tom Edmond, Carol Edmond and/or David Edmond, at any point, as per the case Defendants' cite. Additionally, rather than provide Plaintiffs the names of persons whose privacy interests are implicated so that Plaintiffs may seek the same out as witnesses and/or to alleviate the concerns of which Defendants seek a protective order, Defendants withheld such information and never

10

visited the idea. Defendants never conferred with Plaintiff to provide a video with edits or to propose an *in camera* review. Rather than limiting the video, providing redaction(s) as in *Bryner* and/or producing the video as Ordered by this Court (thereby eliminating any FERPA concerns), Defendants seek a protective order without a good faith basis to do so.

Accordingly, Plaintiffs respectfully request that this Court deny Defendants' application for a protective order and grant all other relief this Court deems just and proper.

**Point IV: The Balance of Interests, that being the Safety of Black/African American High School Students in Longwood High Schoool, outweighs the Privacy Interests of Students who were Present in the Hallway at the Time that David Edmond was Choked and Physically Assaulted**

Any balancing of interest weighs heavily in favor of the Plaintiffs who were forced to bring this lawsuit to address the disparate impact of discipline visited upon David Edmond on the basis of his race, color and/or national origin as well as the assault culminating in a chokehold placed upon David Edmond by a Longwood school security guard.

The public interest is based on the citizenry's right to "keep a watchful eye" on the workings of federal courts and the federal courts' need for public accountability. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). Without public and professional monitoring, there can be "no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). Thus, under the common law, judicial documents have been presumptively subject to public inspection. See United States v. Amodeo, 44 F.3d 141, 146 (2d Cir. 1995).

As discussed above, Defendants fail to articulate why this lawsuit should be litigated under a shroud of secrecy when the public safety concerns of Plaintiff David Edmond and other

11

black/African American students are involved. David Edmond was grabbed, seized, strangled and choked on the ground by Defendant Scott Paltrow until onlookers (witnesses) intervened - Plaintiffs make this clear in their complaint. Because Defendants withheld the school security video, the basis for the assault/summary punishment of David Edmond, Plaintiffs filed suit in federal court to obtain. The balance of interests weighs in favor of addressing the disparate treatment of African American/black students in Longwood and tilts, inordinately, in the public interest to publicly address the failure to reprimand, criminally charge and/or prosecute a security guard, who, upon information and belief, is still working with Longwood students, after that same security guard decided to apply an Eric Garner[1] style chokehold to a high school student.

The Second Circuit defined a "judicial document" as material filed with the court that is "relevant to the performance of the judicial function and useful in the judicial process." Amodeo, 44 F.3d at 145. How strong a "presumption of access" is accorded a document will vary with its role in the adjudicatory process. Evidence introduced at trial is given an "especially strong" presumption of access. In re Application of National Broadcasting Co. v. Myers, 635 F.2d 945, 952 (2d Cir. 1980). Likewise, a document submitted as the principal basis for a dispositive motion is given a strong presumption. As the exercise of Article III powers is a formal act of government, it should be subject to public scrutiny absent "exceptional circumstances." Amodeo, 71 F.3d at 1049. It follows that documents that play a central role in that process strongly should be presumed to be open to the public.

This video is tantamount to the public concern in regards to high school safety, the fair and appropriate treatment of minority students and, central to Plaintiffs' claims, to the accountability of state actors/those acting under color of state law when it comes to the discipline

---

[1] See Conor Friedersdorf, *Eric Garner and the NYPD's History of Deadly Chokeholds*, The Atlantic (Dec. 4, 2014), http://www.theatlantic.com/national/archive/2014/12/context-for-the-punishment-free-killing-of-eric-garner/383413/.

of school age children, the application of force to school age children and the accountability of our public schools in disciplinary policies and ensuring the fair application of the same. Defendants fail to provide "exceptional circumstances," <u>Amodeo</u>, 71 F.3d at 1049 to justify the departure from longstanding law against confidentiality as well as address the possibility that such witnesses depicted in the school security video would consent its release to Plaintiffs under these circumstances. Not only do Defendants fail to meet their requirements under Federal Rule of Civil Procedure Rule 26, the basis for this motion, Defendants fail to provide why this Court should deviate from the strong presumption of public access that the school security video deserves. Rightfully so, the video should have been turned over to Defendant Suffolk County and Defendant Suffolk County Police Department ("SCPD") so that the SCPD could have had a reasonable opportunity to investigate and prosecute Scott Paltrow, the defendant security guard that decided to apply a chokehold to high school senior Plaintiff David Edmond.

Defendants fail to meet their burden against disclosure and fail to articulate why, in this motion for a protective order, the public should be shielded from its ability to hold state actors accountable for their actions (or lack of therein) when a lawsuit is brought against them in the Eastern District of New York. Accordingly, Plaintiffs respectfully request that the Court deny Defendants' motion in its entirety, Order the unconditional release of said school security video and grant all other relief that this Court deems just and proper.

## CONCLUSION

For all the foregoing reasons, the Plaintiffs respectfully request that this Court not issue a protective order for the school security video depicting the physical assault of David Edmond and/or the school security video used in the discipline of Plaintiff David Edmond, that this Court issue an Order requiring the immediate and unconditional release of the school security submitted Defendants as well as all other school security video within Defendants' possession and relevant to this matter. Plaintiffs also respectfully request that this Court issue all other relief it deems just and proper.

Dated: Suffolk, New York
      October 10, 2016

                            Respectfully submitted,

                            THE LAW OFFICES OF
                            CORY H. MORRIS

By:  _____
                            *Attorney(s) for Plaintiff*
                            **CORY H. MORRIS, P.C.**
                            **CORY MORRIS, ESQ. (CM5225)**
                            **33 WALT WHITMAN RD, SUITE 310**
                            **DIX HILLS, NEW YORK 11746**