

*Via Electronic Case Filing Only*

LAW OFFICES OF
CORY H. MORRIS
ATTORNEY &
COUNSELOR AT LAW

November 16, 2016

Hon. Judge Anne Y. Shields
100 Federal Plaza
P.O. Box 830
Central Islip, New York 11722
Courtroom 830

> Re:    Joint Status Letter as per Judge Anne Y. Shields' August 1, 2016
> Order - Edmond v. Longwood Central School District et al, 2:16-cv-2871;

Dear Judge Shields:

The undersigned are counsel to the parties in the above-referenced civil rights action. In accordance with Your Honor's Case Management and September 21, 2016 telephone conference we write to apprise the Court of the status of discovery and other preliminary matters.

As Your Honor may recall, Plaintiffs in this action asserts claims for, *inter alia*, false arrest and excessive force pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 against Suffolk County, Suffolk County Police and Longwood Central School District Defendants. Plaintiffs' claims are based on David Edmond's being targeted for punishment on the basis of his race, color and/or national origin by Longwood Central School District employees. Plaintiff David Edmond was grabbed, slammed, battered and choked by a Longwood Highschool Security Guard and then subjected to summary punishment on the same illegal basis. Suffolk County and Suffolk County Police Officers' involvement extends, *inter alia*, to the conspiracy between state actors to violate the Plaintiffs' constitutional rights and a failure to intervene to prevent the violation of Plaintiff's constitutional rights.

### A.    Suffolk County's Position

The County disputes plaintiffs' representations regarding discovery. The County has fully responded to all discovery demands for which responses have thus far been due. Plaintiffs did not seek any "meet and confer" as required by Local Rule 37.3 with regard to any claimed deficiencies in the responses until this afternoon, after we pointed out to their failure to comply with the rule.

More globally, however, we submit that any assertion by plaintiffs that the County has not fully participated in discovery should be viewed in the context that plaintiffs have

no conceivable claim against the County. The County and the school district are completely separate legal entities. The County does not own, operate, maintain, supervise, or exercise any control over the District defendants, whatsoever. Insofar as plaintiffs' purported claim against the County is that it failed to arrest others for their conduct, their claim is not cognizable. See, e.g., Allen v. New York City Dep't. of Correction, No. 06 Civ 7205 (RJS)(MHD), 2010 WL 1644943 (S.D.N.Y. March 17, 2010)("There is no constitutional right to force an officer to make an arrest....[and] no constitutional right to an investigation by government officials"); See also Hogan v. County of Lewis, 929 F. Supp.2d 130 (N.D.N.Y. 2013)(private citizens lack judicially cognizable interests in the prosecution of another).

B.    Longwood School District's Position

The District defendants dispute plaintiffs' representations. Since our September 16, 2016 status letter to the Court, on November 15, 2016, as agreed to by plaintiffs, the District defendants served a Response to plaintiffs' Requests for Admissions, which contained sixty-four (64) requests. On the same date, the District defendants served their Response to Plaintiffs' First Set of Interrogatories and Response to Plaintiffs' First Set of Document Demands. Consistent with their discovery obligations under the Federal Rules, the District defendants are continuing searches for any documents/information responsive to the plaintiffs' demands and/or relevant to the claims and defenses at issue in this case and intend to amend and/or supplement their responses as appropriate should any such documents/information be ascertained. The District defendants also anticipate producing additional documents once the confidentiality concerns are addressed.

To date, the plaintiffs have produced authorizations to allow the District defendants to obtain David Edmond's medical records from the date of the incident to the present from three facilities. The District defendants have processed these authorizations are awaiting receipt of the records. The plaintiffs also produced an electronic copy of a partially executed FERPA authorization addressing the release of David Edmond's educational records. We have advised plaintiffs' counsel that the District requires an original of the executed authorization and we have provided counsel with an authorization that includes the necessary information and only requires execution by plaintiff in order to facilitate this process. The District defendants are awaiting receipt of the original and fully executed FERPA authorization.

In addition, the District defendants are still awaiting plaintiffs' production of authorizations to allow them to obtain the records pertaining to any psychological treatment of the plaintiffs and the plaintiffs' employment records, as ordered by the Court during the August 1, 2016 conference. The District defendants also continue to await authorizations for medical records pertaining to treatment for prior similar injuries and all applicable collateral source records, which were requested several times in writing.

The District and County defendants previously noticed the depositions of all three plaintiffs. However, the parties agreed to adjourn these depositions without date until

following the November 21, 2016 Status Conference.  In addition to the plaintiffs, the District defendants anticipate seeking the depositions of numerous individuals from whom statements were allegedly obtained following the incident.  We expect that we will be able to conduct several of these depositions within the same day due to the anticipated limited scope of their depositions.

As the Court is aware, the District's motion for a protective order with regards to the identities of non-party students depicted in the security footage of the incident is pending.  The plaintiffs' counsel previously represented during the August 1, 2016 Initial Conference and the September 21, 2016 telephone conference with your Honor's Clerk that they would agree to a confidentiality agreement covering student disciplinary records.  During the September 21, 2016 telephone conference plaintiffs' counsel also represented that they would also agree to a confidentiality agreement as to personnel records of District and County employees.  Based on these representations, the District defendants did not move to address any of these confidentiality issues when moving for a protective order, and instead, a revised Stipulation and Protective Order was forwarded to plaintiffs' counsel following the telephone conference.  However, plaintiffs' counsel later advised that they apparently will not agree to confidentiality as it pertains to District employees' personnel records and that they do not agree to the proposed Stipulation and Protective Order even to the extent it addresses non-party student disciplinary records.  The District defendants wish to discuss these confidentiality issues with the Court during the upcoming Status Conference.

