# COUNTY OF SUFFOLK



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

**DENNIS M. BROWN**
 **COUNTY ATTORNEY**

**DEPARTMENT OF LAW**

December 20, 2016

Hon. Anne Y. Shields, U.S.M.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: Edmond et an., v. Longwood CSD, et al.
    CV16-2871 (JFB)(AYS)

Dear Judge Shields:

The Suffolk County Attorney's Office represents defendant the County of Suffolk ("the County") in this civil rights action concerning an incident at Longwood High School, which is run by defendant Longwood Central School District.  The County submits this letter in opposition to the letter to the Court of plaintiffs' counsel, Cory H. Morris, Esq., dated December 13, 2017, which requests an order a) compelling discovery by the County and b) allowing the County to waive service of process on individual police officer defendants or imposing sanctions on the County, or alternatively, c) scheduling a pre-motion conference.

Plaintiffs should not be granted the order they seek because their request is both procedurally defective and substantively meritless.  Although the County generally does not object to requests for conferences, we are constrained to note that regrettably, the Court has already been forced to expend an inordinate amount of its limited time addressing misguided, formalistic and inflexible discovery demands by plaintiffs.  For the Court to hold a conference regarding plaintiffs' present application would surely result in a further needless expenditure of judicial time.

On a procedural level, the County respectfully submits that plaintiffs' request for an order compelling discovery is made in flagrant disregard of the applicable rules.  Both Fed.R.Civ. P. Rule 37(a)(1) and Local Rule 37.3 require that a movant confer or attempt to confer in good faith in an effort to resolve a discovery issue without Court action.  In fact, Local Rule 37.3 requires that "[p]rior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in

conformity with Fed. R. Civ. P. 37(a)(1).  Likewise, Your Honor's Individual Practice Rules VI.C. also provides that counsel must make a good faith effort to resolve a discovery dispute before initiating a conference call with the Court, and may not make a motion unless authorized to do so during the conference call.

Although Mr. Morris did phone me to discuss the County's responses to plaintiffs' interrogatories and document demand, to say that counsel proceeded in good faith in doing so would render the governing rules meaningless.  During the phone call, I informed Mr. Morris that the County's position regarding document discovery was that all material concerning the incident, including the security video footage, had been produced, with the exception of the Internal Affairs Bureau ("IAB") file and the 911 tape; that the IAB report would be provided on its completion and the entry of a stipulated order of confidentiality; and that we would provide him with a copy of the 911 tape.  I also pointed out that since copies of many, if not all, of the materials requested in this litigation were produced to plaintiffs in response to a FOIL request to the Suffolk County Police Department and again in the course of an Article 78 proceeding they brought in Supreme Court, Suffolk County to challenge the response to their FOIL request (copy of petition annexed as exhibit A), we would not be providing him additional copies.  Upon receiving this information from me, Mr. Morris explicitly agreed that the County's discovery response was acceptable to plaintiffs.  <u>However, in a stunning reversal, and without advising us that his position had changed, he then proceeded to file the letter now before the Court.</u>  Respectfully, the County submits that this sort of action by counsel, in expressing an agreement with opposing counsel, and then filing a motion as if no agreement had been made, is not the good faith required by the applicable rules and should not be countenanced by the Court. Notably, plaintiffs also transgressed Your Honor's individual Practice Rules by filing their motion without first participating in a phone conference with the Court.

Moreover, plaintiffs' request is also substantively without merit.  The County's discovery response has been eminently reasonable.  As stated above, we have provided all material related to this incident other than the 911 tape and IAB file. In fact, we have produced many, if not all of these materials more than once, in the context of plaintiffs' FOIL request, the Article 78 proceeding, and this case.  I have requested copies of the 911 tape from the Police Department and will forward it to Mr. Morris as soon as I receive it.  The IAB report will be provided upon its completion and the entry of a stipulated order of confidentiality. Tellingly, since plaintiffs fail to identify any materials or category of materials that the County has supposedly have failed to produce[1], it would appear that plaintiffs' present complaint is that the County has declined to again re-produce copies of the materials.  This position is purely formalistic, if not, inherently unreasonable.

---

[1] Plaintiffs do mention that the County has not produced the memobook pages of the individual police officer defendants.  Those documents are not County property.  *Scott v. Chief Medical Examiner, City of New York* , 179 A.D.2d 443577 N.Y.S.2d 861(1st Dept. 1992). If, and when, jurisdiction over the officers is acquired, production of the memobook pages may correctly be sought from them.

**LOCATION**                                  **MAILING ADDRESS**
**H. LEE DENNISON BLDG.**               **P.O. BOX 6100**                               **(631) 853-4049**
**100 VETERANS MEMORIAL HIGHWAY**     ♦    **HAUPPAUGE,  NY   11788-0099**        ♦    **TELECOPIER (631) 853-5169**

Plaintiffs also demand sanctions against the County for not waiving service of process on individual defendants Isnardi and Zimmerman, and ask the Court to compel the County Attorney's Office to appear for them in this action.  Simply put, Fed.R.Civ. P. Rule 4 makes it the responsibility of a plaintiff to ensure that service of process is made upon, and personal jurisdiction is acquired over, all defendants.  While plaintiffs' process server served the County Attorney's Office on behalf of the County on June 23, 2016 (see affidavit of service annexed as exhibit B), this office is not authorized to accept or waive service on behalf of individual County employees, and cannot lawfully purport to do so.  It is plaintiffs' responsibility to make certain that process is correctly served.  Similarly, plaintiffs are not entitled to have the Court compel the County Attorney's Office to appear for and represent individual employees. It is self –evident that opposing parties and the Court do not choose counsel for defendants in civil cases.  Any suggestion by Mr. Morris that he was somehow misled into thinking that the County Attorney's Office was representing the individual officers is disingenuous.  The County Attorney's Office timestamped the summons and complaint served by plaintiff's process server, as it does all process served, with the words "Accepted on behalf of the County of Suffolk only" (exhibit C).  Also, the two answers filed by this office herein were expressly filed in the name of the County and the Suffolk County Police Department, only.  Thus, plaintiffs' counsel was clearly on notice that we have not appeared for the individual officers.  In any event, since the summons was issued June 8, 2016, under Rule 4, it is no longer valid and cannot be used to acquire personal jurisdiction over the police officers at this time.

Accordingly, for the above reasons, the County respectfully requests that plaintiffs' letter application of December 13, 2016 be denied.

We thank the Court for its continued time and attention to this case.


Respectfully submitted,

Dennis M. Brown
County Attorney

/s/ Arlene S. Zwilling
By:  Arlene S. Zwilling
Assistant County Attorney