**SILVERMAN & ASSOCIATES | ATTORNEYS AT LAW**

March 1, 2018

**VIA ELECTRONIC FILING**
Honorable Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *David Edmond, et al v. Longwood Cent. Sch. Dist., et al*
             16-CV-2871 (JFB)(AYS)

Dear Judge Bianco:

    We represent the defendants, Longwood Central School District, Michael Lonergan, Maria Castro, Scott Reese, and Scott Partlow. We are writing in opposition to the plaintiffs' February 21, 2018 request for a pre-motion conference regarding a motion to amend their Complaint.

    The defendants respectfully submit that the plaintiffs' request should be denied. Pursuant to the Court's Scheduling Order of August 1, 2016, the plaintiffs' deadline to move to amend or join new parties was December 14, 2016. Since the Court-ordered deadline to amend has passed, the plaintiff must demonstrate good cause for the belated amendment. To establish good cause, the plaintiffs must demonstrate that the deadline to amend could not be met despite due diligence. <u>Alexander v. Westbury Union Free Sch. Dist.</u>, 2011 U.S. Dist. LEXIS 127738 at * 66-69 (E.D.N.Y. Nov. 4, 2011). Here, the plaintiffs have known the identifies of the individuals they now seek to name as defendants, Melissa Conlon, Barbara Merkle, James Perrotta, and Jerry Chan, well prior to this time. In fact, they have been aware as early as the defendants' Rule 26 Initial Disclosures made in August 2016. For that reason alone, the plaintiffs' request for leave to amend should be denied.

    In addition, leave to amend should be denied where the proposed amendments would be futile. <u>Jin v. Metro. Life Ins. Co.</u>, 310 F.3d 84, 101 (2d Cir.2002). The proposed amendments to include four new individual defendants would be futile because the plaintiffs do not sufficiently plead in the proposed Amended Complaint facts to state plausible claims against these individuals. Also, any state law claims against the individuals that the plaintiffs now seek to name as defendants are barred by the applicable statute of limitations.

    Further, the plaintiffs appear to seek leave to amend to include a new claim not previously asserted in their Complaint. Specifically, the plaintiffs seek to include a claim for violation of the plaintiff's due process right to bodily integrity. This claim does not appear to have been previously pled in the Complaint and the plaintiff should be permitted to belated allege such a claim now.

For all the foregoing reasons, the defendants respectfully request that the plaintiffs' application be denied.

Respectfully submitted,

SILVERMAN & ASSOCIATES

By: _____
Lewis R. Silverman (LS 9723)
Caroline B. Lineen (CL 0630)
Attorneys for District Defendants
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510

TO: **Via ECF**
Cory H. Morris, Esq.
Attorney for Plaintiffs