

*Via Electronic Case Filing Only*

12 March 2018

SILVERMAN & ASSOCIATES
*Attorneys for Defendants*
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601

re   *David Edmond, et al v. Longwood Cent. Sch. Dist., et al*  16-CV-2871 (JFB)(AYS)

ATTENTION   Lewis R. Silverman, Esq.
             Caroline B. Lineen, Esq.

Counselors:

PLEASE TAKE NOTICE that Plaintiffs demand that you immediately serve upon us directly all video files and materials relating to the subject matter of this litigation in an industry standard format ready for viewing directly upon computers, laptops, tablets and smart phones running industry standard commercial operating systems without the need to access such video files and materials through third party depository file hosting systems such as *DropBox.*

PLEASE TAKE FURTHER NOTICE that you are directed to immediately serve upon us directly industry-standard electronic document format all of the documents and materials requested in the three outstanding notices to produce documents.

The testimony of Defendant MICHAEL R. LONERGAN established that the Longwood Central School District ("District") delegated the conduct of this litigation on behalf of the District without restriction to your firm and the firm representing the Longwood Central School District Board of Education, Ingerman Smith, LLP. You are responsible for complying with all of the demands Plaintiffs have made for discovery since the complaint was filed.

By letter notice dated 29 June 2015 you were advised of your duty to maintain, preserve, retain, protect, and not destroy any and all documents and data, both electronic and hard copy, that may be relevant to Clients',

David Edmond, Carol Edmond and Tom Edmond, potential claims against your clients that occurred at Longwood High School on June 4, 2015.

On 6 September 2016 you were duly served with Plaintiffs' First Set of Document Demands. You did not comply with those demands in a timely fashion and many of the documents requested are still outstanding. The court has not relieved you of your obligation to produce those documents and failure to produce them has limited the plaintiffs and their ability to prosecute their claims.

On 8 September 2016 you were duly served with Plaintiffs' First Set of Interrogatories. You did not comply with those demands in a timely fashion and many of the documents requested are still outstanding. The court has not relieved you of your obligation to produce those documents and failure to produce them has limited the plaintiffs and their ability to prosecute their claims.

On 26 August 2017, you were duly served with Plaintiffs' Second Set of Document Demands. You did not comply with those demands in a timely fashion and many of the documents requested are still outstanding. The court has not relieved you of your obligation to produce those documents and failure to produce them has limited the plaintiffs and their ability to prosecute their claims.

On 4 November 2017, you were duly served with Plaintiffs' Demand for Interrogatories #22. You did not comply with that demand in a timely fashion and many of the documents requested are still outstanding. The court has not relieved you of your obligation to produce those documents and failure to produce them has limited the plaintiffs and their ability to prosecute their claims.

On a January 2018, you were duly served with Plaintiffs' Third Set of Document Demands. You did not comply with those demands in a timely fashion and many of the documents requested are still outstanding. The court has not relieved you of your obligation to produce those documents and failure to produce them has limited the plaintiffs and their ability to prosecute their claims.

The court ordered discovery to be completed by 28 February 2018. You refused to produce James Perrotta, the final witness for Plaintiffs to depose until 15 March 2018, and you did not begin to produce documents until 1 March 2018. You are still producing documents in the form of thousands of

pages of paper without any indication of the demands for document discovery and interrogatories to which they are supposed to be responsive.

Of greatest concern is your failure to produce critical video of the attack upon the Plaintiff DAVID EDMOND and the circumstances surrounding that attack and the treatment of the Plaintiff from the time of the attack until his parents arrived at the school. When you did produce video, you posted it to a *DropBox* account in the "Cloud" which would require the Plaintiffs to pay for the privilege of viewing the video to which they are entitled.

Your contumacious refusal to comply with reasonable discovery demands and your deliberate policy of delay in production of information solely within the possession and control of your firm and your clients has evidenced flagrant disregard of the *Federal Rules Of Civil Procedure*. The magistrate has suggested that we make application on behalf of the Plaintiffs for sanctions. As a professional courtesy and in a good faith effort to move this action toward trial and ultimate disposition, with the consent of the Plaintiffs, we are deferring any application for sanctions until the conclusion of the litigation.

We expect your immediate electronic delivery of all the video you have been ordered to produce industry standard format.

CORY H. MORRIS (CM 5225)
THE LAW OFFICES OF CORY H. MORRIS
*Attorney for the Plaintiffs*
33 Walt Whitman Rd, *suite* 310
Dix Hills, New York 11749
Phone: (631) 450-2515
FAX: (631) 223-7377
Cory.H.Morris@protonmail.com

VICTOR JOHN YANNACONE, JR. (VY6405)
*of counsel*
Phone: (631) 470-0231
Email barrister@yannalaw.com