# United States District Court

### *for the*

## Eastern District of New York

---

**DAVID EDMOND, CAROL EDMOND**, his mother, and **TOM EDMOND**, his father,

*Plaintiffs*

–**V**–

**LONGWOOD CENTRAL SCHOOL DISTRICT;**
**MICHAEL R. LONERGAN**, DSW, individually, and as Superintendent of Schools;
**MARIA I. CASTRO**, EdD, individually and as Assistant Superintendent for Instruction and Learning, and as Principal of Longwood High School at the times mentioned in this complaint;
**MELISSA CONLON**, individually and as Assistant Principal, Longwood Senior High School;
**SCOTT REESE**, individually and as Assistant Principal, Longwood Senior High School;
**BARBARA MERKLE,** , individually and as a member of the Longwood Senior High School Administration Personnel Group;
**JAMES PERROTTA**, individually and as a "security guard" and/or a supervisor of "security" at the Longwood Senior High School, but who is not listed anywhere in the "Longwood CSD Directory;"
**SCOTT PALTROW**, individually and as a "security guard" at the Longwood Senior High School, but who is not listed anywhere in the "Longwood CSD Directory;"
**JERRY CHAN**, individually and as a "security guard" at the Longwood Senior High School, but who is not listed anywhere in the "Longwood CSD Directory;"
and certain other as yet unidentified members of the Longwood Central School District administration and the administration of Longwood Senior High School,

*Defendants,*

**2:16-cv-2871** JFB-AYS

**THIRD AMENDED
VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

Preliminary Statement ......................................................4

Jurisdiction ...................................................................4

Venue .........................................................................5

The Plaintiffs ...............................................................5

The Defendants.............................................................6

The attack ...................................................................9

Immediately following the attack ......................................12

Defendants' immediate response following the attack .............15

The conspiracy ...........................................................16

The conspiracy and cover-up...........................................18

Summary Discipline and Suspension ................................22

The Causes of Action ...................................................25

42 U.S.C. §1983 Municipal liability .................................25

42 U.S.C. §1983 violation: excessive use of force ................26

42 U.S.C. §1983 Denial of equal protection .......................27

42 U.S.C. §1983: false arrest/false imprisonment ................28

42 U.S.C. §1983 and New York law: abuse of process.............29

42 U.S.C. §1983: violation of right to bodily integrity.............29

42 U.S.C. §1983: Negligent supervision; failure to supervise .....30

42 U.S.C. §1983: State created danger/due process violation.....33

42  U.S.C. §1983: "*Monell*" claim....................................35

42 U.S.C. § 1981 .........................................................37

42 U.S.C. §§1985, 1986: ...............................................39

Conspiracy to violate civil rights and failure to intervene.......39

42 U.S.C. § 2000-d: *Civil Rights Act* Title VI ....................42

Pendent Jurisdiction....................................................45

Negligence .................................................................45

**Assault and battery**........................................................................**46**

**Intentional infliction of emotional distress** ..............................**46**

**Negligent infliction of emotional distress**................................**47**

**Personal Injury and Damage** .........................................................**48**

**Damages from racial/ethic discrimination** ...............................**49**

**Prayer for Relief** ...............................................................................**49**

**Verification**..........................................................................................**53**

**Affirmation of Electronic Filing and Service by E-mail**............**54**

# AMENDED VERIFIED COMPLAINT

Plaintiffs**, DAVID EDMOND, CAROL EDMOND** and **TOM EDMOND**, by and through his attorneys the LAW OFFICES OF CORY H. MORRIS, CORY H. MORRIS, P.C., as and for their *Amended Verified Complaint* against the Defendants herein, states and alleges as follows:

## PRELIMINARY STATEMENT

This is a civil action seeking a declaratory judgment, equitable relief, together with general, compensatory, and punitive damages, together with costs and disbursements, including reasonable attorneys' fees in order to provide just compensation to the Plaintiffs for the injuries and damage that resulted from the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND which included subjecting him to a chokehold and violated his civil, human and Constitutional rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and the Constitution and laws of the State of New York and claiming relief and just compensation under 42 U.S.C. §§1981, 1983, 1985 and 1986, 42 U.S.C. §2000-d because the Defendants are state actors acting under color of law  and targeted Plaintiff for disparate treatment and discrimination by reason of his race, color and/or national origin.

## JURISDICTION

1.     The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

2.     This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. §1367.

3.     On or about August 31, 2015, Plaintiff timely and properly served notice of claim on the Defendant Longwood Central School District in accordance with the provisions of New York *General Municipal Law* §50-e.

4.     That on or about November 24, 2015, Defendants conducted a hearing pursuant to New York *General Municipal Law* §50-h and took sworn testimony from Plaintiffs David Edmond, Tom Edmond, and Carol Edmond.

5.     More than ninety (90) days have elapsed since the claim was presented and Defendants failed to adjust or make payment on the claim.

6.     On or about June 12, 2016, Plaintiffs submitted a copy of the original Complaint filed in the Eastern District of New York to the Office for Civil Rights, U.S. Dep't of Education.

7.     On or about May 15, 2017 [D.E. 59], Plaintiffs voluntarily withdrew its claims against Suffolk County, Suffolk County Police Department and Suffolk County Police Officers Zimmerman and Isnardi.

8.     No other such similar relief has been requested and the Office for Civil Rights, U.S. Dep't of Education has failed to further act or intervene in this litigation.

9.     This action has been commenced within the three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 as well as within the applicable statute of limitations for the pendant state law claims.

10.    On or about July 9, 2018, the Honorable District Court Judge Joseph F. Bianco issued an Order granting the Plaintiffs leave to file this amended complaint.

## VENUE

11.    All the events involving the parties to this action occurred in Suffolk County, New York.

12.    The Plaintiffs each reside in Suffolk County, New York.

13.    The principle place of business of the Defendants and each of them is, upon information and belief, located in Suffolk County, New York.

14.    Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391.

## THE PLAINTIFFS

15.    Plaintiff DAVID EDMOND is an African American man who, at the time of the events giving rise to the causes of action herein was eighteen years

of age and a graduating senior student at Longwood Senior High School.

16.  Plaintiff CAROL EDMOND is an African American woman and the mother and guardian of Plaintiff DAVID EDMOND.

17.  Plaintiff TOM EDMOND is an African American man and the father and guardian of Plaintiff DAVID EDMOND.

18.  Plaintiffs TOM EDMOND and CAROL EDMOND are the parents of African American children other than Plaintiff DAVID EDMOND who were or are enrolled in schools of the Longwood Central School District.

## THE DEFENDANTS

Upon information and belief, at all the times and at all the places stated and alleged in this complaint

19.  Defendant LONGWOOD CENTRAL SCHOOL DISTRICT applied for and did receive funds from the federal government of the United States and from the State of New York as well as from other government sources, and not-for-profit organizations.

20.  Defendant LONGWOOD CENTRAL SCHOOL DISTRICT is operated by, through, and under the jurisdiction, supervision, and control, depending upon the circumstance, of its Board of Education.

21.  The central administration of Defendant LONGWOOD CENTRAL SCHOOL DISTRICT is concentrated in the office of the District Superintendent, and the administration of each of school building in the District where students are located.

22.  Defendant MICHAEL R. LONERGAN was, and still is the District Superintendent of the Longwood Central School District and acts as the Chief Executive Officer of the school district with the mandate of executing the policies and procedures promulgated by the Board of Education and assuring compliance with laws of the state of New York and the United States of America as well as the rules and regulations promulgated by agencies such as the New York State Department of Education in his administration of the District.

23. Defendant Michael Lonergan has final authority over significant matters involving the exercise of discretion by himself and other employees of the Longwood Central School District, and the decisions he made represent government policy of the Longwood Central School District.

24. All of the employees of Defendant LONGWOOD CENTRAL SCHOOL DISTRICT acting within the scope of their employment are agents of said District and said Defendant LONGWOOD CENTRAL SCHOOL DISTRICT is responsible for the acts and actions of their employees, particularly those in executive and management positions.

25. Defendant LONGWOOD CENTRAL SCHOOL DISTRICT is responsible for assuring that all of the District employees, particularly administrators and other senior managers are properly qualified and trained for the duties they are required to perform.

26. Defendant MICHAEL R. LONERGAN is responsible for the employment, training, and supervision of the other individual Defendants named herein, subject to *pro forma* approval by the Board of Education of the Longwood Central School District.

27. Defendant LONGWOOD CENTRAL SCHOOL DISTRICT is responsible for the acts and actions of each of its employees and absent substantial credible evidence to the contrary the acts and actions of all the employees of the District are acting in furtherance of declared or tacit policies of Defendant LONGWOOD CENTRAL SCHOOL DISTRICT.

28. Defendant MARIA I. CASTRO was the Principal of Longwood Senior High School.

29. Defendant SCOTT REESE was an Assistant Principal at Longwood Senior High School.

30. Upon information and belief, Defendant LONGWOOD CENTRAL SCHOOL DISTRICT knew, or should have known, that Defendant Assistant Principal SCOTT REESE was a convicted felon who had engaged in dangerous, anti- social behavior on prior occasions.

31. Defendant BARBARA MERKLE was an Assistant Principal at Longwood Senior High School.

32.   Defendant Assistant Principal BARBARA MERKLE played a significant role in selectively collecting statements and evidence regarding the incident which is the subject of this litigation and summarily ignored any statements and evidence that supported the version of Plaintiff DAVID EDMOND.

33.   Defendant MELISSA CONLON was an Assistant Principal at Longwood Senior High School.

34.   Defendant Assistant Principal MELISSA CONLON played a significant role in selectively collecting statements and evidence regarding the incident which is the subject of this litigation and summarily ignored any statements and evidence that supported the version of Plaintiff DAVID EDMOND.

35.   Defendant JAMES PERROTTA was a member of the security staff of the Longwood Senior High School and, upon information and belief, was the direct supervisor of the security staff.

36.   Defendant SCOTT PALTROW was a member of the security staff and a security guard at the Longwood Senior High School.