### C.    Plaintiffs' Summary of the Status of Discovery

Plaintiffs provided Defendants, *inter alia*, video, medical records, witness statements, documentation and Plaintiff's Initial Disclosures where Defendants have failed to comply with this Court's Order and the Federal Rules of Civil Procedure including but not limited to providing Plaintiffs relevant documentation, video, a privilege log or describing material Defendants wish to withhold on the basis of privilege. *See, e.g.,* Fed.R.Civ.P. 33(b)(2) and 34(b)(2). Suffolk County/Suffolk County Police Department Defendants provided a pithy response to both Plaintiffs' First Set of Interrogatories and Plaintiffs' First Set of Document Demands to which Plaintiffs requested a meet and confer in an attempt to resolve these issues without seeking Court intervention. Defendants Longwood asked for extension of time to submit responses to Plaintiffs' Requests for Admission, Document Demands and Interrogatories to which Plaintiffs have yet to receive.

Longwood Defendants continue to delay the discovery process. While Longwood School District Defendants contend that certain authorizations are outstanding, Plaintiffs were first made aware of this problem on November 15, 2016. In response, Plaintiffs sent both Plaintiffs' August 15, 2016 and September 21, 2016 letters providing Defendants authorizations. Specifically, Plaintiffs' counsel sent Longwood Defendants' counsel a letter on September 21, 2016 with six releases and a Power of Attorney stating, *inter alia*, that "[a]t this point, should you find defect in any of the releases produced by our office, we must respectfully insist that you send us what you wish our client to sign to avoid future issues." Plaintiffs' counsel was told, for the first time, that

3

there were issues with not only the medical authorizations but also the school records authorization.

Plaintiffs respectfully request that this Court Order that the Longwood Defendants produce documentation that is covered under Family Educational Rights and Privacy Act ("FERPA"). See Nastasia v. New Fairfield Sch. Distr., 2006 U.S. Dist. LEXIS 40316, 2006 WL 1699599, *1-2 (D.Conn. June 19, 2006) (requiring disclosure of records of student(s) who made complaints similar to those of plaintiff). "Under the provisions of the statute, a school would not be subject to sanctions for disclosure of education records covered by FERPA when such disclosure was made pursuant to a judicial order.Ragusa v. Malverne Union Free Sch. Dist., 549 F Supp 2d 288, 291-292 (EDNY 2008) (citing Rios v. Read, 73 F.R.D. 589, 598 (E.D.N.Y. 1977). To obviate the need for further Court intervention, Plaintiffs note that "FERPA permits Defendants to disclose students' education records to comply with a judicial order." Jacques v Adelphi Univ., 2011 US Dist LEXIS 78077, at *5 (EDNY July 19, 2011, No. CV 10-3076 (LDW) (AKT)) (citing 34 CFR 99.31(a)(9)(i)). Longstanding precedent allows for this Court to order the Defendants to comply with Plaintiffs' demands obviating the continued need to revisit this issue and continued demands that Plaintiffs enter a stipulation of confidentiality.

Regarding discovery produced, Defendants Longwood Central School District and Suffolk County both fail to either provide a privilege log or assert a privilege pursuant to the Federal Rules of Civil Procedure. Local Civil Rule 26.2(b) "commands, inter alia, that when documents sought ... are withheld on the ground of privilege, [a privilege log] shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court." 7 FG Hemisphere Assocs., L.L.C. v. Republique Du Congo, No. 01 CV 8700, 2005 WL 545218, at *5 (S.D.N.Y. Mar. 8, 2005).

Plaintiffs received perfunctory discovery responses from Defendants Suffolk County albeit Plaintiffs know that much documentation exists within the possession of Suffolk County which should be provided to Plaintiffs but has not been provided. For instance, the Suffolk County Defendants claim "upon information and belief," that the Suffolk County Police Department did not receive school video footage from Longwood School District Defendants. To streamline issues of confidentiality, Plaintiffs' counsel sent a letter to the Suffolk County Defendants with a proposed stipulation of confidentiality as agreed upon in another matter involving Plaintiffs counsel's office and the Suffolk County Attorney's Office.

It appears evident that the Suffolk County Defendants are withholding witness names including but not limited to officers responsive to the June 4, 2015 incident, notes, video footage, memoranda, officer memo books, incident reports (including but not limited to school incident reports), training material(s), policies and procedures, complaints against Longwood School District employees, civilian complaints and/or disciplinary records of Defendants, documentation utilized in an Internal Affairs Bureau Investigation, statements and communications of Plaintiff(s) and between Defendants, and based on groundless objections. Plaintiffs are still unsure of what, if any,

documentation and/or discovery responses are forthcoming from Longwood Defendants.

We thank the Court for its kind consideration.

Respectfully Submitted,
/S/
CORY H. MORRIS, ESQ.

CAROLINE B. LINEEN, ESQ.

ARLENE ZWILLING, ESQ.