37.   Defendant JERRY CHAN was a member of the security staff and a security guard at the Longwood Senior High School.

38.   Each of the named individual defendants, whether directly involved in the assault upon Plaintiff DAVID EDMOND or the subsequent disciplinary proceedings brought against said Plaintiff failed to take proper action to protect the Plaintiff.

39.   Each of the named individual defendants was directly or indirectly a party to the injury and damage of the Plaintiff DAVID EDMOND.

40.   Each of the named individual defendants was directly or indirectly a party implementing the racial discrimination which existed throughout the time that Plaintiff DAVID EDMOND was a student at Longwood Senior High School.

41.   Each of the named individual defendants was directly or indirectly responsible for denying the constitutional rights of the Plaintiff DAVID EDMOND by creating or continuing the climate of discrimination which

existed at Longwood Senior High School throughout the time that
Plaintiff was a student.

## THE ATTACK

42.  On 4 June 2015, Plaintiff DAVID EDMOND was a duly enrolled,
     identifiable, and identified graduating senior student at Longwood
     Senior High School lawfully and peacefully present on the grounds and
     inside the building.

43.  On 4 June 2015, Plaintiff DAVID EDMOND together with a number of
     other graduating senior students engaged in the customary and
     traditional non-violent and non-destructive "senior prank" on the
     property of Longwood Senior High School outside of the school building.

44.  On 4 June 2015, shortly after 1000 hours in the morning, Longwood
     Senior High School students were attempting to leave the school
     building and play tag as part of a traditional "senior prank."

45.  Upon information and belief, Defendant Assistant Principal SCOTT
     REESE and Defendant Director of School Safety JAMES PERROTTA
     communicated with each other, organized, and directed Administrators,
     Teachers, security staff and security guards to positions at the doors by
     which the students were leaving and intended to re-enter the building
     in an effort to prevent the students from leaving and/or reentering the
     Longwood Senior High School building.

46.  At the time, Defendant Assistant Principal SCOTT REESE and Defendant
     Director of School Safety JAMES PERROTTA were communicating with
     each other and certain Administrators, teachers, security staff and
     security guards by means of "walkie-talkies" attempting to block
     student egress from and return to the Longwood Senior High School
     building during this "senior prank" thereby creating a dangerous
     situation.

47.  By blocking the exits of the Longwood Senior High School building and
     attempting to physically stop large groups of students, specifically
     targeting black African American students, the Longwood Senior High
     School Administrators, teachers, security staff and security guards

created a dangerous condition for students entering and leaving the building.

48.   According to the information contained within the frames of video recordings, as a great number of students were returning to the building, teachers and/or administrators and/or security staff and security guards were standing in the doorways attempting to prevent the students from re-entering the Longwood Senior High School building.

49.   In attempting to prevent students from leaving and re-entering the Longwood Senior High School building, Defendant Assistant Principal SCOTT REESE, Defendant Director of School Safety JAMES PERROTTA, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and other employees of the Defendant LONGWOOD CENTRAL SCHOOL DISTRICT in furtherance of the orders from Defendant Assistant Principal SCOTT REESE and Defendant Director of School Safety JAMES PERROTTA did physically touch, assault, push and batter African American students, including but not limited to Plaintiff DAVID EDMOND.

50.   Shortly after the senior prank concluded, a large number of Longwood Senior High School students and teachers congregated in the "1600" hallway of the Longwood Senior High School building.

51.   Shortly after 1000 hours on June 4, 2015, two teachers physically restrained a black African American student who was apparently videotaping the scene and pushed him up against the wall in an effort to confiscate his cellphone.

52.   At some point, the students started to chant the word "Assh*le" over and over again.

53.   Plaintiff DAVID EDMOND was lawfully present in the hallway at the time this chant began but did not engage in the chanting.

54.   All of the events in the hall alleged herein were recorded according to school policy by security cameras maintained by Defendant LONGWOOD CENTRAL SCHOOL DISTRICT and demand has been made in writing on or about June 29, 2015 demanding preservation of the video recording and

production thereof. Production has been slow and incomplete supporting a reasonable belief that the raw security camera recording has been, to some extent at least, redacted, modified, destroyed and/or overwritten.

55. Shortly thereafter, according to other video recordings, Plaintiff DAVID EDMOND, is walking down the hall with two white caucasian classmates without any cellphones visible.

56. On June 5, 2015, Defendant Assistant Principal SCOTT REESE, Defendant Director of School Safety JAMES PERROTTA, Defendant Security Guard SCOTT PALTROW, and Defendant Security Guard JERRY CHAN in furtherance of long standing policies of racially discriminatory treatment of African American student including Plaintiff DAVID EDMOND executed their discriminatory and often violent conduct against African American student in the "blind spot" areas of the surveillance cameras maintained by the Longwood Central School District Administration in the Longwood Senior High School.

57. Defendant Assistant Principal SCOTT REESE approached the crowd of students in the hallway, then seized and grabbed Plaintiff DAVID EDMOND by his shirt, forcibly pushing the Plaintiff across the hallway perpendicular to the flow of students through the hallway to a point apparently out of range of the surveillance camera.

58. According to a statement provided by the Plaintiff DAVID EDMOND to the Defendant Administrators in their offices, and later to the Suffolk County Police Department, Plaintiff told Defendant Assistant Principal SCOTT REESE that he couldn't grab him like that and to get his hands off him. Reese responded with the question, "What are you going to do about it?" At that point, Reese raised his hand as if to strike the Plaintiff whose hands were at his sides and a security guard grabbed Plaintiff from behind locking both of his arms.

59. In the first frames of a contemporaneous video recording by a student and posted in the public social media cyberspace, Plaintiff DAVID EDMOND who is less than 6 feet tall and slightly built is fully restrained by a much larger security guard. Defendant Security Guard SCOTT

PALTROW arrives on the scene eventually pushing the student recording with the videophone out of the way.

60.   In the following frames, Defendant Security Guard SCOTT PALTROW, who is taller and much heavier than Plaintiff, who is fully restrained at the time, immediately applies a chokehold on the Plaintiff and violently slams David to the hallway floor and pins him to the floor with his entire body mass while forcing David's face against the solid floor all while continuing to choke him and deny him air to breathe.

61.   During the assault and battery by the Defendants Reese, Paltrow, and Chan, Plaintiff DAVID EDMOND continuously pleaded that he was unable to breathe and that he was in pain.

62.   The pleas of Plaintiff DAVID EDMOND went unanswered by the Defendants.

63.   During the assault and battery of the Plaintiff DAVID EDMOND by Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA, a teacher, Mr. Elrich Bowlay-Williams, was pleading with the assailants to, "Let him go."

64.   Upon information and belief, it took intervention by several more adults before Longwood Senior High School teacher Elrich Bowlay-Williams was able to wrestle Defendant Security Guard SCOTT PALTROW away from Plaintiff DAVID EDMOND and take the Plaintiff to what appeared to be the relative safety of an administrative office.

65.   Plaintiff David Edmond, injured from nearly being choked to death, was then approached by several Longwood Senior High School employees who attempted to extract incriminating information from David Edmond rather than attempt to treat his injuries.

## IMMEDIATELY FOLLOWING THE ATTACK

66.   Upon witnessing the attack on Plaintiff DAVID EDMOND, a student called 911 on her cell phone to report that Defendant Assistant Principal SCOTT REESE had struck and shoved Plaintiff and that

Defendant Security Guard SCOTT PALTROW and Defendant Security Guard JERRY CHAN had slammed Plaintiff to the ground. The student told the 911 operator that there were five witnesses to the incident, but the student must hang up the phone because the student was "getting in trouble" for using the phone.

67. At least three white students who witnessed the attack upon Plaintiff DAVID EDMOND made a complaint to the Suffolk County Police Department, and one of those students was summarily suspended.

68. Suffolk County Police Department did not respond to the 911 call, however, a recording of the 911 phone call from the student exists and is maintained by the Suffolk County Police Department.

69. Suffolk County Police Department Records evidence that a phone call was made by student Tiffany Kuckucka on behalf of David Edmond but that James Perrotta did "cancel" the call.

70. Another student who witnessed the entire event and spoke out in support of Plaintiff DAVID EDMOND was ignored.

71. Other students and former students who are identified herein by initials (only because they were or still are infants) witnessed the event and gave the following accounts:

72. M.G.S.: "David Edmond was held down in a chokehold and unable to breath by the security guard PALTROW. PALTROW continued to hold him down and force all of his weight on David even after repeated pleas from him and others to stop."

73. N.D.: "...During that time the Assistant Principle [sic] Mr. Reese grabbed David Edmond aggressively, then David turned towards Mr. Reese and told him not to touch him like that. When that happened the Security guard grabbed David and choked him to the ground and continued to keep David choked on the ground until a teacher got him off."

74. J.T.: "On June 4th 2015, David Edmond was held down in a chokehold and was unable to breath by the security guard Paltrow. Paltrow continued to hold him down and forced his weight on David, even after repeated please [sic] from him and others to stop."

75.   J.T.: "On June 4th students at Longwood high school got punished and hurt from a senior prank. Students DE, CF and BW got punished and hurt for no reason. The Assistant principle [sic] Reese aggressivly [sic] grabbed student David Edmond's jacket and raised his hand as if he was threatening David. Security guard Paltrow put David into a choke hold to the ground to the point were [sic] the student could not breath and Paltrow was told by many teachers to get off of the student and would not listen smashing his face to the ground. It was all uncalled for and the students do not deserve it."

76.   D.B.W.: "...a student was basically chocked [sic] by staff and security. There needs to be something done because this isn't right...this isn't the first time something like this happened because it happened to me and another security guard. I had nothing to do with the fight I was just helping a friend and I was grabbed up by security. The principal was e-mailed by my parent and she didn't do nothing about it even after she said she would have a meeting with me. What does that say about our safety in this school? Nothing is being done in the school and it needs to change. This is my last my last year and I don't want my brother to have to come here next and not feel safe because of the reactions that comes from staff and principals. The fact that a student was choked yesterday and could barely breath is horrible. We as students/seniors look out for each other so yes most of us are angry and upset about what went on...."

77.   T.W.: "On 6/4/15 David Edmond was thrown down by the security guard, Paltrow. David couldn't breath and was gasping for air. Paltrow was putting all of his weight on David while he was on the ground. Paltrow was continuously told to get off of David by several people including several teachers and David Edmond himself, but still refused."

78.   L.H.: "Yesterday, June 4, 2015, I witnessed one of my classmates get slammed and choked to the floor by one of our school security guards. David and Assistant principle [sic] Mr. Reese had an altercation in the middle of the hallway after our attempted senior prank. Right after I saw him slammed to the floor and held down by several security guards. There was also a few teachers holding him down on the floor as he was

in a chokehold. He was unable to defend himself. I would appreciate if something would be done about this because I now do not feel safe in this school Teachers and security guards should not have the authority to act so aggressively towards an innocent person."

79.   B.C.: "On Thursday June 4th, 2015 David Edmond was brought to the ground by a security guard and assistant principle [sic]. While on the ground I could hear him saying 'I cant [sic] breath" but the security guard continued to have his arm around David's [sic] neck. Many teachers were telling the security guard and assistant principle [sic] that they can handle the situation but they would not stop."

### DEFENDANTS' IMMEDIATE RESPONSE FOLLOWING THE ATTACK

80.   Rather than immediately evaluate the complaints of Plaintiff DAVID EDMOND regarding physical injury to his neck, back, spine, throat, face and generalized pain throughout his body, a Longwood Central School District employee took David to the office of an Assistant Principal.

81.   The school nurse had actual knowledge, or with the exercise of reasonable care as a registered nurse should have known, that Plaintiff DAVID EDMOND required immediate medical care and treatment, but no such care was offered, much less provided, and no attempt was made to call for an ambulance.

82.   Rather than provide medical care and treatment for the obviously injured Plaintiff DAVID EDMOND, Defendant Assistant Principal MELISSA CONLON attempted to obtain a statement from the Plaintiff about the incident. Plaintiff requested that his parents be notified and eventually they arrived at the Longwood Senior High School.

83.   Defendant Assistant Principal MELISSA CONLON told the Edmond family, the Plaintiffs herein, that they were required to give a statement to the Defendant LONGWOOD CENTRAL SCHOOL DISTRICT.

84.   Only after Plaintiff DAVID EDMOND gave a statement to Defendant Assistant Principal MELISSA CONLON did she call the School Nurse and provide ice and bandages for some of the injuries sustained by said Plaintiff.

85. At some point, Defendant Assistant Principal MELISSA CONLON and Defendant Principal MARIA I. CASTRO told the Plaintiffs that the Suffolk County Police Department had been called and the Plaintiffs requested the opportunity to speak to the Suffolk County Police Department. The Defendants denied their request.

86. That Defendant Director of School Safety JAMES PERROTTA cancelled the call to the Suffolk County Police Department.

## THE CONSPIRACY

87. After obtaining a statement from Plaintiff DAVID EDMOND, Defendant Assistant Principal MELISSA CONLON and Defendant Principal MARIA I. CASTRO told David and his parents that David would be punished and not allowed to attend the High School Prom or his High School Graduation and was suspended from school until further notice. Plaintiff was also threatened with criminal charges should he return to any of the Longwood Central School District facilities.

88. Rather than review the video and inquire into the use of deadly force by Defendant Security Guard SCOTT PALTROW aided and abetted by Defendant Security Guard JERRY CHAN and Defendant Assistant Principal SCOTT REESE, Defendant Principal MARIA I. CASTRO summarily imposed disciplinary action and punishment upon Plaintiff DAVID EDMOND because of his race, color and/or national origin.

89. Upon information and belief, Defendant Principal Mario I. Castro and Defendant Assistant Principal SCOTT REESE did formulate a plan to cover up the botched attempt to stop an otherwise peaceful senior prank that resulted in the targeting of African American students and the assault, battery and choking of Plaintiff David Edmond.

90. Although many students were in the hall and chanting, "Assh*le," and using cellphones in a manner which may have challenged school policy, Plaintiff DAVID EDMOND was not one of those students, nevertheless, he was singled out for disciplinary proceedings and administrative punishment because of his race, color and/or national origin.

91.    Defendant Assistant Principal Reese, Defendant Security Guard SCOTT PALTROW, and Defendant Security Guard JERRY CHAN targeted Plaintiff DAVID EDMOND on the basis of his race, color and/or national origin.

92.    Several white Caucasian students chanting, "Assh*le" were present in the hall at the same time as Plaintiff DAVID EDMOND, yet only the Plaintiff was targeted by Defendant Assistant Principal Reese and subjected to assault with deadly force by Defendant Security Guard SCOTT PALTROW and Defendant Security Guard JERRY CHAN, obviously on the basis of his race, color and/or national origin.

93.    Defendant Assistant Principal MELISSA CONLON told plaintiffs that a school video tape recorded by school security cameras was reviewed by Defendant MICHAEL R. LONERGAN who decided to summarily discipline and administratively punish Plaintiff DAVID EDMOND.

94.    The Edmond Family, plaintiffs herein, requested a copy of the school surveillance tape and their request was denied by Defendant Assistant Principal MELISSA CONLON, Defendant Assistant Principal BARBARA MERKLE, and Defendant Principal MARIA I. CASTRO.

95.    Immediately after the meeting with Defendant Principal MARIA I. CASTRO and Defendant Assistant Principal MELISSA CONLON, the Edmond Family, plaintiffs herein, attempted to speak to Defendant MICHAEL R. LONERGAN, but was told that he was unavailable to speak with them.

96.    Upon leaving the Longwood Senior High School building, Plaintiff TOM EDMOND and Plaintiff CAROL EDMOND brought their son, Plaintiff DAVID EDMOND to a hospital emergency room for medical care and treatment.

97.    Defendant Assistant Principal MELISSA CONLON, Defendant Assistant Principal BARBARA MERKLE, and Defendant Principal MARIA I. CASTRO told the Edmond Family, that the Suffolk County Police Department would address what happened to Plaintiff DAVID EDMOND, however, it appears that the Defendants never notified the Suffolk County Police Department about the incident.

98.    The Edmond Family were later contacted by Defendant MICHAEL R. LONERGAN who, in a telephone call said that Plaintiff DAVID EDMOND,

was to be summarily punished and could not attend his High School Senior Prom and would not be allowed to walk with his class and participate in graduation ceremonies.

99. Plaintiffs eventually learned that the Longwood Central School District never notified the Suffolk County Police Department.

100. The Edmond Family, did report the incident to the Suffolk County Police Department and the Suffolk County Police Department did conduct several interviews and obtain several sworn statements.

## THE CONSPIRACY AND COVER-UP

101. Defendant Assistant Principal MELISSA CONLON, Defendant Assistant Principal BARBARA MERKLE, and Defendant Director of School Safety JAMES PERROTTA conspired with and acted together with Defendant Assistant Principal SCOTT REESE to deny Plaintiff DAVID EDMOND, an African American citizen, the full and equal benefit and protection of all laws and proceedings for the security of persons and property as are enjoyed by white citizens.

102. That Defendant Assistant Principal MELISSA CONLON, Defendant Assistant Principal BARBARA MERKLE, and Defendant Director of School Safety JAMES PERROTTA conspired with and acted together with Defendant Assistant Principal SCOTT REESE to conceal and cover up the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND at the Longwood Senior High School on 4 June 2015.

103. That Defendant Assistant Principal MELISSA CONLON, Defendant Assistant Principal BARBARA MERKLE, and Defendant Director of School Safety JAMES PERROTTA conspired with and acted together with Defendant Assistant Principal SCOTT REESE to further the cover up of the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by imposing summary punishment upon said Plaintiff; commencing unjustified disciplinary proceeding against him; and coercing his parents into accepting such procedures by threatening to deny David Edmond of his earned right to graduate with his class, all of which actions by the Defendants denied Plaintiff DAVID EDMOND, an African American citizen, the full and equal benefit and protection of all

laws and proceedings for the security of persons and property as are enjoyed by white citizens.

104. Defendant Principal MARIA I. CASTRO did oversee a process that would deprive plaintiff DAVID EDMOND the fair and equal opportunity to obtain educational benefits and the benefits of the Longwood Senior High School disciplinary code of conduct in a fair and equal manner as Caucasian students.

105. That Defendant Assistant Principal SCOTT REESE, Defendant Principal MARIA I. CASTRO, Defendant Assistant Principal MELISSA CONLON, Defendant Assistant Principal BARBARA MERKLE and Defendant MICHAEL R. LONERGAN continued the racially discriminatory targeting of Plaintiff DAVID EDMOND by imposing summary punishment upon said Plaintiff and commencing an unjustified disciplinary proceeding against him; then coercing his parents into accepting such procedures by threatening to deny David Edmond of his earned right to graduate with his class, all of which actions by the Defendants denied Plaintiff DAVID EDMOND, an African American citizen, of all the benefits of a free and appropriate public education, one of the rights, privileges, and immunities subject to equal protection of the laws to the extent that such are enjoyed by white citizens attending Longwood Senior High School.

106. That Defendant Assistant Principal SCOTT REESE stated that "they all" came together to create said disciplinary referral.

107. That Defendant Director of School Safety JAMES PERROTTA and other security guards reporting to him and under his supervision and control conspired with Defendant Assistant Principal SCOTT REESE to conceal, the discriminatory conduct and actions against Plaintiff DAVID EDMOND and other African American students.

108. After the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND on June 4, 2015, Defendant Assistant Principal SCOTT REESE communicated with Defendant Director of School Safety JAMES PERROTTA and as a result, said Defendant Director of School Safety JAMES PERROTTA created a supplemental security form to conceal

and cover up the racially discriminatory actions against Plaintiff DAVID EDMOND and other black/African American students.

109. After the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND on June 4, 2015, Defendant Assistant Principal SCOTT REESE communicated with Defendant Principal MARIA I. CASTRO, Defendant Assistant Principal BARBARA MERKLE, Defendant Assistant Principal MELISSA CONLON, Defendant MICHAEL R. LONERGAN, and other Longwood Central School District administrators to bring disciplinary proceedings against Plaintiff DAVID EDMOND in order to conceal and cover up the racially discriminatory actions against Plaintiff DAVID EDMOND and other black/African American students.

110. After the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND on June 4, 2015, Defendant Assistant Principal SCOTT REESE met with Defendant Principal MARIA I. CASTRO, Defendant Assistant Principal BARBARA MERKLE, Defendant Assistant Principal MELISSA CONLON, Defendant MICHAEL R. LONERGAN, and other Longwood Central School District administrators to inform them that Defendant Security Guard SCOTT PALTROW had placed student David Edmond in a dangerous, life threatening, and wholly inappropriate chokehold in order to engage their help and cooperation in the effort to conceal and cover up the racially discriminatory actions against Plaintiff DAVID EDMOND and other black/African American students.

111. After the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND on June 4, 2015, Defendant Assistant Principal SCOTT REESE met with Defendant Principal MARIA I. CASTRO, Defendant Assistant Principal BARBARA MERKLE, Defendant Assistant Principal MELISSA CONLON, Defendant MICHAEL R. LONERGAN, and other Longwood Central School District administrators to inform them that a Longwood Senior High School teacher had to physically remove student David Edmond from the dangerous, life threatening, and wholly inappropriate chokehold Defendant Security Guard SCOTT PALTROW was using to hold said student down on the hall floor.

112. After the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND on June 4, 2015, Defendant Assistant Principal

SCOTT REESE met with Defendant Principal MARIA I. CASTRO, Defendant Assistant Principal BARBARA MERKLE, Defendant Assistant Principal MELISSA CONLON, Defendant MICHAEL R. LONERGAN, and other Longwood Central School District administrators to consider the nature of the punishment to be summarily imposed on Plaintiff DAVID EDMOND as a means of coercing his parents to allow said Defendants to conceal and cover up the racially discriminatory actions against Plaintiff DAVID EDMOND and other black/African American students.

113. In furtherance of a conspiracy, Defendant Principal MARIA I. CASTRO, Defendant Assistant Principal BARBARA MERKLE, Defendant Assistant Principal MELISSA CONLON, Defendant MICHAEL R. LONERGAN, and other Longwood Central School District administrators cooperated with or instructed Defendant JAMES PERROTTA and/or Defendant Assistant Principal SCOTT REESE to prevent plaintiff DAVID EDMOND from obtaining the assistance of Suffolk County Police Department.

114. As part of such coverup, Defendant JAMES PERROTTA did utilize special forms to detail the version of the events that Defendant Principal MARIA I. CASTRO, Defendant Assistant Principal BARBARA MERKLE, Defendant Assistant Principal MELISSA CONLON, Defendant Assistant Principal SCOTT REESE, Defendant MICHAEL R. LONERGAN, and other Longwood Central School District administrators wished to portray: that David Edmond was a bad student and a bad person who needed to be punished.

115. After the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND on June 4, 2015, Defendant Assistant Principal SCOTT REESE, Defendant Principal MARIA I. CASTRO, Defendant Assistant Principal BARBARA MERKLE, Defendant Assistant Principal MELISSA CONLON, Defendant MICHAEL R. LONERGAN, and other Longwood Central School District administrators conspired to conceal and cover up the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND because they knew, or should have known, that the Longwood Central School District could lose federal funding should they disclose the nature of the racially discriminatory conduct toward and disparate treatment of Plaintiff DAVID EDMOND and other African American student become known.

## SUMMARY DISCIPLINE AND SUSPENSION

116. On June 4, 2015, Defendant Assistant Principal SCOTT REESE did conspire with Defendant Principal MARIA I. CASTRO, Defendant Assistant Principal BARBARA MERKLE, Defendant Assistant Principal MELISSA CONLON, Defendant Director of School Safety JAMES PERROTTA, and other employees of Defendant LONGWOOD CENTRAL SCHOOL DISTRICT to single out Plaintiff DAVID EDMOND and at least one other African American student for disproportionate and unjust summary punishment and unfounded disciplinary proceedings as part of a conspiracy to conceal and cover up the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND.

117. Initially Plaintiff DAVID EDMOND was suspended from school for a period of five (5) days and was told he would be unable to partake in traditional senior activities, including his senior prom and graduation ceremonies pending a Superintendent's Hearing.

118. Defendant Assistant Principal SCOTT REESE communicated with Defendant MICHAEL R. LONERGAN to further the conspiracy to conceal and cover up the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND did formulate an agreement to further the racially discriminatory attack upon the Plaintiff and other African American students by punishing them with a suspension of more than five days that would necessitate a Superintendent's hearing and further deny them access to a free and appropriate public education.

119. After the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND on June 4, 2015, and in furtherance of the conspiracy to conceal and cover up the racially discriminatory actions perpetrated against Plaintiff DAVID EDMOND and other black/African American students, Defendant Principal MARIA I. CASTRO ignored pleas from students that David Edmond was physically assaulted and the subject of discrimination, said Defendant created a "file" that did not account for or include the statement from Longwood Teacher/Witness Bowlay-Williams exonerating David Edmond of any wrongdoing; the contemporaneous 911 phone calls and statements from Longwood

Senior High School students stating that David Edmond was assaulted by Defendant Assistant Principal SCOTT REESE and Defendant Security Guard SCOTT PALTROW.

120. Plaintiff TOM EDMOND and Plaintiff CAROL EDMOND were told by Defendant Assistant Principal MELISSA CONLON and Defendant Principal MARIA I. CASTRO that their son, Plaintiff DAVID EDMOND, could not participate in any further high school activities including graduation; that he could be expelled from Longwood Senior High School and that the expulsion would become part of his permanent scholastic record; and that he faced potential criminal charges should he continue to protest his innocence and proceed to a Superintendent's hearing.

121. As a result of these threats, Plaintiff TOM EDMOND and Plaintiff CAROL EDMOND were forced to retain an attorney and expend limited family resources to defend their son, Plaintiff DAVID EDMOND.

122. Upon information and belief, Defendant MICHAEL R. LONERGAN completely abdicated his duty to conduct the Superintendent's hearing of the fabricated charges against Plaintiff DAVID EDMOND and delegated his responsibility to a member of the law firm representing the Defendant LONGWOOD CENTRAL SCHOOL DISTRICT.

123. Upon information and belief, Defendant MICHAEL R. LONERGAN represented to the community and to other Longwood Central School District employees, students and parents that an investigation was to occur yet no investigation was conducted and none provided to the Edmond Family.

124. By counsel, in an effort to coerce the Edmond Family, plaintiffs herein, into silence regarding the actions of the Defendants, Defendants offered the Edmond Family, plaintiffs herein, a stipulation which provided that in consideration of a *nolo contendre* plea which was executed by the Defendant Longwood Central School District and the parents of Plaintiff DAVID EDMOND, the Plaintiff DAVID EDMOND would be allowed to participate in the Longwood Senior High School graduation ceremonies and the permanent record of Plaintiff DAVID EDMOND would

not contain notations concerning a suspension or expulsion, although the suspension would continue for the remainder of the School year.

125. Defendant Longwood Central School District, by its attorney, Christopher Powers, a member of the law firm, Ingerman Smith, made it known to counsel for the Edmond Family, plaintiffs herein, that he would not be allowed to view the school surveillance video and use it as evidence at the hearing and that the effects upon the student would be serous if he should lose at such a hearing.

126. In addition to Plaintiff DAVID EDMOND, two other African American men, classmates of Plaintiff, were suspended pending a Superintendent's hearing.

127. Such suspension impaired the ability of African American parents, Tom Edmond and Carol Edmond, to fairly and equally enjoy educational benefits similarly to those enjoyed by parents of Caucasian students.

128. A stipulation was offered to Carol Edmond and Tom Edmond and they were told that they had to sign it in or their son, plaintiff DAVID EDMOND would not be allowed to participate in the graduation ceremony marking the end of his time in High School. With no other alternative, they signed the stipulation.

129. Plaintiff DAVID EDMOND who was over the age of 18 did not sign the stipulation.

130. Such stipulation was a conscious effort to deny plaintiff DAVID EDMOND and other black/African American students, the educational benefits of Caucasian students at Longwood Senior High School.

131. Such stipulation and the disciplinary process upon which it was based is consistent with and part of the continued disproportionality of discipline experienced by black/African American students within Longwood Central School District.

132. Longwood Central School District was cited by government agencies for disproportionate disciplinary treatment of black/African American students on several consecutive years inclusive of the 2014–2015 school year.

133. Plaintiff DAVID EDMOND and two of his African American classmates were targeted for disciplinary action and punishment on the basis of their race, color and/or national origin.

## THE CAUSES OF ACTION

**134.** After the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND Defendants' denied Plaintiff DAVID EDMOND and later his parents, Plaintiff TOM EDMOND and Plaintiff CAROL EDMOND, access to emergency medical care, police services, and access to evidence.

### The First Cause of Action

### 42 U.S.C. §1983 MUNICIPAL LIABILITY

135. That Longwood Central School District is organized and exists under the provisions of the *Education Law* of the State of New York and is subject to the supervision and control of the New York State Department of Education, with the authority of the State of New York and its actions are as a state actor under color of state law.

136. Prior to June 4, 2015 and subsequently thereafter, Defendants have allowed, permitted, and tolerated a pattern and practice of unjustified, unreasonable and illegal use of force, abuse of authority by the security staff and security guards at Longwood Senior High School and unjustified disciplinary actions and punishment of non-Caucasian students by Administrators.

*137.* Prior to June 4, 2015 and subsequently thereafter, the practice of unjustified, unreasonable, improper, and illegal use of force such as chokeholds, and general abuse of authority by the security staff and security guards at Longwood Senior High School together with unjustified summary disciplinary actions and punishment of non- Caucasian students by Administrators were not effectively prevented or prosecuted and the perpetrators were not disciplined.

138. Defendants, jointly and severally, individually and collectively, denied Plaintiff DAVID EDMOND his human, civil, and constitutional rights, privileges and immunities on the basis of his race, color and/or national origin.

## The Second Cause of Action

## 42 U.S.C. §1983 VIOLATION: EXCESSIVE USE OF FORCE

139.  On 4 June 2015, Plaintiff DAVID EDMOND did not present a danger or threat to himself or anyone else at Longwood Senior High School.

140.  The Defendants, jointly and severally, individually and collectively, had a duty to assure the safety and security of Plaintiff DAVID EDMOND as well as all the other students enrolled in and attending the schools of the Longwood Central School District.

141.  The unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, and Defendant Security Guard JERRY CHAN which included subjecting him to a chokehold which caused him serious and permanent injury and damage constituted unreasonable and excessive force by state actors.

142.  That Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, Defendant Director of School Safety JAMES PERROTTA each knew, or should have known, that using force such as a chokehold presented a risk of harm to Plaintiff DAVID EDMOND, but they recklessly disregarded the safety of said Plaintiff by failing to take reasonable measures to minimize the risk of harm to the Plaintiff.

143.  The unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal Reese, Defendant Security Guard SCOTT PALTROW, and Defendant Security Guard JERRY CHAN and Defendant Director of School Safety JAMES PERROTTA which included subjecting him to a choke hold which caused him serious and permanent injury and damage.

144.  The unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND under color of state law by the Defendant Assistant Principal Reese, Defendant Security Guard SCOTT PALTROW, and Defendant Security Guard JERRY CHAN and Defendant Director of School Safety JAMES PERROTTA which included subjecting him to a

chokehold caused the plaintiff DAVID EDMOND serious and permanent injury and damage and violated his human, civil and Constitutional rights.

145. The unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal Reese, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN and  Defendant Director of School Safety JAMES PERROTTA which included subjecting him to a choke hold which caused him serious and permanent injury and damage was objectively unreasonable in light of the facts and circumstances confronting and was done with reckless and callous indifference to the outcome of their actions and with malice.

## The Third Cause of Action

## 42 U.S.C. §1983 DENIAL OF EQUAL PROTECTION

146. Plaintiff DAVID EDMOND is a member of a Constitutionally protected class by virtue of the fact that he is a black African American citizen and may not be subjected to purposeful discriminatory treatment directed against that identifiable class of which said Plaintiff is a member.

147. Plaintiff TOM EDWARD and Plaintiff CAROL EDMOND, the parents of Plaintiff DAVID EDMOND are also members of a Constitutionally protected class by virtue of the fact that they are each black African American citizens and may not be subjected to purposeful discriminatory treatment directed against that identifiable class of which said Plaintiffs are members based simply on membership in or identification with that class.

148. Plaintiff DAVID EDMOND as a black African-American man is the victim of purposeful discrimination directed at an identifiable class as the result of invidiously motivated selective application of facially lawful state regulations to said Plaintiff who, when compared with others similarly situated, was singled out and selectively mistreated by the Defendants herein.

149. That such selective mistreatment of plaintiff DAVID EDMOND was motivated by an intention to discriminate against him on the basis of impermissible considerations of color, race and/or national origin and

punish or inhibit the exercise of constitutional rights and/or motivated by a malicious or bad faith intent to injure said Plaintiff without any rational basis for the disparate treatment of and discrimination against said Plaintiff.

150. Defendants, jointly and severally, individually and collectively, lacked sufficient probable cause to hold, detain, or physically restrain Plaintiff DAVID EDMOND, to deprive him of medical care and treatment, to subject him to summary disciplinary action and punishment, and threaten him with further disciplinary action and summary punishment if he or his parents continued to challenge the improper actions of Defendants or any of them.

151. The unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal Reese, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN and Defendant Director of School Safety JAMES PERROTTA, which included subjecting him to a choke hold which caused him serious and permanent injury and damage; the deliberate and callous indifference of the Defendant Administrators to the use of excessive force, assault and battery upon the Plaintiff; the disregard of pleas from the Plaintiff for release from the illegal choke hold; the forcible detention of said Plaintiff and denial of immediate and necessary medical care and treatment followed by disciplinary action and summary administrative punishment were committed by the Defendants, jointly and severally, individually and collectively, under color of the law, but improperly based on race, color and/or national origin of the Plaintiff.

## The Fourth Cause of Action

## 42 U.S.C. §1983: FALSE ARREST/FALSE IMPRISONMENT

152. Defendants, jointly and severally, individually and collectively, intentionally restrained, confined, and restricted the liberty, mobility, and freedom of activity of Plaintiff DAVID EDMOND without his consent and without probable cause or justification and based upon his race, color and/or national origin violated the rights of said Plaintiff secured by the Fourth Amendment to the United States Constitution.

## The Fifth Cause of Action

## 42 U.S.C. §1983 AND NEW YORK LAW: ABUSE OF PROCESS

153. Defendants, jointly and severally, individually and collectively, employed practices under color of law to compel performance or forbearance of some act with intent to do harm without probable cause or justification, and in pursuit of collateral objectives that are outside the legitimate ends of the process all on account of the race, color and/or national origin of the Plaintiff DAVID EDMOND.

154. Defendants, jointly and severally, individually and collectively, employed practices under color of law to compel performance or forbearance of some act with intent to do harm without probable cause or justification, and in pursuit of collateral objectives that are outside the legitimate ends of the process all on account of the race, color and/or national origin of the Plaintiff TOM EDMOND and Plaintiff CAROL EDMOND.

## The Sixth Cause of Action

## 42 U.S.C. §1983: VIOLATION OF RIGHT TO BODILY INTEGRITY

155. By the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal Reese, Defendant Security Guard SCOTT PALTROW, and Defendant Security Guard JERRY CHAN which included subjecting him to a choke hold which caused him serious and permanent bodily injury and damage, Defendants, jointly and severally, individually and collectively, as state actors, was an act so egregious and so outrageous as to shock the contemporary conscience of the community and represented the exercise of power without any reasonable justification in the service of a legitimate governmental objective violated the human, civil, and Constitutional right of the Plaintiff to bodily integrity free from unjustifiable governmental interference.

156. Defendants, jointly and severally, individually and collectively, took unjustified disciplinary action against and imposed summary administrative punishment upon Plaintiff DAVID EDMOND and denied

said Plaintiff his fundamental civil, human and Constitutional right to
fundamental procedural fairness.

157. The actions of the Defendants, jointly and severally, individually and
collectively, as state actors complained of herein were done with callous
indifference to the outcome of their actions and with malice, all in
violation of 42 U.S.C. §1983.

## The Seventh Cause of Action

## 42 U.S.C. §1983: NEGLIGENT SUPERVISION; FAILURE TO SUPERVISE

158. Defendants, jointly and severally, individually and collectively, as state
actors, maintaining an educational institution acting *in loco parentis*
with regard to Plaintiff DAVID EDMOND had a duty to protect the health
and safety of Plaintiff and provide a safe and secure environment for
the Plaintiff and all of the students at Longwood Senior High School
without regard to race and/or national origin and assure that the
Plaintiff and other students could travel safely and without threat of
bodily harm throughout the premises of the school, particularly walking
the hallways.

159. That Defendant Longwood Central School District was the employer of
all the individual named Defendants and knew, or should have known,
of the propensity of certain Defendants for conduct such as the
unprovoked and unjustified violent assault and battery of Plaintiff
DAVID EDMOND by the Defendant Assistant Principal Reese, Defendant
Security Guard SCOTT PALTROW, Defendant Security Guard JERRY
CHAN, and Defendant Director of School Safety JAMES PERROTTA which
included subjecting him to a choke hold which caused him serious and
permanent injury and damage on and within the Longwood Senior High
School building.

160. Defendant Longwood Central School District by its Board of Education
and the chief executive officer of the District, Defendant MICHAEL R.
LONERGAN knew or should have known that racial tensions existed
within the District building as a result of longstanding District policies,
practices and neglect, and that the failure to establish appropriate

policies, practices and procedures for dealing with incidents arising out of racial tensions within District school buildings and then to properly implement such policies, practices and procedures through the considered actions of properly trained, supervised and managed employees would certainly result in depriving Plaintiff DAVID EDMOND of and denying said Plaintiff his human, civil, and constitutional rights and that Defendant LONGWOOD CENTRAL SCHOOL DISTRICT by its Board of Education had a non-delegable duty to establish appropriate policies and Defendant MICHAEL R. LONERGAN as Chief Executive Officer of the Longwood Central School District had a non-delegable duty to properly alert, educate, train, and supervise all employees of the Longwood Central School District in the fulfillment of their employment duties and obligations to eliminate the risk of harm to the Plaintiff and other African American students so unfortunate as to be similarly situated.

161.  Defendant Longwood Central School District by its Board of Education and the chief executive officer of the District, Defendant MICHAEL R. LONERGAN knew or should have known that racial tensions existed within the District building as a result of longstanding District policies, practices and neglect, and that the failure to establish appropriate policies, practices and procedures for dealing with incidents arising out of racial tensions within District school buildings and then to properly implement such policies, practices and procedures through properly trained, supervised and managed employees would certainly result in depriving and denying Plaintiff DAVID EDMOND of his human, civil, and constitutional rights and that said Defendants failed to make meaningful efforts to address the risk of harm to the Plaintiff.

162.  Defendants, jointly and severally, individually and collectively, were deliberately indifferent to the Constitutional rights of Plaintiff DAVID EDMOND and other African American students and such callous indifference was caused by an existing, unconstitutional institutional policy which can be fairly attributed to the Board of Education and implemented by its chief executive officer, Defendant MICHAEL R. LONERGAN.

163.  Defendants, jointly and severally, individually and collectively, knew, or should have known, about the complaints and concerns of students,

particularly African American students, about the use of excessive force by security staff and security guards at Longwood Senior High School.

164. Defendants, jointly and severally, individually and collectively, by virtue of their standing *in loco parentis* with respect to students in their care, custody and control, were required to protect the rights of all students at Longwood Senior High School to substantive due process, personal security, bodily integrity and the right to be free of the threat of violence and discriminatory disciplinary actions and summary administrative process by reason of their race and/or national origin.

165. Defendants, jointly and severally, individually and collectively, were reckless, careless, negligent, and/or deliberately indifferent in the hiring, employment, training, supervision and control of the security staff and security guards at the Longwood Senior High School and as a result, Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA were permitted to use unnecessary, excessive, and deadly force against Plaintiff DAVID EDMOND and as part of an inappropriate response and cover up, encourage Defendant Assistant Principal BARBARA MERKLE, Defendant Assistant Principal MELISSA CONLON, and Defendant Principal MARIA I. CASTRO together with Defendant MICHAEL R. LONERGAN to take unwarranted and inappropriate disciplinary action against and impose inappropriate and incommensurate administrative punishment upon Plaintiff DAVID EDMOND.

166. Defendants, jointly and severally, individually and collectively, were negligent and/or grossly negligent, careless and/or reckless, in failing to properly supervise security staff and security guards and in failing to properly train Administrators on the proper supervision, management, and control of security staff and security guards.

167. Defendants, jointly and severally, individually and collectively, were negligent and/or grossly negligent, careless and/or reckless, in failing to properly investigate the complaints and concerns of students, particularly African American students, about the use of excessive force by security staff and security guards at Longwood Senior High School

and thereby violated the rights of Plaintiff DAVID EDMOND secured under the Constitution of the United States and enforced under 42 U.S.C. § 1983.

## The Eighth Cause of Action

### 42 U.S.C. §1983: STATE CREATED DANGER/DUE PROCESS VIOLATION

168. By blocking the exits of the Longwood Senior High School building and attempting to physically stop large groups of students, specifically targeting black African American students, the Longwood Senior High School Administrators, teachers, and security staff and security guards created a dangerous condition for students entering and leaving the building.

169. Defendants, jointly and severally, individually and collectively, targeted African American students, particularly the plaintiff DAVID EDMOND and focused state action against those African American students.

170. By their actions, Defendants, jointly and severally, individually and collectively, placed Longwood Senior High School students, particularly the plaintiff DAVID EDMOND, in positions of danger, effectively stripping such students of their ability to defend themselves and creating a dangerous and hostile environment for the students particularly the black African American students.

171. Defendants, jointly and severally, individually and collectively, knew, or should have known, their actions with respect to the well-known and traditional "senior Prank" were dangerous.

172. But for the inappropriate actions of the Longwood Senior High School Administrators, teachers, security staff and security guards, Plaintiff DAVID EDMOND would not have become the victim of an unprovoked and unjustified violent assault and battery by the Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA.

173. Defendants, jointly and severally, individually and collectively, targeted African American students and focused state action against black African American students as opposed to white Caucasian students who utilized their cellular phones within the Longwood Senior High School building.

174. Defendants, jointly and severally, individually and collectively, deprived Plaintiff DAVID EDMOND and other African American students of their human, civil, and Constitutional rights by targeting such students for cellular phone policy violations, "mob" like behavior and chanting "asshole" when said Defendants knew, or should have known, that Plaintiff was not involved in any such actions but that many white Caucasian students were.

175. Defendants, jointly and severally, individually and collectively, knew, or should have known, that Defendant Assistant Principal Reese had assaulted Plaintiff DAVID EDMOND on prior occasions in flagrant violation of the human, civil, and Constitutional rights of said Plaintiff, but by ignoring those actions and making it clear that they would not be reported to the Suffolk County Police Department for possible arrest and prosecution and failing to conduct appropriate and effective administrative review and disciplinary proceedings, Defendant Longwood Central School District affirmatively signaled approval of conduct by school district employees that is likely to endanger the life, liberty or property of students.

176. On 4 June 2015, Defendants, jointly and severally, individually and collectively, as state actors created a dangerous environment, knew, or should have known, their actions and inappropriate lack of action created such a dangerous environment, and that such dangerous environment was the result of the authority exercised by said Defendants which created an opportunity that would not otherwise have existed for unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal Reese, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA to occur.

## The Ninth Cause of Action

## 42 U.S.C. §1983: "MONELL" CLAIM

177. Defendants, jointly and severally, individually and collectively, failed to adequately and properly train, supervise, manage, and control its security staff and security guards and Administrator in the use of reasonable force, and as a result Plaintiff DAVID EDMOND suffered an adverse action in pursuit of the free and appropriate public school education to which he is entitled by law as the result of an unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA.

178. Defendants, jointly and severally, individually and collectively, disproportionately employed unnecessary and inappropriate physical force against Plaintiff DAVID EDMOND and other African American students  and as a result said Plaintiff suffered an adverse action in pursuit of the free and appropriate public school education to which he was entitled by law.

179. Defendant Michael Lonergan was the chief executive decision maker of Longwood Central School District.

180. Defendant Michael Lonergan was responsible for policy and decision making at Longwood Central School District.

181. Defendant Michael Lonergan was the chief executive officer for the District with final authority over matters involving the exercise of discretion, and the decisions he makes represent government policy of the Longwood Central School District unless specifically modified or abrogated by the Board of Education.

182. Defendant MICHAEL R. LONERGAN individually and as part of a district wide policy of discrimination and denial of due process and equal protection to African American students, upon the referral of Defendant Principal MARIA I. CASTRO INITIATED and maintained disciplinary proceedings against and imposed summary administrative punishment upon Plaintiff DAVID EDMOND who was thereby caused to suffer an

adverse action in pursuit of his free and appropriate public school education.

183. That Defendant MICHAEL R. LONERGAN issued a public statement stating that the assault upon Plaintiff DAVID EDMOND would be investigated, but said Defendant failed to conduct any investigation and instead said Defendant referred the entire matter to an attorney for Defendant LONGWOOD CENTRAL SCHOOL DISTRICT.

184. Defendants, jointly and severally, individually and collectively, subjected Plaintiff DAVID EDMOND and other African American students to disparate treatment from that afforded similarly situated white Caucasian students enrolled in the Longwood Central School District.

185. Defendant MICHAEL R. LONERGAN failed to remediate the actions taken against Plaintiff DAVID EDMOND based upon his race, color, and/or national origin and which included the use of inappropriate and excessive force and inappropriate, unjust and unreasonable disciplinary actions and summary administrative punishment.

186. Defendant MICHAEL R. LONERGAN ordered the disciplinary proceedings against and summary administrative punishment of Plaintiff DAVID EDMOND, a black African American man as part of a cover up for the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA.

187. Defendants, jointly and severally, individually and collectively, knew, or should have known, that their employees would be required to confront violent students and students who were otherwise unruly and that failure to deal with such students promptly, properly and with proper regard and respect for the due process and equal protection rights of the students would cause injury and damage to the student and make it difficult to maintain the safe and secure learning environment to which all students are entitled as part of the legislatively mandated free and appropriate public school education.

188. Defendants, jointly and severally, individually and collectively, knew, or should have known, that there was no system or procedure in place for

reporting, investigating, or remediating incidents involving
harassment, excessive force, physical force and bias.

189. Defendants, jointly and severally, individually and collectively, knew, or
should have known, that it had no policy or guidelines for making a
*Violent and Disruptive Incident Report* (VADIR) under New York State
law.

190. Defendants, jointly and severally, individually and collectively,
maintained a deliberate indifference to the human, civil, and
constitutional rights of Plaintiff DAVID EDMOND and other African
American students.

## The Tenth Cause of Action
## 42 U.S.C. §1981

191. Defendant Longwood Central School District acting under color of state
law, did act and/or inappropriately fail to act to prevent abuses which
deprived Plaintiff DAVID EDMOND, an African American citizen of
African American heritage, and his parents, of rights, privileges and
immunities secured by the United States Constitution.

192. Defendant Longwood Central School District intended to purposely
discriminate against Plaintiff DAVID EDMOND and other African
American students on the basis of race.

193. Defendant Longwood Central School District knew, or should have
known, that Longwood Central School District had been cited by
government agencies for disproportionate disciplinary proceedings and
suspensions of black students and that Plaintiff DAVID EDMOND was a
black student.

194. Defendant Longwood Central School District by its agents, employees
and administrators acted to further the cover up of the unprovoked and
unjustified violent assault and battery of Plaintiff DAVID EDMOND by
allowing and facilitating imposing summary punishment upon said
Plaintiff; commencing an unjustified disciplinary proceeding against
him; and coercing his parents into accepting such procedures by

threatening to deny David Edmond of his earned right to graduate with his class, all of which actions denied Plaintiff DAVID EDMOND, an African American citizen, the full and equal benefit and protection of all laws and proceedings for the security of persons and property as are enjoyed by Caucasian citizens.

195. Defendant Longwood Central School District by its agents, employees and administrators acted to continue the racially discriminatory targeting of Plaintiff DAVID EDMOND by imposing summary punishment upon said Plaintiff; commencing unjustified disciplinary proceeding against him; and coercing his parents into accepting such procedures by threatening to deny David Edmond of his earned right to graduate with his class, all of which actions denied Plaintiff DAVID EDMOND, an African American citizen, of all the benefits of a free and appropriate public education, one of the rights, privileges, and immunities subject to equal protection of the laws to the extent that such are enjoyed by Caucasian citizens attending Longwood Senior High School.

196. Defendant Longwood Central School District by its agents, employees and administrators having the duty to do so and having the authority and power to do so, failed to properly and fairly investigate and review the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by their agents and employees, Assistant Principal Reese, Security Guard SCOTT PALTROW, Security Guard JERRY CHAN, and Director of School Safety JAMES PERROTTA which included subjecting him to a chokehold which caused him serious and permanent injury and damage, and the unjust and wrongful detention of said Plaintiff, as well as the improper and unjust disciplinary proceedings and summary punishment of said Plaintiff.

197. Defendant Longwood Central School District by its agents, employees and administrators by the actions and inappropriate lack of action of their agents, employees, and Administrators, denied and deprived the Plaintiffs of their human, civil and Constitutional rights, while motivated by illegal considerations of race, national origin and color.

## The Eleventh Cause of Action

## 42 U.S.C. §§1985, 1986:

### CONSPIRACY TO VIOLATE CIVIL RIGHTS AND FAILURE TO INTERVENE

198. Defendants, jointly and severally, individually and collectively, conspired to deprive Plaintiff DAVID EDMOND, a black African American man and a duly enrolled graduating senior at Longwood Senior High School of his rights under the Constitution of the United States and the manifestation of that conspiracy occurred with the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA which included subjecting him to a chokehold which caused him serious and permanent bodily injury and emotional damage and culminated with the unjust and improper disciplinary proceedings and summary administrative punishment of the Plaintiff.

199. That the conspiracy among the Defendants, jointly and severally, individually and collectively, was motivated by racial invidious discriminatory animus and all of said Defendants had knowledge of the wrongs perpetrated upon Plaintiff DAVID EDMOND and other African American students and had the power to prevent such wrongs from occurring but neglected to do so.

200. Defendants, jointly and severally, individually and collectively, failed to remedy and remediate the widespread indifference to racial injustice in the Longwood Central School District and such failure to intervene permitted Administrators and security staff and security guards to violate the clearly established human, civil, and Constitutional rights of Plaintiff DAVID EDMOND and other African American students.

201. It was objectively unreasonable for the Board of Education and its chief executive officer Defendant MICHAEL R. LONERGAN to believe that the conduct of the individual Defendants did not violate the clearly

established human, civil, and Constitutional rights of Plaintiff DAVID
EDMOND and other African American students.

202.  Defendants, jointly and severally, individually and collectively, did
intend and conspire to deprive Plaintiff DAVID EDMOND, a black African
American man and a duly enrolled graduating senior at Longwood
Senior High School and other African American students of his and
their human, civil, and Constitutional rights by means of a District-
wide pattern, practice, and widespread custom and/or policy of
discriminating against non-Caucasian students in discipline,
suspension and/or expulsion from school.

203.  Defendant Administrators had an affirmative duty to intervene to
protect the constitutional rights of Plaintiff DAVID EDMOND and other
African American students from infringement by other Defendants.

204.  Defendant Administrators, as agents of the Board of Education of the
Defendant Longwood Central School District, by failing to intervene
when they knew, or should have known, that the unprovoked and
unjustified violent assault and battery of Plaintiff DAVID EDMOND by the
Defendant Assistant Principal SCOTT REESE, Defendant Security Guard
SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant
Director of School Safety JAMES PERROTTA was a clear and unequivocal
violation of the human, civil, and Constitutional rights of said Plaintiff
together with the restraint and unjustifiable disciplinary proceedings of
the Plaintiff followed by the unjust administrative punishment of said
Plaintiff deprived Plaintiff DAVID EDMOND, a black African American
man and a duly enrolled graduating senior at Longwood Senior High
School and other African American students of his and their right to a
free and appropriate public education.

205.  Defendants, jointly and severally, individually and collectively, refused
to properly respond and act appropriately when the Edmond Family,
plaintiffs herein, demanded that charges be brought against the persons
responsible for the unprovoked and unjustified violent assault and
battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal
SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant
Security Guard JERRY CHAN, and Defendant Director of School Safety

JAMES PERROTTA which included subjecting him to a choke hold which caused him serious and permanent injury and damage.

206. That such action and inappropriate lack of action by said Defendants furthered their conspiracy to deprive Plaintiff DAVID EDMOND and other African American students of their human, civil, and Constitutional rights.

207. Defendants, jointly and severally, individually and collectively, engaged in a pattern, practice, and widespread custom and/or policy of discriminating against African American students in disciplinary proceedings and imposition of administrative punishment by charging and prosecuting African American students by reason of their color, race and/or national origin and failing to appropriately respond to allegations of racial discrimination.

208. Defendants, jointly and severally, individually and collectively, conspired to and did deprive the Plaintiff DAVID EDMOND and other African American students of their due process rights; specifically, by conspiring to unlawfully detain, summarily punish, humiliate, and subject said Plaintiff and other non-Caucasian students to physical and emotional pain and injury without reason, justification, or recognition of the rule of law.

209. Defendants, jointly and severally, individually and collectively, conspired to and did deprive the Plaintiff DAVID EDMOND and other African American students of their Constitutional rights through a conspiracy by and among Administrators and condoned, accepted, and facilitated by the Board of Education and its chief executive officer Defendant MICHAEL R. LONERGAN to cover up the misconduct of security staff and security guards and to deny Plaintiffs' redress for the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA which included subjecting him to a chokehold which caused him serious and permanent injury and damage.

## The Twelfth Cause of Action

## 42 U.S.C. § 2000-d: *CIVIL RIGHTS ACT* TITLE VI

210. Defendant LONGWOOD CENTRAL SCHOOL DISTRICT has demonstrated and continues to demonstrate patterns of racial/ethnic disproportionality in referrals for disciplinary actions.

211. There is a definite pattern of discrimination against Black students at Longwood Senior High School who are referred more often for disciplinary proceedings when compared to Caucasian students.

212. Black students are referred for disciplinary action at a rate that is disproportionate to their overall school enrollment and if not addressed will create a separate and profoundly unequal educational experience for Black students.

213. Upon information and belief, during the 2011–2015 school years the enrollment at Longwood Senior High School, on average, was 50% White, 20 % Black, and 20% Hispanic students.

214. Upon information and belief, of the nearly 10,000 referrals for disciplinary action which were made during the 2011–2015 school years, White students are *under-represented* in the count of such referrals and Black students are *over-represented* in the count of referrals for disciplinary actions while Hispanic students are nearly proportional with their enrollment.

215. At the Longwood Senior High School, Black students are at greater risk of referrals for disciplinary actions than White students.

216. By the 2014–15 school year, nearly 4 of every 10 Black students walking through the hallways of Longwood high school had been identified as having a discipline issue.

217. The likelihood of Black students receiving a discipline referral has continuously increased over the 2011–15 school years and is consistently above 50% and at times 90% higher than White and Asian students.

218. The following chart summarizes government gathered statistical data entitled

"Percentage of Behavioral Referrals and Consequences Count by Race/ethnicity 2011–15"



219. Defendant Longwood Central School District applied for and did receive funds from the federal government and the State of New York because of the attendance of Plaintiff DAVID EDMOND at the Longwood Senior High School and that said Plaintiff was a beneficiary of such funds.

220. Defendant Longwood Central School District through its agents, employees, and administrators treated Plaintiff DAVID EDMOND in a discriminatory manner and such mistreatment was intentional and so severe, pervasive, and objectively offensive that it deprived the plaintiff of access to a free and appropriate public school education.

221. Defendant Longwood Central School District created, facilitates, or allowed to continue a racially discriminatory environment and school environment hostile to African American students such as Plaintiff DAVID EDMOND, evidenced by the employment and lack of proper supervision and control of security staff and security guards and the lack of proper training, supervision and control of Administrators who permitted, condoned, and tolerated targeting of African American students by security staff and security guards, and fostering a culture of disparate treatment of African American students based on their race and/or national origin and which effectively deprived the plaintiff of access to a free and appropriate public school education.

222. Defendant Longwood Central School District, its Board of Education and their chief executive officer Defendant MICHAEL R. LONERGAN had actual knowledge of but were deliberately indifferent to the mistreatment of Plaintiff DAVID EDMOND and that it was based on his race and/or national origin thereby creating a hostile environment which effectively deprived the plaintiff of access to a free and appropriate Public school education.

223. The racially charged and hostile school environment created and permitted to exist and flourish by the Defendant Longwood Central School District was sufficiently pervasive throughout the Longwood Central School District to adversely affect the education of Plaintiff DAVID EDMOND and create a hostile and threatening educational environment where the threat of violent assault by security staff and security guards was ever present, and known to, condoned, tolerated, facilitated, and not remedied by Administrators at all levels of the Longwood Central School District and which effectively deprived the plaintiff of access to a free and appropriate public school education.

224. Defendant Longwood Central School District created, permitted, facilitated and certainly had actual direct knowledge of the environment of discrimination at Longwood Senior High School and throughout the Longwood Central School District directed against Plaintiff DAVID EDMOND and other African American students, by, among other overt examples, selectively and unevenly applying disciplinary rules, with more stringent standards for plaintiff and other African American students based on their race, color and/or national origin and by denying equal educational opportunities to African American students of color and/or based on race, color and/or national origin.

225. Defendant Longwood Central School District created and permitted to exist and flourish, a retaliatory educational setting against the Plaintiff DAVID EDMOND, by among other discriminatory and wrongful actions, removing educational tutoring and instruction, in retaliation the Edmond Family, plaintiffs herein, collective opposition to racial discrimination.

## PENDENT JURISDICTION

### The Thirteenth Cause of Action

## NEGLIGENCE

226. Defendants, jointly and severally, individually and collectively, had a duty to act reasonably and responsibly and not to act in a manner that would cause injury, harm, or the threat of harm to the Plaintiff DAVID EDMOND; not to subject said Plaintiff to unprovoked, assault, battery and excessive, and deadly force, wrongful and improper disciplinary proceedings, summary administrative punishment, forced detention and restriction of liberty and mobility, and other physical and psychological abuse; to act as careful and prudent custodians of the lives, health, and safety of the students entrusted to their care and custody *in loco parentis*, and not take any actions and not allow others to take any actions which would endanger the health, safety, or life of the Plaintiff or violate the and not using excessive force or otherwise violating the civil, human and Constitutional rights of said Plaintiff.

227. Defendants, jointly and severally, individually and collectively, were careless, negligent and reckless in protecting the health and safety of Plaintiff DAVID EDMOND by, among other derelictions of duty, failing to properly train, supervise, and control the actions of Defendants responsible for the unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA which included subjecting him to a choke hold which caused him serious and permanent injury and damage , and to properly investigate the attack, and discipline those responsible, although Defendants knew or with the exercise of due care and diligence in their duties to the Plaintiff should have known, of the ongoing and constant potential for such actions by the security staff and security guards.

## The Fourteenth Cause of Action

### ASSAULT AND BATTERY

228. Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, AND DEFENDANT ASSISTANT PRINCIPAL SCOTT REESE participated in an unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND which included subjecting him to a choke hold which caused him serious and permanent injury and damage.

229. Defendant Assistant Principal MELISSA CONLON, Defendant Assistant Principal BARBARA MERKLE, and Defendant Principal MARIA I. CASTRO illegally and unlawfully restrained and detained Plaintiff DAVID EDMOND Plaintiff, ignored his pleas for medical care and his need for immediate medical treatment, unreasonably and improperly withheld and/or refused to provide medical care to said Plaintiff.

## The Fifteenth Cause of Action

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

230. Defendants, jointly and severally, individually and collectively, acted outrageously and beyond the bounds of decency in allowing, permitting, and facilitating an unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA which included subjecting him to a choke hold which caused him serious and permanent injury and damage; illegally and unlawfully restraining and detaining said Plaintiff; ignoring his pleas for medical care and his need for immediate medical treatment; unreasonably and improperly withholding and/or refusing to provide medical care to said Plaintiff and then attempting to conceal and cover up their wrongdoing by means of an improper disciplinary proceeding and imposition of administrative punishment causing the Plaintiff DAVID EDMOND to suffer pain, shame, humiliation and anguish.

231. Defendants, jointly and severally, individually and collectively, knew or should have known, that their reprehensible, extreme, and outrageous

conduct against Plaintiff DAVID EDMOND would cause emotional and physical harm to said Plaintiff and his parents.

## The Sixteenth Cause of Action

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

232. Defendants, jointly and severally, individually and collectively, acted outrageously and beyond the bounds of decency in allowing, permitting, and facilitating an unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, and Defendant Director of School Safety JAMES PERROTTA which included subjecting him to a choke hold which caused him serious and permanent injury and damage; illegally and unlawfully restraining and detaining said Plaintiff; ignoring his pleas for medical care and his need for immediate medical treatment; unreasonably and improperly withholding and/or refusing to provide medical care to said Plaintiff and then attempting to conceal and cover up their wrongdoing by means of an improper disciplinary proceeding and imposition of administrative punishment causing the Plaintiff DAVID EDMOND to suffer pain, shame, humiliation and anguish.

233.  Defendants, jointly and severally, individually and collectively, knew or should have known, that their reprehensible, extreme, and outrageous conduct against Plaintiff DAVID EDMOND would cause emotional and physical harm to said Plaintiff and his parents.

234. Defendants, jointly and severally, individually and collectively, knew or should have known that Plaintiff DAVID EDMOND was guilty of no wrongdoing, but nevertheless, had knowledge or should have had knowledge that their unfair, unjust, and initiation of disciplinary proceedings and imposition of administrative punishment would cause emotional and physical harm to the Plaintiff and his parents, by causing David to relive the horror of the time he was held in a choke hold and slowly being strangled, and the entire Edmond Family, plaintiffs herein, to suffer through unjustified District administrative procedures based upon false representations, all the while being led to believe by representations of Administrators that the Suffolk County

Police Department was investigating and justice would be done when in fact the District Administration had never reported the incident or forwarded the complaints of the Edmond Family, plaintiffs herein, to the Suffolk County Police Department as they should have.

## PERSONAL INJURY AND DAMAGE

235. The unprovoked and unjustified violent assault and battery of Plaintiff DAVID EDMOND by the Defendant Assistant Principal SCOTT REESE, Defendant Security Guard SCOTT PALTROW, Defendant Security Guard JERRY CHAN, AND DEFENDANT ASSISTANT PRINCIPAL SCOTT REESE which included subjecting him to a choke hold which caused him serious and permanent injury and damage, together with the actions of the Defendants, jointly and severally, individually and collectively, after the assault forcibly and unlawfully deprived said Plaintiff of his freedom, subjected him to fear and terror, personal humiliation, degradation, physical pain, and mental and emotional distress.

236. As a consequence of the wrongful actions, intentional, negligent, and reckless behavior, by the Defendants, jointly and severally, individually and collectively, and their violations of state and federal laws Plaintiff DAVID EDMOND was deprived of his freedom, suffered physical injuries, pain and suffering, and was subjected to fear and terror as he was being held in a potentially lethal choke hold.

237. As a direct and proximate result of the wrongful actions and inappropriate lack of action by the Defendants, jointly and severally, individually and collectively, Plaintiff DAVID EDMOND suffered injury and damages, including loss of educational and academic opportunities, mental and emotional distress, emotional and psychological harm, possible stunting of developmental growth, loss of self-esteem, severe anxiety, physical injuries, trauma, depression, loss of academic and future opportunities, public stigma, personal humiliation, social degradation,  and loss of the valuable and priceless educational well-being as a child.

238. As a direct and proximate result of the wrongful actions and inappropriate lack of action by the Defendants, jointly and severally, individually and collectively, Plaintiff DAVID EDMOND suffered

emotional injury and damages with psychological and physical symptoms manifesting therefrom, including physical manifestation of symptoms of anxiety, night terrors, sleep disturbances and grief.

239. As a direct and proximate result of the wrongful actions and inappropriate lack of action by the Defendants, jointly and severally, individually and collectively, Edmond Family, plaintiffs herein, suffered emotional and physical distress from seeing eye witness cell phone videos of Plaintiff DAVID EDMOND being nearly choked to death by Defendant Security Guard SCOTT PALTROW and Defendant Security Guard JERRY CHAN, yet being denied the opportunity to view school surveillance video tape footage which would have exonerated Plaintiff DAVID EDMOND from the disciplinary charges brought by Defendants and prevented the humiliating and degrading summary administrative punishment imposed on said Plaintiff by Defendant MICHAEL R. LONERGAN.

## DAMAGES FROM RACIAL AND ETHNIC DISCRIMINATION

240. These patterns of discrimination represent significant limitations upon the educational progress of the Black student population at Longwood Central School District including short and long-term negative effects such as exclusion from consistent exposure to core curriculum; predisposition to additional behavioral referrals; special education classification; and exposure to the juvenile justice system.

241. There is a strong association between race and discipline referrals and suspension patterns and, more importantly, that this relationship has detrimental effects.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs David Edmonds, his mother Carol Edmonds, and his father Tom Edmonds demand judgment against the Defendants, jointly and severally, individually and collectively,

DECLARING that the actions and/or lack of proper action by Defendants, jointly and severally, individually and collectively, cloaking themselves with the mantle of the public education system of the State of New York and exercising all the powers of an educational institution violated the

civil rights of African American Longwood Central School District students by disproportionate discipline including but not limited to the school suspensions of African American students such as the Plaintiff DAVID EDMOND;

DECLARING that the actions and/or lack of proper action by Defendants, jointly and severally, individually and collectively, cloaking themselves with the mantle of the public education system of the State of New York and exercising all the powers of an educational institution violated the civil rights of African American Longwood Central School District students by utilization of corporal punishment and unnecessary force against African American students within the school district such as the Plaintiff DAVID EDMOND;

DIRECTING and imposing a mandate upon the Defendant Longwood Central School District requiring said Defendant to correct all past violations of federal and state law;

RESTRAINING Defendants, jointly and severally, individually and collectively, from continuing to violate federal and state laws;

PROVIDING such other and further equitable relief as may be appropriate under the circumstances;

APPOINTING an independent monitor and/or receiver to supervise and monitor the efforts of Defendant Longwood Central School District to remedy past injustices against and disparate treatment of African American students and ensure that all African American students receive the free and appropriate public education to which they are entitled as a matter of right under the Constitution and laws of the United States and the State of New York;

AWARDING just compensation to the Plaintiffs as appropriate general and compensatory damages in an amount to be determined at trial;

AWARDING appropriate punitive damages sufficient to deter other public school administrators and employees from acting against African American student in a reprehensible manner similar to the way said Defendants acted against Plaintiff DAVID EDMOND as described herein;

**AWARDING,** pursuant to 42 U.S.C. §1988, fair and reasonable attorneys' fees together with the costs and disbursements and reimbursement of all the expenses incurred by the Plaintiffs and their attorneys in the prosecution of this action of this action;

All together with such other and further relief as to this Court shall seem just and proper under the circumstances.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK**

**A JURY TRIAL IS HEREBY DEMANDED**

DATED AT : Dix Hills, New York
12 July 2018

-------------------------------

CORY H. MORRIS (CM 5225)

THE LAW OFFICES OF CORY H.
MORRIS
*Attorney for the Plaintiffs*
Office & P.O. Address
33 Walt Whitman Rd, *suite* 310
Dix Hills, New York 11749
Phone: (631) 450–2515
FAX: (631) 223–7377
Email Cory.H.Morris@protonmail.com

VICTOR JOHN YANNACONE, JR.
(VY6405)
*of counsel*
Phone: (631) 470–0231
Email barrister@yannalaw.com

To:   Lewis R. Silverman (LS 9723)
Caroline B. Lineen (CL 0630)
SILVERMAN & ASSOCIATES
445 Hamilton Avenue, *Suite 1102*
White Plains, New York 10601
(914) 574-4510

# VERIFICATION

State of New York
County of Suffolk } ss:

DAVID EDMOND, TOM EDWARD, and CAROL EDMOND, each severally being duly sworn, deposes and says that they and each of them are the Plaintiffs in the within action and that they have read the foregoing amended complaint and that the allegations of fact contained therein are true except as to those portions therein stated to be alleged upon information and belief, and as to those allegations each of us believes them to be true.

s/_David Edmond_/s
_____
DAVID EDMOND

s/_Tom Edmond_/s
_____
TOM EDMOND

s/_Carol Edmond_/s
_____
CAROL EDMOND

Sworn on this 12th
day of July 2018

_____